UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| SHILPI KAVRA, Individually and on behalf of all others similarly situated,<br><br>      Plaintiff,<br><br>  v.<br><br>HEALTH INSURANCE INNOVATIONS, INC., PATRICK R. MCNAMEE, GAVIN D. SOUTHWELL, and MICHAEL D. HERSHBERGER,<br><br>      Defendants. | Case No.: 8:17-cv-02186-EAK-MAP |
| MICHAEL VIGORITO, Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>HEALTH INSURANCE INNOVATIONS, INC., GAVIN D. SOUTHWELL, and MICHAEL D. HERSHBERGER,<br><br>Defendants. | Case No.: 8:17-cv-02845-EAK-JSS |
| CIOE INVESTMENTS INC., Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>HEALTH INSURANCE INNOVATIONS, INC., GAVIN D. SOUTHWELL, and MICHAEL D. HERSHBERGER,<br><br>Defendants. | Case No.: 8:17-cv-02980-SDM-AAS |

## PRESUMPTIVE LEAD PLAINTIFF ROBERT RECTOR'S MOTION FOR CONSOLIDATION OF RELATED ACTIONS

Robert Rector ("Mr. Rector" or "Movant") respectfully moves this Court for an order consolidating all related actions pursuant to Federal Rule of Civil Procedure 42(a). Presently pending in this district are three securities class action lawsuits (the "Related Actions") brought on behalf of persons who purchased or otherwise acquired securities of Health Insurance Innovations, Inc. ("HIIQ" or the "Company"):

| CASE NAME | CASE NO.[1] |
|---|---|
| *Kavra v. Health Insurance Innovations, Inc.* et al | 8:17-cv-02186-EAK-MAP |
| *Vigorito v. Health Insurance Innovations, Inc.* et al | 8:17-cv-02845-EAK-JSS |
| *Cioe Investments Inc. v. Health Insurance Innovations, Inc.* et al | 8:17-cv-02980-SDM-AAS |

As set forth herein, the Related Actions should be consolidated because they each involve similar issues of law and fact. *See* Fed. R. Civ. P. 42(a).

## MEMORANDUM

Under Rule 42(a), consolidation is appropriate when the actions involve common questions of law or fact.[2] *See* Fed. R. Civ. P. 42(a); *see also* Manual for Complex Litigation §20.123, at 13-14 (3d ed. 1995). Courts recognize that class action shareholder suits, in particular, are ideally suited to consolidation pursuant to Rule 42(a) because their unification expedites pretrial proceedings, reduces case duplication and minimizes the expenditure of time

---

[1] *Vigorito* was first filed in the U.S. District Court for the Southern District of New York, while *Cioe* was initially filed in U.S. District Court for the Eastern District of New York. *Vigorito* and *Cioe* have since been transferred to this District.

[2] Defendants' December 12, 2017 Amended Motion for Transfer of Related Cases (ECF No. 28) similarly recognizes that the Related Actions should be consolidated. *Id.* at 2 ("There are numerous common questions of fact and law in these cases, such as whether Defendants violated Sections 10(b) and 20(a) of the Securities Exchange Act and Rule 10b-5 promulgated thereunder and whether Plaintiffs have sufficiently pleaded a strong inference of scienter pursuant to the Private Securities Litigation Reform Act ("PSLRA").).

and money by all persons concerned. *See Newman v. Eagle Bldg. Techs.*, 209 F.R.D. 499, 502 (S.D. Fla. 2002). The Related Actions assert claims against HIIQ and certain of its officers for violations of §§10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act"), and Securities and Exchange Commission ("SEC") Rule 10-5, 17 C.F.R. §240.10b-5.[3]

Plaintiffs in the Related Actions allege that HIIQ made misleading statements and/or failed to disclose material information in its 2Q17 10-Q Report and its 2Q17 8-K Report regarding the status of their TPA license in Florida. Similarly, all plaintiffs allege that when the truth was finally brought to light by a stock news website on September 11, 2017, HIIQ's stock price fell from $29.90 to $23.35 for a decline of 22%. Hence, the Related Actions present virtually identical factual and legal issues – each alleges violations of §§10(b) and 20(a) of the Exchange Act and SEC Rule 10b-5 and each names nearly identical defendants.[4] Because these Related Actions are based on the same facts and involve the same subject matter, the same discovery will be relevant to all lawsuits. *See Newman*, 209 F.R.D. at 502. Thus, consolidation is appropriate, and Mr. Rector respectfully requests that the Court consolidate the Related Actions pursuant to Fed. R. Civ. P. 42(a).[5]

## LOCAL RULE 3.01(G) CERTIFICATION

Undersigned counsel for Mr. Rector has contacted counsel for Defendants. Defendants do not oppose the motion to consolidate, but do not consent that the case should remain assigned to the assigned Court, the Hon. Elizabeth A. Kovachevich.

---

[3] As set forth in Mr. Rector's Statement of Unopposed Motion (ECF No. 25), pursuant to the PSLRA, the Court must first decide whether to consolidate the Related Actions prior to selecting a plaintiff to lead this litigation on behalf of the putative class. *See* 15 U.S.C. §78u-4(a)(3)(B)(ii); *Vincelli v. Nat'l Home Health Care Corp.*, 112 F. Supp. 2d 1309, 1313 (M.D. Fla. 2000).

[4] Patrick McNamee is named as a Defendant in the *Kavra* action alone.

[5] As provided in the [P]roposed Order Consolidating Related Actions filed herewith, the consolidated action should be captioned "*In re Health Insurance Innovations Securities Litigation*," and the file should be maintained under Master File No. 8:17-cv-02186-EAK-MAP.

Dated:  December 13, 2017.                    Respectfully submitted,


                                                      By:  /s/ *Ramzi Abadou*

RAMZI ABADOU
(California Bar #222567)
(admitted *pro hac vice*)
ramzi.abadou@ksfcounsel.com
KAHN SWICK & FOTI, LLP
912 Cole Street, # 251
San Francisco, CA 94117
Telephone:  504-455-1400
Facsimile:  504-455-1498

*Counsel for Robert Rector and
Proposed Lead Counsel for the Class*

DAVID J. GEORGE
Florida Bar No.: 898570
dgeorge@gunster.com
GUNSTER, YOAKLEY & STEWART, P.A.
777 South Flagler Drive
Suite 500 East
West Palm Beach, FL 33401
Telephone:  561-655-1980
Facsimile:  561-655-5677

*Proposed Liaison Counsel for the Class*

3

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served on this 13th day of December 2017 on all counsel of record by using the CM/ECF system.

/s/ Ramzi Abadou
Attorney