UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SHILPI KAVRA, Individually and on
Behalf of All Others Similarly Situated,,

    Plaintiff,

v.                                          Case No: 8:17-cv-2186-T-17MAP

HEALTH INSURANCE INNOVATIONS,
INC., PATRICK R. MCNAMEE, GAVIN D.
SOUTHWELL, and MICHAEL D.
HERSHBERGER,

    Defendants.
_____

## ORDER GRANTING MOTION TO CONSOLIDATE CASES

Before the Court is a motion to consolidate three related cases: (1) 8:17-cv-02186-EAK-MAP, (2) 8:17-cv-02845-EAK-JSS, and (3) 8:17-cv-2980-EAK-AAS. *Motion*, Doc. No. 30. The Defendants do not oppose the request to consolidate the cases. *Notice*, Doc. No. 32. After review, the motion to consolidate the three cases is **GRANTED**.

I.    **Issue and Conclusion**

Under Rule 42(a), Fed. R. Civ. P., the Court is authorized to consolidate separate actions pending before the Court if they involve common questions of law or fact. Fed. R. Civ. P. 42(a). While the Court's decision to consolidate pending actions is discretionary, the Court must consider whether consolidation would lead to prejudice and possible confusion, unfair burdens on the parties and witnesses, an undue length of time to resolve a consolidated case, and the relative expense to all named parties. *Hendrix v. Raybestos-Manhattan, Inc.*, 776 F.2d 1492, 1495 (11th Cir. 1985). After review, and giving all parties in all three cases the opportunity to lodge objections to consolidating the

cases, the Court finds it appropriate to exercise its discretion and order all three actions consolidated.

## II. Analysis

The Eleventh Circuit has instructed that Rule 42(a) codifies the trial court's inherent managerial power to control this disposition of cases on its docket with economy of time and effort for itself, counsel, and the litigants. *Id.* Indeed, our appellate court has encouraged the use of Rule 42(a) to expedite the resolution of cases and to eliminate unnecessary repetition and confusion during the pendency of cases. *Id.*

Each of the three actions are predicated on claims that the Defendants violated provisions of the Securities Exchange Act of 1934 and Securities and Exchange Commission rules. A review of the each relevant complaint demonstrates to the Court's satisfaction that similar factual and legal issues must be adjudicated in each case. Accordingly, after careful review of the three relevant complaints, the Court makes the following findings:

1. The specifics risks of prejudice and possible confusion possibly arising from consolidation are not overborne by the risk of inconsistent adjudications of common factual and legal issues;

2. Consolidation of the cases will lessen the burden on the parties, witnesses, and the judiciary;

3. Consolidation will reduce the time to conclude the factual and legal questions presented to the Court for resolution, and

4. Consolidation will expedite pretrial proceedings, reduce case duplication, and minimize the expenditure of time and money by all of the litigants.

Here the absence of any objection to motion to consolidate augurs in favor of consolidation. In case 8:17-cv-02845 and case 8:17-cv-2980, the moving plaintiff filed a notice of the motion to consolidate the case pursuant to Local Rule 1.04(c). *See Notice*, Doc. No. 31 (filed 12/13/2017 in case 17-cv-02980) and *Notice*, Doc. No. 30 (filed 12/15/2017 in case 17-cv-2845). In case 17-cv-2980 and case 17-cv-2845, the Court offered any plaintiff the opportunity to file a written objection to the motion to consolidate, and informed the parties that if no objections were received on or before December 22, 2017, then the Court would consider the motion to consolidate unopposed. No objections were received by the Court.

Indeed, the entirety of the case history to this date suggests that the parties believed that consolidation was appropriate. For example, in case 17-cv-2845, the parties represented to the original district judge in the Southern District of New York that it was anticipated that the three pending actions would be consolidated and that a consolidated complaint would be filed. *See USDJ Pauley Order*, Doc. No. 17 (filed in case 17-cv-2845). The same representation was made in case 17-cv-2980 as a grounds to transfer the case to this Court from the Eastern District of New York. *See USDJ Gershon Order*, Doc. No. 22 (filed in case 17-cv-2980).

In conclusion, the three cases pending before the court are perfect candidates for Rule 42(a) consolidation. Therefore, the motion to consolidate is granted.

## III.  Conclusion

Without objection from any party, the motion to consolidate (Doc. No. 30) is **GRANTED**. The Court orders that the actions listed under case numbers (1) 8:17-cv-02186-EAK-MAP, (2) 8:17-cv-02845-EAK-JSS, and (3) 8:17-cv-2980-EAK-AAS are **CONSOLIDATED** under **MASTER CASE NUMBER** 8:17-cv-02186-EAK-MAP. The

Clerk is directed to change the caption of the consolidated case to "In re Health Insurance Innovations Securities Litigation."

The Court **FURTHER ORDERS**, on or before the 14th day after the date of this order, all plaintiffs to confer to determine which plaintiff should be selected as lead plaintiff in the consolidated case. If no agreement can be obtained, any party seeking to be selected as lead plaintiff shall file a motion for appointment as lead plaintiff on or before January 25, 2018.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida this 28 day of December, 2017.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record

4