UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SHILPI KAVRA, individually and on behalf of
all other similarly situated,

    Plaintiff,

v.

Case No.: 8:17-cv-2186-EAK-MAP

HEALTH INSURANCE INNOVATIONS, INC., PATRICK R. McNAMEE, and GAVIN D. SOUTHWELL, and MICHAEL D. HERSHBERGER,

    Defendants.

## ORDER

Presently pending before the Court in this consolidated action is proposed lead plaintiff Robert Rector's Motion for Appointment as Lead Plaintiff and Approval of His Selection of Lead Counsel and Liaison Counsel ("Motion") (Doc. 19). The Court has carefully considered the Motion and pertinent portions of the record. The Motion is **GRANTED**.

**I.   Background**

This lawsuit, captioned *Shilpi Kavara v. Health Insurance Innovations, Inc., Patrick R. McNamee, Gavin D. Southwell, and Michael D. Hershberger*, Case No.: 8:17-cv-2186-EAK-MAP, was filed in the United States District Court for Middle District of Florida, Tampa Division, and assigned to this Court on September 21, 2017. It is one of three related actions[1] that were consolidated by the Court on December 28, 2017. *See* (Doc. 37).

---

[1] *See Vigorito v. Health Insurance Innovations, Inc., Gavin D. Southwell, and Michael D. Hershberger*, Case No.: 1:17-cv-2845-EAK-JSS (originally filed in the United States District Court for the Southern District of New York on September 13, 2017 and

Case No.: 8:17-cv-2186-EAK-MAP

The consolidated actions seek class-wide relief on behalf of those individuals and entities who purchased or otherwise acquired the publicly traded shares of Defendant Health Innovations, Inc. ("HIIQ") common stock between March 4, 2016 and September 11, 2017 ("Class Period").[2] *See* (Doc. 1, at ¶1); *Vigorito*, Case No.: 1:17-cv-2845-EAK-JSS, (Doc. 1, at ¶1); *Cieo*, Case No.: 1:17-cv-2980-EAK-AAS, (Doc. 1, at ¶1). HIIQ is a developer, distributor, and administrator of cloud-based individual health and family insurance plans and supplemental products. *See* (Doc. 1, at ¶6); *Vigorito*, Case No.: 1:17-cv-02845-EAK-JSS, (Doc. 1, at ¶2); *Cieo*, Case No.: 1:17-cv-2980-EAK-AAS, (Doc. 1, at ¶7). Plaintiffs allege that HIIQ and certain of its officers and directors (collectively, "Defendants") violated Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 ("SEA") and Securities and Exchange Commission Rule 10b-5 by disseminating false and misleading information to the investing public. *See* (Doc. 1, at ¶¶2, 22); *Vigorito*, Case No.: 1:17-cv-02845-EAK-JSS, (Doc. 1, at ¶¶1, 4); *Cieo*, Case No.: 1:17-cv-2980-EAK-AAS, (Doc. 1, at ¶¶2, 18). Specifically, Plaintiffs assert that Defendants made false and/or misleading statements and/or failed to disclose that: (1) HIIQ had unsuccessfully applied for its third-party administrators ("TPA") licensure ("TPA Application") with the Florida

---

transferred to the United States District Court for the Middle District of Florida, Tampa Division, on November 27, 2017, with subsequent reassigned to this Court on November 28, 2017); *Cioe Investments, Inc. v. Health Insurance Innovations, Inc., Gavin D. Southwell, and Michael D. Hershberger,* Case No.: 1:17-cv-2980-EAK-AAS (originally filed in the United States District Court for the Eastern District of New York on September 11, 2017 and transferred to the United States District Court, Middle District of Florida, Tampa Division, on December 12, 2017, with subsequent reassignment to this Court on December 14, 2017).

[2] The *Vigorito* and *Cioe* actions allege a shorter proposed class period, spanning August 2, 2017 through September 11, 2017. *See Vigorito*, Case No.: 1:17-cv-02845-EAK-JSS, (Doc. 1, at ¶1); *Cieo*, Case No.: 1:17-cv-2980-EAK-AAS, (Doc. 1, at ¶1).

Case No.: 8:17-cv-2186-EAK-MAP

Office of Insurance Regulation ("FOIR"); (2) HIIQ was intentionally omitting material information and disregarding the FOIR's instruction to complete the TPA Application; (3) HIIQ's TPA Application had been denied, adversely affected existing other licenses and future applications; (4) this denial by the FOIR was substantially harming HIIQ's ability to conduct its core business; and (5) as a result, HIIQ's public statements were materially false and misleading.  See (Doc. 1, at ¶22); *Vigorito*, Case No.: 1:17-cv-02845-EAK-JSS, (Doc. 1, at ¶4); *Cieo*, Case No.: 1:17-cv-2980-EAK-AAS, (Doc. 1, at ¶18).

In putative class actions brought under the SEA, as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), the plaintiffs are required to publish a notice advising members of the purported class "of the pendency of the action, the claims asserted therein, and the purported class period[.]"  15 U.S.C. § 78u-4(a)(3)(A)(i)(I).  The notice is also required to inform members of their right to file, within 60 days of the notice, a motion to serve as lead plaintiff of the purported class.  *Id.* at § 78u-4(a)(3)(A)(i)(II).  In the instant case, that notice was timely published in *BusinessWire* on September 11, 2017, See (Doc. 20, at "Exhibit C'"), making the deadline for members to file their respective motions November 13, 2017.[3]

Several putative class members timely filed motions for appointment as lead plaintiff in the three now-consolidated cases (collectively, "Movants").  See (Doc. 16, 19); *Vigorito*, Case No.: 8:17-cv-2845-EAK-JSS, (Doc. 7, 10); *Cieo*, Case No.: 8:17-cv-2980-EAK-AAS, (Doc. 5, 6, 8, 10).  Since the filing of those motions, however, all of the

---

[3] As noted by proposed lead plaintiff Robert Rector in his memorandum in support of his Motion, the actual deadline fell on Friday, November 10, 2017. See (Doc. 21, at 3). However, this Court observed Veterans' Day on that date. Therefore, pursuant to Rule 6 of the Federal Rules of Civil Procedure, the deadline then became Monday, November 13, 2017. See Fed. R. Civ. P. 6(a)(1)(C), (a)(6)(A).

proposed lead plaintiffs, besides Rector, have either withdrawn their lead plaintiff motions or otherwise indicated that they do not oppose Rector's Motion. *See* (Doc. 24, 39); *Cieo*, Case No.: 17-cv-2980-EAK-AAS, (Doc. 19). Defendants have also indicated that they do not oppose Rector's Motion. *See generally* (Doc. 32). Thus, because there are no other putative class members who timely filed motions for appointment as lead plaintiff, and because the deadline to do so has now expired, Rector's Motion is, for all purposes, unopposed.

## II. Discussion

When appointing a lead plaintiff, the PSLRA requires that the Court appoint the "most adequate plaintiff." 15 U.S.C. § 78u-4(a)(3)(B)(i). In making this determination, the Court operates under a presumption that the most adequate plaintiff is the person who (a) "either filed the Complaint or made a motion [to serve as lead plaintiff]," (b) "has the largest financial interest in the relief sought by the class," *and* (c) "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." *See id.* at 78u-4(a)(3)(B)(iii)(I). This presumption may be rebutted by proof that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." *Id.* at § 78u-4(a)(3)(B)(iii)(II).[4]

Although he did not file the complaints in any of the three consolidated actions, as explained above, Rector timely filed his Motion on November 13, 2017. *See generally* (Doc. 19). Rector also claims to have the largest financial interest in the relief sought by

---

[4] No such proof has been submitted in this case, and, therefore, this Court will not address any such rebuttal.

4

the class, with total losses of more than $177,000. *See* (Doc. 20, at "Exhibit B"). And, in fact, Rector alleges the largest financial interest of any of the Movants. *See* (Doc. 14, at Exhibit B) (claiming $146,309 in total losses); *Cieo*, Case No.: 1:17-cv-2980-EAK-AAS, (Doc. 8, at "Exhibit C") (claiming $38,832.41 in total losses); *Cieo*, Case No.: 1:17-cv-2980-EAK-AAS, (Doc. 12, at "Exhibit C") (claiming between $158,145 and $161,542 in total losses). Accordingly, all that is left for the Court to examine is whether Rector meets the requirements of Rule 23.

> Rule 23 requires that:
>
> (1) the class [be] so numerous that joinder of all members is impracticable; (2) there [be] questions of law or fact common to the class; (3) the claims . . . of the representative parties [be] typical of the claims . . . of the class; and (4) the representative parties . . . fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a). At the lead plaintiff selection stage, however, the Court need only find that Rector's claims are typical and adequate. *See Dillard v. Platform Specialty Prod. Corp.*, No. 16-CV-80490, 2016 WL 10586300, at *3 (S.D. Fla. June 30, 2016) (unreported) (citing *Miller v. Dyadic Int'l*, No 07-cv-80948, 2008 WL 2465286, at *6 (S.D. Fla. Apr. 18, 2008)) (unreported) ("Of [Rule 23's] prerequisites, only two—typicality and adequacy—are relevant in deciding a motion for appointment of lead plaintiff."); *see also In re Cavanaugh*, 306 F.3d 726, 730 (9th Cir. 2002) (instructing that, when evaluating whether the "most adequate plaintiff" satisfies the requirements of Rule 23, courts should pay "particular" attention to the typicality and adequacy requirements).

"[T]ypicality measures whether a sufficient nexus exists between the claims of the [proposed lead plaintiff] and those of the class at large." *Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256, 1275 (11th Cir. 2009) (quoting *Busby v. JRHBW Realty, Inc.*, 513 F.3d 1314, 1322 (11th Cir. 2008)). "A sufficient nexus is established if the claims . . . of the class and

5

the [proposed lead plaintiff] arise from the same event or pattern or practice and are based on the same legal theory." *Kornberg v. Carnival Cruise Lines, Inc.*, 741 F.2d 1332, 1337 (11th Cir. 1984). Here, Rector has asserted that, like the other class members, he acquired HIIQ shares during the Class Period at prices alleged to be artificially inflated by Defendants' materially false and misleading statements, was adversely affected by Defendants' misrepresentations, and suffered damages as a result of Defendants' conduct. *See* (Doc. 21, at 10). Thus, Rector's claims appear to be nearly identical to those of the other class members in that he alleges he suffered losses similar to those of other class members as a result of the same conduct alleged in the complaints filed in the now-consolidated cases. *See Dillard*, 2016 WL 10586300, at *3 (finding, in the securities context, that a lead plaintiff movant met the typicality requirement by demonstrating that, like other class members, they purchased the defendant's shares during the class period in reliance on the defendant's allegedly false and misleading statements and suffered financial losses as a result); *Biver v. Nicholas Fin., Inc.*, No. 8:14-CV-250-T-33TGW, 2014 WL 1763211, at *6 (M.D. Fla. Apr. 30, 2014) (unreported) (same); *Cole v. Health Mgmt. Assocs., Inc.*, No. 207CV484FTM34SPC, 2008 WL 11334897, at *7 (M.D. Fla. May 14, 2008) (unreported) (same); *Edward J. Goodman Life Income Tr. v. Jabil Circuit, Inc.*, No. 8:06-CV-1716-T-23EAJ, 2007 WL 170556, at *3 (M.D. Fla. Jan. 18, 2007) (unreported) (same).

"[A]dequacy of representation is primarily based on 'the forthrightness and vigor with which the [proposed lead plaintiff] can be expected to assert and defend the interests of the . . . class' and 'whether [his] interests [are] antagonistic to those of the rest of the class.'" *Dillard*, 2016 WL 10586300, at *3 (quoting *London v. Wal-Mart Stores, Inc.*, 340

F.3d 1246, 1254 (11th Cir. 2003)).  To that end, "[i]n determining whether a [proposed] lead plaintiff meets Rule 23's adequacy requirement, the Court must consider '(1) whether any substantial conflicts of interest exist between the [proposed lead plaintiff] and the class; and (2) whether the [proposed lead plaintiff] will adequately prosecute the action.'" *Cole*, 2008 WL 11334897, at *6 (quoting *Valley Drug Co. v. Geneva Pharm., Inc.*, 350 F.3d 1181, 1189 (11th Cir. 2003)).  No such evidence has been presented to the Court indicating that a conflict exists between the interests of Rector and those of class members, or that Rector is unable to vigorously and adequately prosecute the instant action.

Based on the foregoing, the Court finds that Rector has satisfied the requirements in order to be appointed lead plaintiff under PSLRA; he has complied with PSLRA's procedural requirements; he appears to possess the largest financial interest; and he meets Rule 23's typicality and adequacy prerequisites.

Finally, the PSLRA requires the proposed lead plaintiff to select and retain, subject to the Court's approval, counsel to represent the class he seeks to represent.  15 U.S.C. § 78u-4(a)(3)(B)(v).  Rector has selected Kahn Swick & Foti, LLC ("Kahn") as Lead Counsel and Gunster, Yoakley & Stewart, P.A. ("Gunster") as Liaison Counsel.  There are no objections to the appointment of Kahn or Gunster.  And upon review, the Court concludes that Kahn and Gunster possess the requisite experience in the area of securities class actions to represent the interests of the class members in this case.  *See Irving Firemen's Relief & Ret. Fund v. Tesco PLC*, No. 14 CIV. 10020 RMB, 2015 WL 1345931, at *5 (S.D.N.Y. Mar. 19, 2015) (unreported) (appointing Kahn to serve as lead class counsel); *Bangzheng Chen v. CytRx Corp.*, No. CV141956GHKPJWX, 2014 WL

Case No.: 8:17-cv-2186-EAK-MAP

12591806, at *4 (C.D. Cal. June 13, 2014) (unreported) ("Based on the [Kahn's] resume and experience with class action securities litigation . . . the Court is satisfied that [Kahn] is qualified to serve as lead counsel in this case.").

**III. Conclusion**

Accordingly, it is **ORDERED AND ADJUDED** as follows:

1. Miguel Granados's Motion for Appointment as Lead Plaintiff and Approval of His Selection of Counsel (Doc. 16) is hereby **DENIED AS MOOT**, based on the filing of his Notice of Non-Opposition to Competing Lead Plaintiff Motion filed in the instant case (Doc. 24);

2. Miguel Ganados's Motion for Appointment as Lead Plaintiff and Approval of His Selection of Counsel filed in *Vigorito*, Case No.: 8:17-cv-2845-EAK-JSS, (Doc. 7) is hereby **DENIED AS MOOT**, based on his Notice of Non-Opposition to Competing Lead Plaintiff Motion (Doc. 24) filed in the instant case;

3. Miguel Ganados's Motion for Appointment as Lead Plaintiff and Approval of His Selection of Counsel filed in *Cieo*, Case No.: 8:17-cv-2980-EAK-AAS, (Doc. 5) is hereby **DENIED AS MOOT**, based on his Notice of Non-Opposition to Competing Lead Plaintiff Motion (Doc. 24) filed in the instant case;

4. HII Investor Group's Motion for Appointment as Lead Plaintiff and Approval of Lead Counsel filed in *Cieo*, Case No.: 8:17-cv-2980-EAK-AAS, (Doc. 8) is hereby **DENIED AS MOOT**, based on the Notice of Withdraw filed in *Cieo*, Case No.: 8:17-cv-2980-EAK-AAS, (Doc. 19);

5. Health Insurance Investor Group's Motion for Appointment as Lead Plaintiff and Approval of Counsel filed in *Cieo*, Case No.: 8:17-cv-2980-EAK-AAS, (Doc. 10) is hereby **DENIED AS MOOT**, based on the representations made in the Declaration of Ramzi Abadou filed in the instant case (Doc. 39);

6. Robert Rector's Motion for Appointment as Lead Plaintiff and Approval of Selection of Lead Counsel filed in *Vigorito*, Case No.: 8:17-cv-2845-EAK-JSS, (Doc. 10) is hereby **DENIED AS MOOT**, based on the filing of his Motion for Appointment as Lead Plaintiff and Approval of His Selection of Lead Counsel and Liaison Counsel in the instant case;

7. Robert Rector's Motion for Appointment as Lead Plaintiff and Approval of Selection of Lead Counsel filed in *Cieo*, Case No.: 8:17-cv-2980-EAK-AAS, (Doc. 6) is hereby **DENIED AS MOOT**, based on the filing of his Motion for Appointment as Lead Plaintiff and Approval of His Selection of Lead Counsel and Liaison Counsel in the instant case;

8. Robert Rector's Motion for Appointment as Lead Plaintiff and Approval of His Selection of Lead Counsel and Liaison Counsel (Doc. No. 19) is hereby **GRANTED**;

9. Pursuant to 15 U.S.C. § 78u-4(a)(3)(B), Robert Rector is appointed to serve as Lead Plaintiff in this consolidated action;

10. Kahn Swick & Foti, LLC is approved as Lead Counsel, and Gunster, Yoakley & Stewart, P.A. is approved as Liaison Counsel;

11. Lead Plaintiff shall file a consolidated class action complaint no later than 45 days after the date of this order; and

Case No.:  8:17-cv-2186-EAK-MAP

12. Defendants shall file a response to the consolidated class action complaint no later than 45 days after the same is filed with the Court.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida this 6th day of February, 2018.

_____
ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record