## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## TAMPA FLORIDA

IN RE HEALTH INSURANCE
INNOVATIONS SECURITIES LITIGATION

)
)
)
)
)

Case No. 8:17-cv-02186-TPB-SPF

### DEFENDANTS HEALTH INSURANCE INNOVATIONS, INC.'S
### AND MICHAEL D. HERSHBERGER'S
### <u>SECOND AMENDED ANSWER TO CONSOLIDATED COMPLAINT</u>

Defendants Health Insurance Innovations, Inc. ("HIIQ") and Michael D. Hershberger (collectively, the "Defendants"), for their Second Amended Answer to the Consolidated Class Action Complaint (the "Complaint") [Docket No. 43], respond through counsel to each corresponding paragraph of the Complaint as follows:

No response is required to the table of contents, the unnumbered introductory sentence which precedes paragraph 1 of the Complaint (as to which the Court has dismissed all claims), or the headings in the Complaint. To the extent any response is required, denied. Except as admitted explicitly in this Second Amended Answer, all allegations of the Complaint are denied.

1.      Admitted that Lead Plaintiff Robert Rector ("Plaintiff") purports to bring this action as a putative securities class action; admitted that Plaintiff purports to bring this action pursuant to the Securities Exchange Act of 1934 (the "Exchange Act"); admitted that Plaintiff purports to include certain persons or entities in the putative class; admitted that Plaintiff purports to allege a period of time that the Plaintiff refers to as "the Class Period"; Defendants deny these allegation and any remaining allegations.

2.      Admitted that Plaintiff purports to assert violations of Section 10(b) and 20(a) of the Exchange Act and Securities and Exchange Commission ("SEC") Rule 10b-5(b) promulgated

thereunder, which Defendants deny; admitted that HIIQ and Michael D. Hershberger are defendants in this action; admitted that Mr. Hershberger is HIIQ's Chief Financial Officer; by its Order entered on June 28, 2019 (the "June 28th Order"), the Court dismissed all claims against Gavin T. Southwell ("Southwell") and Michael W. Kosloske ("Kosloske"), therefore denied as to the allegations involving those individuals; by its June 28th Order, the Court dismissed all claims brought pursuant to Item 303 of Regulation S-K, therefore denied that Plaintiff asserts a claim pursuant to Item 303 of Regulation S-K; all remaining allegations and any allegations inconsistent with the foregoing are denied.

3.      Admitted that Health Plan Intermediaries Holdings, LLC is a subsidiary of HIIQ as alleged in footnote 2 to this paragraph; Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegation pertaining to Plaintiff's personal knowledge or Lead Counsel's purported investigation, therefore denied; all remaining allegations are denied.

4.      Denied.

5.      Admitted that HIIQ was founded by Michael Kosloske in 2008; admitted that HIIQ is headquartered in Tampa, Florida; admitted that HIIQ went public *via* an initial public offering ("IPO") in February 2013; admitted that HIIQ's securities trade on the NASDAQ Stock Market under the ticker symbol HIIQ; admitted that HIIQ is a developer, distributor and cloud-based administrator of individual health and family insurance plans ("IFP") which include short-term medical ("STM") insurance plans and health benefit insurance plans, previously referred to as hospital indemnity plans; admitted that HIIQ develops, distributes and administers supplemental products which include pharmacy benefit cards, dental plans, vision plans, and life insurance policies; admitted that HIIQ markets its products primarily through its internal

distribution network and an external distribution network consisting of independently owned and operated call centers; admitted that HIIQ's sales of IFP and supplemental products focus on the under-penetrated segment of the U.S. population who are uninsured or underinsured; all remaining allegations and any allegations inconsistent with the foregoing are denied.

6.      Admitted that some definitions of third-party administrator ("TPA") may include a person or organization that processes certain aspects of insured or self-insured programs which provide insurance coverage or coverage of other expenses, but excluding certain persons or organizations, for example as set forth in Florida Statute § 626.88(1); admitted that Plaintiff's purported action relates to the basis for the denial of HIIQ's application to the Florida Office of Insurance Regulation ("FLOIR") for a TPA license (the "Florida TPA Application"); admitted that HIIQ filed a Florida TPA Application in July 2016; all remaining allegations and any allegations inconsistent with the foregoing are denied.

7.      Admitted that HIIQ filed a Florida TPA license application in July 2016; admitted that on June 1, 2017 the FLOIR denied HIIQ's Florida TPA Application; by its June 28th Order, the Court dismissed all claims unrelated to HIIQ's disclosure in its Quarterly Report on Form 10-Q filed with the SEC on August 4, 2017 regarding the basis for FLOIR's denial of the Florida TPA Application (the "Dismissed Claims"), therefore denied as to the allegations relating to the Dismissed Claims, which are no longer properly in this case; all remaining allegations and any allegations inconsistent with the foregoing are denied.

8.      All allegations in this paragraph relate to Dismissed Claims, which are no longer properly in this case, and are therefore denied.

9.      All allegations in this paragraph relate to Dismissed Claims, which are no longer properly in this case, and are therefore denied.

10.     All allegations in this paragraph relate to Dismissed Claims, which are no longer properly in this case, and are therefore denied.

11.     All allegations in this paragraph relate to Dismissed Claims, which are no longer properly in this case, and are therefore denied.

12.     All allegations in this paragraph relate to Dismissed Claims, which are no longer properly in this case, and are therefore denied.

13.     Admitted that HIIQ submitted a Florida TPA Application in July 2016; admitted that HIIQ reapplied for a Florida TPA license on October 28, 2016; admitted that by letter dated July 25, 2016, FLOIR advised HIIQ that the Florida TPA Application was incomplete and could not be accepted for processing; denied as to any allegation that is inconsistent with or that is an incomplete recitation of the text of the document purportedly quoted in this paragraph; Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations relating to investors' knowledge, therefore denied as to allegations of what was known or unbeknownst to investors; all remaining allegations and any allegations inconsistent with the foregoing are denied.

14.     Admitted that Plaintiff asserted in the Complaint a purported Class Period starting November 3, 2016; admitted that HIIQ went public pursuant to an IPO in 2013; denied that on November 18, 2016, Mr. Hershberger adopted a 10b5-1 stock trading plan for the first time since HIIQ went public in 2013; admitted that between November 17, 2016 and November 21, 2016, Mr. Hershberger sold 39,500 shares of his personally-held common stock and that the amount of stock sold represented about one fifth of his holdings; the case law cited in footnote 4 speaks for itself, otherwise denied; all remaining allegations and any allegations inconsistent with the foregoing are denied.

15.     Admitted that FLOIR sent HIIQ clarification correspondence dated November 28, 2016 requesting additional information; admitted that on December 1, 2016, HIIQ requested an extension until December 12, 2016 to respond; admitted that FLOIR granted the request; admitted that HIIQ did not provide all information requested in FLOIR's November 28th clarification letters by December 12, 2016; denied as to any allegation that is inconsistent with or that is an incomplete recitation of the text of the document purportedly quoted in this paragraph; all remaining allegations and any allegations inconsistent with the foregoing are denied.

16.     Admitted that on December 16, 2016, HIIQ's attorney sent an e-mail to FLOIR providing some of the information requested in FLOIR's November 28th correspondence, explaining that HIIQ was still in the process of gathering the remaining information requested, and requesting additional time to submit such information; admitted that later in the day on December 16, 2016, HIIQ's attorney sent another e-mail to FLOIR thanking FLOIR for the suggestion they provided during an earlier telephone call, and advising FLOIR that HIIQ had agreed to do as FLOIR recommended by temporarily withdrawing its Florida TPA Application until such time as HIIQ was able to gather all of the information FLOIR requested in its clarification letters; admitted that in a letter dated June 1, 2017, FLOIR stated that on December 16, 2016, HIIQ withdrew its Florida TPA Application; denied that the correspondence was private; denied as to any allegation that is inconsistent with or that is an incomplete recitation of the text of the documents purportedly quoted in this paragraph; all remaining allegations and any allegations inconsistent with the foregoing are denied.

17.     The allegations in this paragraph relate to Dismissed Claims, which are no longer properly in this case, and are therefore denied.

18.     Admitted that on December 16, 2016, HIIQ withdrew its Florida TPA Application; the remaining allegations in this paragraph relate to Dismissed Claims, which are no longer properly in this case, and are therefore denied.

19.     Admitted that on December 16, 2016, HIIQ withdrew its Florida TPA Application; denied that the withdrawal was private; the remaining allegations in this paragraph relate to Dismissed Claims, which are no longer properly in this case, and are therefore denied.

20.     The allegations in this paragraph relate to Dismissed Claims, which are no longer properly in this case, and are therefore denied; to the extent any response may be required to footnote 5 which purports to refer to other paragraphs of the Complaint, denied; the case law cited in footnote 6 speaks for itself, otherwise denied.

21.     All allegations in this paragraph relate to Dismissed Claims, which are no longer properly in this case, and are therefore denied.

22.     Admitted that by letter dated April 19, 2017, HIIQ provided FLOIR with additional information requested in the November 28, 2016 clarification correspondence and reinstated its TPA Application; denied as to any allegation that is inconsistent with or that is an incomplete recitation of the text of the document purportedly quoted in this paragraph; allegations about a Secondary Offering in this paragraph relate to Dismissed Claims, which are no longer properly in this case, and are therefore denied; any remaining allegations and any allegations inconsistent with the foregoing are denied.

23.     Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegation pertaining to whether FLOIR had made any decision regarding any TPA application by May 19, 2017, therefore denied; the remaining allegations in this paragraph relate to Dismissed Claims, which are no longer properly in this case, and are therefore denied.

24.     Admitted that in a letter dated June 1, 2017, FLOIR informed HIIQ that the Florida TPA Application was denied; denied that the letter was private; Plaintiff's allegation that this was "devastating news" is Plaintiff's characterization, to which no response is required, and to the extent any response may be required, denied; any remaining allegations and any allegations inconsistent with the foregoing are denied.

25.     Admitted that in a letter dated June 1, 2017, FLOIR informed HIIQ that the Florida TPA Application was denied; denied as to any allegation that is inconsistent with or that is an incomplete recitation of the text of this document purportedly quoted in this paragraph; admitted that HIIQ disclosed the FLOIR TPA application denial in its August 4, 2017 Quarterly Report on Form 10-Q; all remaining allegations and any allegations inconsistent with the foregoing are denied.

26.     Admitted that HIIQ wrote a letter to FLOIR dated June 16, 2017, which speaks for itself; Plaintiff's characterization of the contents of the letter is denied; all remaining allegations in this paragraph are denied.

27.     Admitted that HIIQ's June 16, 2017 letter to FLOIR contains the language quoted in this paragraph; Plaintiff's characterization of the same is denied; all remaining allegations in this paragraph are denied.

28.     Admitted that on August 4, 2017, HIIQ filed its Quarterly Report on Form 10-Q with the SEC ("2Q17 Report"); admitted that Mr. Hershberger signed the 2Q17 Report; admitted that the 2Q17 Report disclosed that FLOIR denied HIIQ's Florida TPA Application; by its June 28th Order, the Court dismissed all claims against Mr. Southwell, therefore denied as to the allegations involving Mr. Southwell; all remaining allegations and any allegations inconsistent with the foregoing are denied.

29.     The last sentence of this paragraph is denied; denied as to any allegation that is inconsistent with or that is an incomplete recitation of the text of the document purportedly quoted in this paragraph; by its June 28th Order, the Court dismissed all claims against Mr. Southwell, therefore denied as to the allegations involving Mr. Southwell; all remaining allegations and any allegations inconsistent with the foregoing are denied.

30.     Admitted that on September 11, 2017, which Lead Plaintiff alleges is the last day of the purported Class Period, the website *Seeking Alpha* published an article about HIIQ authored by Richard Pearson, who has previously been mentioned in other litigation; denied as to any allegation that is inconsistent with or that is an incomplete recitation of the text of the document purportedly quoted in this paragraph; denied that the information in the article was publicly disclosed for the first time; the last sentence of this paragraph is denied; as to allegations relating to the Dismissed Claims, including in footnote 8, those are no longer properly in this case, and are therefore denied; all remaining allegations and any allegations inconsistent with the foregoing are denied.

31.     The accuracy of quotations of or citations to published stock price information and other documents is denied to the extent inconsistent with the text of such published information and documents referenced in the paragraph; denied that the market continued to digest assertions in the *Seeking Alpha* article on September 12, 2017; all remaining allegations are denied, including Plaintiff's characterizations and assertions in the chart appearing below this paragraph.

32.     Admitted that Plaintiff purports to bring claims pursuant to Sections 10(b) and 20(a) of the Exchange Act (15 U.S.C. § 78j(b) and 78t(a)) and Rule 10b-5 (17 C.F.R. § 240.10b-5), claims which Defendants deny; any remaining allegations are denied.

33.     Admitted that this Court has subject matter jurisdiction over this action; any remaining allegations are denied.

34.     Admitted that venue is proper in this district; admitted that HIIQ's principal executive office is in this district; any remaining allegations are denied.

35.     By its June 28th Order, the Court dismissed all claims against Messrs. Southwell and Kosloske, therefore denied as to the allegations involving those individuals; denied that Defendants engaged in the alleged acts, omissions, conduct and other wrongs alleged in the Complaint; admitted that Defendants have used means and instrumentalities of interstate commerce, including United States mail, interstate telephone communications, and facilities of a national securities exchange; any remaining allegations are denied.

36.     Denied that Plaintiff suffered damages; Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations, therefore denied.

37.     Admitted.

38.     Admitted.

39.     Admitted that Gavin D. Southwell has served as HIIQ's Chief Executive Officer since November 2016, and served as its President since July 2016; by the Court's June 28th Order, the Court dismissed all claims against Mr. Southwell, and as such, the remaining allegations in this paragraph are no longer properly in the case, and are therefore denied.

40.     Denied that HIIQ filed materially false and misleading SEC filings; by its June 28th Order, the Court dismissed all claims against Mr. Southwell, and as such, these allegations are no longer properly in the case, and are therefore denied.

41.     By its June 28th Order, the Court dismissed all claims against Mr. Southwell, and as such, these allegation are no longer properly in the case, and are therefore denied.

42.     By its June 28th Order, the Court dismissed all claims against Mr. Southwell, and as such, these allegation are no longer properly in the case, and are therefore denied.

43.     Admitted.

44.     Denied that HIIQ filed materially false and misleading SEC filings; admitted that Mr. Hershberger signed the 2Q17 Report; the remaining allegations in this paragraph relate to Dismissed Claims and are no longer properly in this case, and are therefore denied.

45.     Admitted that Mr. Hershberger signed HIIQ's financial report certifications and spoke with investors and securities analysts about HIIQ during the purported Class Period alleged in the Complaint; any remaining allegations are denied.

46.     Admitted that Mr. Hershberger has a senior position with HIIQ;  admitted that Mr. Hershberger possessed some power and authority to affect the contents of press releases, investor and media presentations, and filings HIIQ made with the SEC during the purported Class Period alleged in the Complaint; any remaining allegations are denied.

47.     By its June 28th Order, the Court dismissed all claims against Mr. Kosloske, and as such, these allegation are no longer properly in the case, and are therefore denied.

48.     Admitted that Michael W. Kosloske, HIIQ's founder and husband of Lori Kosloske, previously served as HIIQ's President and Chief Executive Officer since the Company began operations in 2008 until 2015, and as Chairman from 2012 to 2016, otherwise denied; by its June 28th Order, the Court dismissed all claims against Mr. Kosloske, and as such, allegations against Mr. Kosloske are no longer properly in the case, and are therefore denied.

49.     Admitted that Mr. Hershberger is a defendant in this action; denied to the extent that Plaintiff's purported definition of "Insider Defendants" includes Messrs. Southwell and

Kosloske who, by the Court's June 28th Order have been dismissed as defendants to this action and are no longer properly before this Court; any remaining allegations are denied.

50.     Admitted that Mr. Hershberger has a senior position with HIIQ; admitted that Mr. Hershberger possessed some power and authority to affect HIIQ's SEC filings, press releases, and presentations; admitted that Mr. Hershberger was provided a copy of the 2Q17 Report prior to its issuance and had the ability to prevent its issuance in the form in which it was issued or to cause it to be corrected; by its June 28th Order, the Court dismissed all claims against Messrs. Southwell and Kosloske, therefore denied as to the allegations involving those individuals; as to allegations relating to the Dismissed Claims, including SEC filings other than the 2Q17 Report, those are no longer properly in this case, and are therefore denied; all remaining allegations are denied.

51.     By its June 28th Order, the Court dismissed all claims against Mr. Southwell and Mr. Kosloske, and as such, these allegations are no longer properly in the case, and are therefore denied; Defendants deny the allegations in this paragraph.

52.     Admitted that Mr. Hershberger possessed some power and authority over HIIQ's press releases, investor and media presentations, and SEC filings; admitted that Mr. Hershberger was involved with certain aspects of HIIQ's operations; by its June 28th Order, the Court dismissed all claims against Messrs. Southwell and Kosloske, therefore denied as to the allegations involving those individuals; all remaining allegations are denied.

53.     Admitted that Mr. Hershberger had access to information about HIIQ through access to corporate documents, conversations, meetings, and reports and other information; admitted that Mr. Hershberger was involved with certain aspects of HIIQ's operations; by its June

28th Order, the Court dismissed all claims against Messrs. Southwell and Kosloske, therefore denied as to the allegations involving those individuals; all remaining allegations are denied.

54.     By its June 28th Order, the Court dismissed all claims against Mr. Southwell and Mr. Kosloske, and as such, these allegations are no longer properly in the case, and are therefore denied; Defendants deny the allegations in this paragraph.

55.     By its June 28th Order, the Court dismissed all claims against Mr. Southwell and Mr. Kosloske, and as such, these allegations are no longer properly in the case, and are therefore denied; the remaining allegations in paragraph 55 are denied.

56.     By its June 28th Order, the Court dismissed all claims against Messrs. Southwell and Kosloske, therefore denied as to the allegations involving those individuals; admitted that more than one individual worked on HIIQ's press releases and SEC filings; all remaining allegations and any allegations inconsistent with the foregoing are denied.

57.     By its June 28th Order, the Court dismissed all claims against Messrs. Southwell and Kosloske, therefore denied as to the allegations involving those individuals; admitted that Mr. Hershberger was aware of HIIQ's Code of Business Conduct and Ethics and his obligations thereunder; denied as to any allegation that is inconsistent with or that is an incomplete recitation of the text of the document purportedly quoted in this paragraph; all remaining allegations and any allegations inconsistent with the foregoing are denied.

58.     Admitted that HIIQ is incorporated in Delaware; admitted that HIIQ is headquartered in Florida; admitted that "Health Insurance Innovations" is registered as a fictitious name of Health Plan Intermediaries Holdings, LLC; admitted that at the time of its February 2013 IPO, HIIQ was a holding company the principal asset of which was its interest in Health Plan

Intermediaries, LLC; any remaining allegations and any allegations inconsistent with the foregoing are denied.

59.     Plaintiff does not state which SEC filings these snippets purportedly come from; denied as to any allegation that is inconsistent with or that is an incomplete recitation of the text of the documents purportedly quoted in this paragraph; any remaining allegations and any allegations inconsistent with the foregoing are denied.

60.     Admitted that HIIQ's distribution networks include, but are not limited to, an HIIQ-owned website and about 100 non-owned third party call centers; admitted that some of the products marketed by HIIQ include insurance products underwritten by insurance companies; admitted that HIIQ collects payments from customers on behalf of insurance companies and remits commissions to call centers that sell policies to customers; admitted that HIIQ connects insurance carriers, distributors, and consumers; denied that HIIQ always acts as a third-party administrator (TPA) under every jurisdiction's definition of that term; admitted that insurance products sold by HIIQ are exempt from the Affordable Care Act's ("ACA") minimum essential coverages; any remaining allegations and any allegations inconsistent with the foregoing are denied.

61.     Admitted that HIIQ offers affordable alternatives and supplements to ACA marketplace plans; all remaining allegations and any allegations inconsistent with the foregoing are denied.

62.     Denied.

63.     Plaintiff does not state which document or documents this quotation purportedly comes from, or what all purportedly relevant times are alleged to be; denied as to any allegation that is inconsistent with or that is an incomplete recitation of the text of the document or

documents purportedly quoted in this paragraph; any remaining allegations and any allegations inconsistent with the foregoing are denied.

64.     Admitted that HIIQ sought and obtained licenses to operate as a third party administrator from a number of states, including Illinois, prior to submitting the Florida TPA Application in July 2016; admitted that HIIQ is headquartered in Florida; denied as to any allegation that is inconsistent with or that is an incomplete recitation of the text of the document or documents purportedly referenced in this paragraph; any remaining allegations and any allegations inconsistent with the foregoing are denied.

65.     Admitted that HIIQ went public pursuant to an IPO on February 7, 2013; admitted that a December 6, 2012 letter from the SEC stated comments on HIIQ's draft registration statement; denied as to any allegation that is inconsistent with or that is an incomplete recitation of the text of the documents purportedly referenced in this paragraph; all remaining allegations and any allegations inconsistent with the foregoing are denied.

66.     Denied.

67.     All allegations in this paragraph relate to Dismissed Claims, which are no longer properly in this case, and are therefore denied.

68.     All allegations in this paragraph relate to Dismissed Claims, which are no longer properly in this case, and are therefore denied.

69.     All allegations in this paragraph relate to Dismissed Claims, which are no longer properly in this case, and are therefore denied.

70.     All allegations in this paragraph relate to Dismissed Claims, which are no longer properly in this case, and are therefore denied.

71.     All allegations in this paragraph relate to Dismissed Claims, which are no longer properly in this case, and are therefore denied.

72.     All allegations in this paragraph relate to Dismissed Claims, which are no longer properly in this case, and are therefore denied.

73.     All allegations in this paragraph relate to Dismissed Claims, which are no longer properly in this case, and are therefore denied.

74.     All allegations in this paragraph relate to Dismissed Claims, which are no longer properly in this case, and are therefore denied.

75.     All allegations in this paragraph relate to Dismissed Claims, which are no longer properly in this case, and are therefore denied.

76.     All allegations in this paragraph relate to Dismissed Claims, which are no longer properly in this case, and are therefore denied.

77.     All allegations in this paragraph relate to Dismissed Claims, which are no longer properly in this case, and are therefore denied.

78.     All allegations in this paragraph relate to Dismissed Claims, which are no longer properly in this case, and are therefore denied.

79.     Admitted that HIIQ filed a Florida TPA Application in July 2016; admitted that FLOIR issued letters to HIIQ seeking additional information; admitted that on December 1, 2016 HIIQ requested an extension of time to respond to the letters until December 12, 2016, and that FLOIR granted the request; admitted that on July 20, 2016 HIIQ disclosed that Florida, among other states, was reviewing the sales practices and potential unlicensed sale of insurance by third-party distributor call centers utilized by HIIQ; denied as to any allegation that is inconsistent with or that is an incomplete recitation of the text of the documents purportedly referenced in this

paragraph; all remaining allegations and any allegations inconsistent with the foregoing are denied.

80.     Admitted that HIIQ was unable to provide all information requested in FLOIR's November 28, 2016 clarification letters by December 12, 2016; admitted that on December 16, 2016, HIIQ's attorney sent an e-mail to FLOIR providing some of the information requested in FLOIR's November 28th clarification letters, explaining that HIIQ was still in the process of gathering the remaining information requested, and requesting additional time to submit such information; admitted that later that day, HIIQ's attorney sent another e-mail to FLOIR thanking FLOIR for the suggestion it provided during an earlier telephone call, and advising FLOIR that HIIQ had agreed to do as FLOIR recommended by temporarily withdrawing its Florida TPA Application until such time as HIIQ was able to gather all of the information FLOIR requested in its clarification letters; denied as to any allegation that is inconsistent with or that is an incomplete recitation of the text of the documents purportedly referenced in this paragraph; the allegations in the fourth and fifth sentences of this paragraph relate to Dismissed Claims, which are no longer properly in this case, and are therefore denied; any remaining allegations and any allegations inconsistent with the foregoing are denied.

81.     Admitted.

82.     Admitted that by letter dated April 19, 2017, HIIQ provided FLOIR with additional information requested in the November 28, 2016 clarification correspondence and reinstated its TPA Application; admitted that FLOIR denied HIIQ's Florida TPA Application on June 1, 2017; admitted that HIIQ was informed of the denial and the reasons for it by its outside counsel at Greenspoon Marder on June 4, 2017; denied that Mr. Hershberger learned about the denial no later than June 4, 2017; denied as to any allegation that is inconsistent with or that is an

incomplete recitation of the text of the document purportedly referenced in this paragraph; by its June 28th Order, the Court dismissed all claims against Messrs. Southwell and Kosloske, therefore denied as to the allegations involving those individuals; any remaining allegations and any allegations inconsistent with the foregoing are denied.

83.     Admitted that its June 1, 2017 letter to HIIQ, FLOIR stated that HIIQ had submitted a new application filing for review three times over eight months, had been provided two separate sets of clarification letters, and had been granted numerous extensions of time to submit supplemental responses; admitted that in its June 1, 2017 letter to HIIQ, FLOIR also stated that over an extended period of time, FLOIR had specifically requested, and HIIQ failed to provide, certain information, including the dollar amount of premiums collected and the dollar amount of claims paid or adjudicated and a copy of the exhibit referenced in Mr. Kosloske's affirmative response to the question in the application asking if any company or entity had had its permit, license, or certificate of authority suspended, revoked, canceled, or subjected to a similar action while Mr. Kosloske was an officer, director, trustee, or controlling shareholder; denied as to any allegation that is inconsistent with or that is an incomplete recitation of the text of the documents purportedly referenced in this paragraph; any remaining allegations and any allegations inconsistent with the foregoing are denied.

84.     Admitted that in a form entitled "Biographical Affidavit" submitted in connection with the Florida TPA Application, Mr. Kosloske responded "no" to a question asking whether he had, within the last ten years, been a party to any civil action involving dishonesty, breach of trust, or a financial dispute; admitted that Mr. Kosloske had not provided information requested by FLOIR prior to June 1, 2017 regarding two civil actions in which he was a named party; denied as to any allegation that is inconsistent with or that is an incomplete recitation of the text of the

documents purportedly referenced in this paragraph; all remaining allegations and any allegations inconsistent with the foregoing are denied.

85.    Admitted that in a form entitled "Biographical Affidavit" submitted in connection with the Florida TPA Application, Mr. Hershberger responded "no" to a question asking whether he had, within the last ten years, been a party to any civil action involving dishonesty, breach of trust, or a financial dispute; admitted that in a form entitled "Biographical Affidavit" submitted in connection with the Florida TPA Application, Mr. Hershberger responded "no" to a question asking whether he had a lien or foreclosure action filed against him or any entity while he was associated with that entity; admitted that Mr. Hershberger had not provided information requested by FLOIR prior to June 1, 2017 regarding two civil actions identified in a background report; denied as to any allegation that is inconsistent with or that is an incomplete recitation of the text of the documents purportedly referenced in this paragraph; all remaining allegations and any allegations inconsistent with the foregoing are denied.

86.    All allegations in this paragraph relate to Dismissed Claims, which are no longer properly in this case, and are therefore denied.

87.    All allegations in this paragraph relate to Dismissed Claims, which are no longer properly in this case, and are therefore denied.

88.    All allegations in this paragraph relate to Dismissed Claims, which are no longer properly in this case, and are therefore denied.

89.    All allegations in this paragraph relate to Dismissed Claims, which are no longer properly in this case, and are therefore denied.

90.    All allegations in this paragraph relate to Dismissed Claims, which are no longer properly in this case, and are therefore denied.

91.    All allegations in this paragraph relate to Dismissed Claims, which are no longer properly in this case, and are therefore denied.

92.    All allegations in this paragraph relate to Dismissed Claims, which are no longer properly in this case, and are therefore denied.

93.    All allegations in this paragraph relate to Dismissed Claims, which are no longer properly in this case, and are therefore denied.

94.    All allegations in this paragraph relate to Dismissed Claims, which are no longer properly in this case, and are therefore denied.

95.    All allegations in this paragraph relate to Dismissed Claims, which are no longer properly in this case, and are therefore denied.

96.    All allegations in this paragraph relate to Dismissed Claims, which are no longer properly in this case, and are therefore denied.

97.    All allegations in this paragraph relate to Dismissed Claims, which are no longer properly in this case, and are therefore denied.

98.    All allegations in this paragraph relate to Dismissed Claims, which are no longer properly in this case, and are therefore denied.

99.    All allegations in this paragraph relate to Dismissed Claims, which are no longer properly in this case, and are therefore denied.

100.    All allegations in this paragraph relate to Dismissed Claims, which are no longer properly in this case, and are therefore denied.

101.    All allegations in this paragraph relate to Dismissed Claims, which are no longer properly in this case, and are therefore denied.

102.    All allegations in this paragraph relate to Dismissed Claims, which are no longer properly in this case, and are therefore denied.

103.    All allegations in this paragraph relate to Dismissed Claims, which are no longer properly in this case, and are therefore denied.

104.    Admitted that FLOIR denied HIIQ's Florida TPA Application on June 1, 2017; admitted that HIIQ was informed of the denial and the reasons for it by its outside counsel at Greenspoon Marder on June 4, 2017; denied that Mr. Hershberger learned about the denial on June 4, 2017; denied as to any allegation that is inconsistent with or that is an incomplete recitation of the text of the document purportedly referenced in this paragraph; by its June 28th Order, the Court dismissed all claims against Messrs. Southwell and Kosloske, therefore denied as to the allegations involving those individuals; any remaining allegations and any allegations inconsistent with the foregoing are denied.

105.    Admitted that HIIQ filed the 2Q17 Report with the SEC on August 4, 2017; admitted that Mr. Hershberger signed the 2Q17 Report; admitted that Mr. Hershberger executed certifications pursuant to the Sarbanes Oxley Act of 2002 attesting to the accuracy of the 2Q17 Report; the allegations relating to HIIQ's 8-K filed with the SEC on August 3, 2017 and the allegations relating to Mr. Southwell have been dismissed pursuant to the Court's June 28th Order and are no longer properly before this Court, and are therefore denied; any remaining allegations and any allegations inconsistent with the foregoing are denied.

106.    Denied as to any allegation that is inconsistent with or that is an incomplete recitation of the text of the document purportedly referenced in this paragraph, and denied that the quotation in this paragraph is the purported "relevant part," particularly since it includes

statements as to which all claims have been dismissed pursuant to the Court's June 28th Order and are no longer properly before this Court, and are therefore denied; otherwise, admitted.

107.    By its June 28th Order, the Court dismissed all claims against Mr. Southwell and Mr. Kosloske and all claims relating to subpoints (i) and (ii) alleged in this paragraph, and as such, these allegations are no longer properly in the case, and are therefore denied; Defendants deny the allegations in this paragraph.

108.    All allegations in this paragraph, including in footnote 15, relate to Dismissed Claims, which are no longer properly in this case, and are therefore denied.

109.    Admitted that HIIQ stated in the 2Q17 Report that "the OIR denied the Company's application based on its determination that the Company had not yet provided all information required to process the application"; the remaining allegations in this paragraph relate to the Dismissed Claims, which are no longer properly in this case, and are therefore denied; all remaining allegations are denied.

110.    All allegations in this paragraph relate to the Dismissed Claims, which are no longer properly in this case, and are therefore denied.

111.    Denied.

112.    The accuracy of quotations of or citations to published stock price information and other documents is denied to the extent inconsistent with the text of such published information and documents referenced in the paragraph; all remaining allegations in this paragraph are denied.

113.    By its June 28th Order, the Court dismissed all claims against Messrs. Southwell and Kosloske, therefore denied as to the allegations involving those individuals; the first sentence of this paragraph is denied; admitted that Mr. Hershberger had a 10b5-1 trading plan during the purported Class Period; admitted that, at the time of the IPO, Mr. Hershberger was awarded

400,000 shares of unvested restricted HIIQ stock; admitted that 20% of these shares vested on the six-month anniversary of the IPO and 20% vested on October 1 of each of 2013, 2014, 2015, and 2016; denied that Mr. Hershberger or other unidentified alleged "insiders" sold extensively outside of the scope of suspiciously timed adoptions of trading plans; any remaining allegations and any allegations inconsistent with the foregoing are denied.

114.    All allegations in this paragraph relate to the Dismissed Claims, which are no longer properly in this case, and are therefore denied.

115.    All allegations in this paragraph and the related footnotes relate to the Dismissed Claims, which are no longer properly in this case, and are therefore denied.

116.    Admitted that HIIQ filed a Florida TPA Application in July 2016; admitted that by letter dated July 25, 2016, FLOIR advised HIIQ that the Florida TPA Application was incomplete and could not be accepted for processing; the allegations regarding the July 20, 2016 Form 8-K relate to the Dismissed Claims, which are no longer properly in this case, and are therefore denied; any remaining allegations and any allegations inconsistent with the foregoing are denied.

117.    Admitted that Defendant Hershberger established a 10b5-1 trading plan on November 18, 2016; the remaining allegations are admitted.

118.    All allegations in this paragraph relate to the Dismissed Claims, which are no longer properly in this case, and are therefore denied.

119.    Admitted that by letter dated April 19, 2017, HIIQ provided FLOIR with additional information requested in the November 28, 2016 clarification letters and reinstated its TPA Application; admitted that the additional information provided included a document entitled "Understanding of Florida Statutory Requirements Affidavit," which was signed by Mr.

Hershberger in December 2016 and by Mr. Southwell in January 2017; admitted that the name "Matrix Absence Management, Inc." was pre-printed on the form received by HIIQ; the allegations of this paragraph along with the related footnote are denied as to any allegation that is inconsistent with or that is an incomplete recitation of the text of the documents purportedly referenced in this paragraph; all remaining allegations and any allegations inconsistent with the foregoing are denied.

120.    Admitted that on May 9, 2017, Mr. Hershberger sold 15,000 shares of HIIQ stock not pursuant to his 10b5-1 trading plan and realized more than $300,000 in proceeds; all remaining allegations and any allegations inconsistent with the foregoing are denied.

121.    Admitted that on June 1, 2017, FLOIR denied HIIQ's TPA application; admitted that on August 31, 2017 and September 1, 2017, Mr. Hershberger sold a total of 17,769 shares of his HIIQ common stock at a weighted average price of $31.42 per share for proceeds of $558,384; admitted that on September 11, 2017, *Seeking Alpha* published an article about HIIQ; the accuracy of quotations of or citations to published stock price information and other documents is denied to the extent inconsistent with the text of such published information and documents referenced in the paragraph; all remaining allegations are denied.

122.    Denied.

123.    Denied.

124.    Denied.

125.    Denied.

126.    All allegations in this paragraph relate to the Dismissed Claims, which are no longer properly in this case, and are therefore denied.

127.     All allegations in this paragraph relate to the Dismissed Claims, which are no longer properly in this case, and are therefore denied.

128.     All allegations in this paragraph relate to the Dismissed Claims, which are no longer properly in this case, and are therefore denied.

129.     Denied that the *Seeking Alpha* report published on September 11, 2017 disseminated any fraudulently concealed information or risks regarding the letter from FLOIR denying HIIQ's TPA Application dated June 1, 2017; denied that the alleged risk of the denial materialized in disclosures in the *Seeking Alpha* report; the accuracy of quotations of or citations to published stock price information and other documents contained within the paragraph and its related footnote is denied to the extent inconsistent with the text of such published information and documents referenced in the paragraph; the remaining allegations in this paragraph relate to the Dismissed Claims, which are no longer properly in this case, and are therefore denied.

130.     Denied.

131.     The first sentence of this paragraph is denied; Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the second sentence of this paragraph, therefore denied.

132.     The Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the first sentence of this paragraph, therefore denied; the second sentence of this paragraph is denied.

133.     All allegations in this paragraph relate to the Dismissed Claims, which are no longer properly in this case, and are therefore denied.

134.    The first sentence of this paragraph is denied; the allegations in the second sentence of this paragraph relate to the Dismissed Claims, which are no longer properly in this case, and are therefore denied.

135.    The accuracy of quotations of or citations to published stock price information and other documents contained within the paragraph and its related footnote is denied to the extent inconsistent with the text of such published information and documents referenced in the paragraph; denied that the market continued to digest assertions in the *Seeking Alpha* article on September 12, 2017; any remaining allegations are denied.

136.    The allegations in the first sentence of this paragraph are denied; admitted that HIIQ issued a press release on September 12, 2017 including the statement that, "As previously disclosed by the Company, in June 2017 the Florida Office of Insurance Regulation ('OIR') denied the Company's application for licensure as a TPA based on the OIR's determination that the Company had not provided all information required to process the application" and addressing mischaracterizations in the Seeking Alpha report about prior legal proceedings involving Michael Hershberger, among other statements set forth in that press release; admitted that Mike Hershberger was listed as one of the Investor Contacts at the bottom of the press release; the remaining allegations in this paragraph are denied.

137.    All allegations in this paragraph relate to the Dismissed Claims, which are no longer properly in this case, and are therefore denied.

138.    All allegations in this paragraph relate to the Dismissed Claims, which are no longer properly in this case, and are therefore denied.

139.    Admitted that on December 15, 2017 HIIQ published a press release announcing the formation of a Risk and Compliance Committee; denied as to any allegation that is

inconsistent with or that is an incomplete recitation of the text of the document purportedly quoted in this paragraph; any remaining allegations are denied.

140.    Denied that HIIQ's public access website section addressing "Corporate Governance" at http://investor.hiiquote.com/corporate-governance neither acknowledges the existence of the so-called Risk and Compliance Committee nor does it present a charter for same; Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegation pertaining to what the website purportedly did or did not show when accessed on March 19, 2018, therefore denied; any remaining allegations are denied.

141.    Admitted that on October 2, 2017 FLOIR issued a Consent Order whereby it agreed to withdraw its June 1, 2017 denial letter and required HIIQ to refile its TPA Application which was to include certain  information, including, but not limited to, full biographical information for Mr. Kosloske; admitted that pursuant to the Consent Order, HIIQ waived its right to a hearing regarding the June 1, 2017 denial of its TPA Application; admitted that Mr. Southwell executed the Consent Order; admitted that on February 14, 20187, FLOIR issued a Consent Order granting a TPA license to HIIQ and assessing a fine against HIIQ in the amount of $140,000 as a result of FLOIR's uncontested determination that HIIQ was administering business on behalf of authorized insurers with Florida residents, in violation of Section 626.8805, Florida Statutes; denied as to any allegation that is inconsistent with or that is an incomplete recitation of the text of the document purportedly referenced in this paragraph; any remaining allegations are denied.

142.    Denied.

143.    The first two sentences of this paragraph are denied; as to the last sentence of the paragraph, Defendants lack knowledge or information sufficient to form a belief as to the truth or

falsity of the allegations pertaining to the specific numbers asserted and who owned how many shares of HIIQ stock as of "March 2018," therefore denied; any remaining allegations are denied.

144. Denied.

145. Denied.

146. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations, therefore denied.

147. Denied.

148. Denied.

149. Denied.

150. Denied.

151. Denied.

152. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations pertaining to what Plaintiff will rely upon, therefore denied; any remaining allegations are denied.

153. Denied.

154. Denied.

155. Defendants incorporate by reference answers to other paragraphs as if fully set forth herein.

156. Denied.

157. Denied.

158. Denied.

159. Denied.

160.    All allegations in this paragraph relate to the Dismissed Claims, which are no longer properly in this case, and are therefore denied.

161.    All allegations in this paragraph relate to the Dismissed Claims, which are no longer properly in this case, and are therefore denied.

162.    All allegations in this paragraph relate to the Dismissed Claims, which are no longer properly in this case, and are therefore denied.

163.    Defendants incorporate by reference answers to other paragraphs as if fully set forth herein.

164.    Denied.

165.    Denied.

Except as otherwise explicitly admitted herein, the Defendants deny each and every allegation and heading contained in the Complaint, including the Plaintiff's Prayer for Relief, including the Wherefore clause and paragraphs 1-4 of the Prayer for Relief, and Plaintiff's demand for a jury trial, and put Plaintiff to strict proof thereof.

WHEREFORE, the Defendants pray that the Court enter judgment as follows:

1. That judgment be entered in favor of the Defendants;

2. That Plaintiff take nothing from the Defendants by this Complaint, and that the Complaint be dismissed with prejudice;

3. Awarding costs, including attorneys' fees, disbursements expert witness fees, and court hearing costs, incurred herein; and

4. For such other relief as the Court deems just and proper.

Dated: October 11, 2019.

## AFFIRMATIVE AND OTHER DEFENSES

Defendants have not completed their full investigation of the facts of this case, have not completed discovery in this matter, and have not completed their preparation for trial. The defenses asserted herein are based on Defendants' knowledge, information, and belief at this time. Defendants specifically reserve the right to assert additional affirmative or other defenses and/or to modify, amend, or supplement any defense contained herein at any time. Without admitting any of the facts alleged in the Complaint or assuming any burden of proof, persuasion, or production not otherwise legally assigned to it as to any element of Plaintiff's claims, Defendants assert the following affirmative and other defenses:

### FIRST DEFENSE

The remaining claims asserted in the Complaint are barred, in whole or in part, by the Private Securities Litigation Reform Act of 1995.

### SECOND DEFENSE

The remaining claims asserted in the Complaint are barred, in whole or part, by the safe harbor provisions for forward-looking statements in the Private Securities Litigation Reform Act of 1995 (15 U.S.C. § 78u-5(c)) and Section 11 of the Securities Act of 1933 (15 U.S.C. § 77z-2(c)).

### THIRD DEFENSE

The remaining claims asserted in the Complaint are barred, in whole or in part, and neither Plaintiff nor the putative class is entitled to any recovery from Defendants under the Exchange Act, because Defendants did not make any untrue statement of material fact or omit to state any material fact required to be stated or necessary to make the statements made not misleading.

## FOURTH DEFENSE

The remaining claims asserted in the Complaint are barred, in whole or in part, because the substance of the information Plaintiff alleges was omitted or misrepresented was disclosed in HIIQ's public filings or other public sources or was otherwise known to the market.

## FIFTH DEFENSE

The remaining claims asserted in the Complaint are barred, in whole or in part, because the allegedly untrue statements of material fact and/or omissions of material fact relating to the basis for FLOIR's denial of HIIQ's Florida TPA Application were not material to the investment decisions of a reasonable investor in view of, *inter alia*, the total mix of available information.

## SIXTH DEFENSE

The remaining claims asserted in the Complaint are barred, in whole or in part, because neither Plaintiff nor any members of the putative class suffered any cognizable damages.

## SEVENTH DEFENSE

Expressly denying that Defendants engaged in any unlawful conduct, Plaintiff and/or any members of the putative class are barred from relief because, even if the remaining allegations asserted in the Complaint were true, the alleged damages are too speculative to give rise to the remaining claims asserted in the Complaint.

## EIGHTH DEFENSE

The remaining claims asserted in the Complaint are barred, in whole or in part, because Plaintiff and/or any putative class members have failed to mitigate their alleged damages (to which, in any event, they are not entitled) by failing to act reasonably under the circumstances and/or otherwise failing to sell the securities at issue upon learning of the alleged misrepresentation.

## NINTH DEFENSE

Neither HIIQ nor Mr. Hershberger is liable for any losses allegedly suffered by Plaintiff and/or any members of the putative class because acts or omissions of others or other factors or events over which HIIQ and Mr. Hershberger had no control constituted independent, intervening and superseding causes of such alleged losses.  In the alternative, any damages that Plaintiff and/or any putative class members may be entitled to recover against Defendants (of which there are none), must be reduced to the extent that such damages are attributable to the intervening acts and/or omissions of persons or entities other than Defendants.

## TENTH DEFENSE

The remaining claims asserted in the Complaint are barred, in whole or in part, because any increase or decrease in the market value of HIIQ stock held by Plaintiff and/or any putative class members was the result of market or other economic factors separate from the alleged wrongful conduct by Defendants.

## ELEVENTH DEFENSE

The remaining claims asserted in the Complaint are barred, in whole or in part, because they fail to allege facts sufficient to state a claim upon which relief may be granted.

## TWELFTH DEFENSE

The remaining claims asserted in the Complaint are barred, in whole or in part, because Plaintiff has no cognizable injury and therefore lacks standing.

## THIRTEENTH DEFENSE

The remaining claims asserted in the Complaint are barred, in whole or in part, because Plaintiff cannot establish actual and/or justifiable reliance upon the alleged misstatements or omissions in the disclosure in HIIQ's Quarterly Report on Form 10-Q filed with the SEC on August

4, 2017 relating to the basis for FLOIR's denial of HIIQ's Florida TPA Application.  Among other legal and factual defects, Plaintiff cannot establish a causal connection exists between Defendants' alleged conduct and any alleged injury through direct reliance, through the fraud-on-the-market presumption, or, because Defendants neither owed nor breached any duty to Plaintiff or to the putative class to disclose information allegedly omitted from the disclosure in HIIQ's Quarterly Report on Form 10-Q filed with the SEC on August 4, 2017 relating to the basis for FLOIR's denial of HIIQ's Florida TPA Application, through the *Affiliated Ute* presumption.

## FOURTEENTH DEFENSE

The remaining claims asserted in the Complaint are barred, in whole or in part, because Defendants acted with reasonable care with respect to the matters alleged to have been misrepresented in or misleadingly omitted from the disclosure in HIIQ's Quarterly Report on Form 10-Q filed with the SEC on August 4, 2017 relating to the basis for FLOIR's denial of HIIQ's Florida TPA Application.  Defendants had reasonable ground to believe, and did believe, at the time of the disclosure that the statements contained therein were true and did not contain omissions of material fact.

## FIFTEENTH DEFENSE

The remaining claims asserted in the Complaint are barred, in whole or in part, because HIIQ and Mr. Hershberger at all times acted in good faith and reasonably relied, after disclosure of all relevant facts, upon the work, opinions, advice, representations and/or information of others upon whom they were entitled to rely, including but not limited to HIIQ's attorneys, advisors, accountants, or other professionals, regarding the disclosure in HIIQ's Quarterly Report on Form 10-Q filed with the SEC on August 4, 2017 relating to the basis for FLOIR's denial of HIIQ's Florida TPA Application.

## SIXTEENTH DEFENSE

The remaining claims asserted in the Complaint are barred, in whole or in part, because Defendants lacked the requisite scienter, including specific intent to deceive, willfulness, and/or recklessness necessary to establish violations of the Exchange Act.

## SEVENTEENTH DEFENSE

The remaining claims asserted in the Complaint are barred, in whole or in part, because Plaintiff cannot establish loss causation.

## EIGHTEENTH DEFENSE

Defendants are absolved from any and all liability for the wrongs alleged in the remaining claims asserted in the Complaint by reason of their full compliance with all statutes, regulations, or other laws invoked by Plaintiff in the Complaint and in effect at the time of the conduct alleged in the remaining claims asserted in the Complaint.

## NINETEENTH DEFENSE

The remaining claims asserted in the Complaint are barred, in whole or in part, because this action may not be maintained as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

## TWENTIETH DEFENSE

Defendants preserve and assert all affirmative defenses available under any applicable law. Defendants presently have insufficient knowledge or information upon which to form a belief as to whether they may have other, as yet unstated, defenses available.  Therefore, Defendants reserve their right to supplement this Second Amended Answer and to assert additional defenses, cross-claims, and third party claims in the event that discovery or other means indicate that they would be appropriate, including but not limited to the delineation of such defenses against the putative

class members because no class has been certified, and the putative class members are not parties

to this litigation.

Dated:  Tampa, Florida
        October 11, 2019

                                              /s/ *Dennis P. Waggoner*
                                              Dennis P. Waggoner (FBN: 509426)
                                              dennis.waggoner@hwhlaw.com
                                              julie.mcdaniel@hwhlaw.com
                                              Carolina Y. Blanco (FBN: 98878)
                                              carolina.blanco@hwhlaw.com
                                              Hill Ward Henderson
                                              3700 Bank of America Plaza
                                              101 East Kennedy Boulevard
                                              Tampa, Florida  33602
                                              Phone number:  (813) 221-3900
                                              Facsimile number:  (813) 221-2900

                                              *Counsel for Defendants*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on October 11, 2019, a copy of the foregoing was filed with the Clerk of the Court using the CM/ECF electronic notification system, which will send a notice of electronic filing to all parties of record.


/s/ Dennis P. Waggoner
Attorney