# EXHIBIT 1

**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

IN RE HEALTH INSURANCE INNOVATIONS
SECURITIES LITIGATION

Case No. 8:17-cv-02186-TPB-SPF

**STIPULATION OF SETTLEMENT**

This Stipulation of Settlement dated June 22, 2020 (the "Stipulation"), is made and entered into by and among the following Settling Parties (as defined further in §IV(1)(1.26) below) to the above-captioned litigation (the "Litigation"): (i) Lead Plaintiff Robert Rector (as defined further in §IV(1)(1.12) below) (on behalf of himself and each of the proposed Settlement Class Members (as defined further in §IV(1)(1.24) below)), by and through his counsel of record in the Litigation; and (ii) remaining Defendants Health Insurance Innovations, Inc. (now known as Benefytt Technologies, Inc.) (hereinafter "HIIQ" or the "Company") (as defined further in §IV(1)(1.1) below) and Michael D. Hershberger (together with HIIQ, the "Defendants" (as defined further in §IV(1)(1.7) below)), by and through their counsel of record in the Litigation. The Stipulation is intended by the Settling Parties to fully, finally, and forever resolve, discharge, and settle the Released Claims (as defined further in §IV(1)(1.19) below), upon and subject to the terms and conditions hereof and subject to the approval of the United States District Court for the Middle District of Florida (the "Court").

## I.     THE LITIGATION

On and after September 11, 2017, the following actions were filed in the United States District Court for the Middle District of Florida, the United States District Court for the Southern District of New York, and the United States District Court for the Eastern District of New York, respectively, as putative class actions on behalf of persons who purchased or otherwise acquired certain publicly traded securities of HIIQ: (i) *Kavra v. Health Insurance Innovations, Inc.*, et al., 8:17-cv-02186-EAK-MAP; (ii) *Vigorito v. Health Insurance Innovations, Inc.*, et al., 1:17-cv-06962-WHP; and (iii) *Cioe Investments, Inc. v. Health Insurance Innovations, Inc.*, et al., 1:17-cv-05316-NG-ST. The *Vigorito* and *Cioe* actions were subsequently transferred to the United States District Court for the Middle District of Florida, where they were assigned docket numbers 8:17-cv-02845-EAK-JSS and 8:17-cv-02980-SDM-AAS, respectively. By order of the Court, the three actions were consolidated, Robert Rector was appointed as Lead Plaintiff, and his choice of counsel was approved by the Court pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA").

The operative complaint in the Litigation is the Consolidated Class Action Complaint for Violation of the Federal Securities Laws, filed on March 23, 2018 (the "Complaint"). The Complaint alleges claims against Defendants for violation of §§10(b) and 20(a) of the Securities Exchange Act of 1934, and Securities and Exchange Commission Rule 10b-5 promulgated thereunder.

On May 7, 2018, Defendants (together with former individual defendants Gavin T. Southwell and Michael W. Kosloske) moved to dismiss the Complaint. By Order dated June 28, 2019, the Court granted in part and denied in part Defendants' motion to dismiss the Complaint, including by dismissing both former individual defendants from the Litigation. Defendants answered the Complaint on August 12, 2019. Defendants amended their Answer first on September 3, 2019 and then again on October 11, 2019. Lead Plaintiff subsequently served Defendants with discovery requests and pursued discovery. On November 15, 2019, Plaintiff filed a motion for class

certification. On January 21, 2020, Defendants opposed Plaintiff's class certification motion. On January 23, 2020, Plaintiff moved for leave to file a class certification reply. The Court subsequently granted in part and denied in part Plaintiff's motion for leave to file a class certification reply. On March 6, 2020, Plaintiff filed his class certification reply. On March 24, 2020, Plaintiff and Defendants filed a joint motion to stay class certification proceedings pending mediation. On March 26, 2020, the Court struck Plaintiff's class certification reply and exhibits from the record *sua sponte*. On April 6, 2020, the Court stayed the Litigation to enable the parties to explore a possible settlement through mediation.

On April 30, 2020, the parties conducted a live mediation via videoconference with David Geronemus, Esq. (JAMS), during which the parties reached an agreement-in-principle to settle the Litigation for Two-Million Eight-Hundred-Thousand Dollars ($2,800,000) in cash.  On May 7, 2020, the Parties executed a Settlement Term Sheet memorializing the material terms of this settlement.  On May 11, 2020, the Parties filed a Joint Notice of Settlement with the Court.

## II.   CLAIMS OF THE LEAD PLAINTIFF AND BENEFITS OF SETTLEMENT

Lead Plaintiff believes that the claims asserted in the Litigation have merit. Lead Plaintiff and Lead Counsel, however, recognize and acknowledge the expense and duration of continued proceedings necessary to prosecute the Litigation against Defendants through trial and appeals. Lead Counsel also have taken into account the uncertain outcome and risks in complex actions such as this Litigation, as well as the difficulties and delays inherent in such litigation. Lead Counsel also are mindful of the potential problems of proof and possible defenses to the violations asserted in the Litigation. Lead Counsel believe that the Settlement set forth in this Stipulation confers substantial benefits upon the Settlement Class. Based on its evaluation, Lead Counsel has determined that the

Settlement set forth in this Stipulation is in the best interests of Lead Plaintiff and the Settlement Class.

## III.    DEFENDANTS' DENIALS OF WRONGDOING AND LIABILITY

Defendants have denied and continue to deny each and all of the claims and contentions alleged by Plaintiff in the Litigation. Defendants have expressly denied and continue to deny all charges of wrongdoing or liability whatsoever arising out of any of the conduct, statements, acts, or omissions alleged, or that could have been alleged, in the Litigation, and maintain that their conduct was at all times proper and in compliance with applicable provisions of law. Defendants further deny, *inter alia*, that they made any material misstatements or omissions in HIIQ's public filings, press releases, or other public statements, that Lead Plaintiff or the Settlement Class have suffered any damages, that the prices of HIIQ securities were artificially inflated by reasons of alleged misrepresentations, non-disclosures or otherwise, and that Lead Plaintiff or the Settlement Class were harmed by any conduct alleged in the Litigation or that could have been alleged therein. Mr. Hershberger further asserts that, at all relevant times, he acted in good faith and in a manner he reasonably believed to be in the best interests of the Company and its shareholders.

This Stipulation shall in no event be construed or deemed to be evidence of an admission or concession on the part of any Defendant with respect to any claim or of any fault, liability, wrongdoing, or damage whatsoever, or any infirmity in the defenses that Defendants have asserted. Defendants believe the Lead Plaintiff could not prove his claims or refute Defendants' defenses, but recognize the burden, inconvenience, expense, and uncertainty inherent in any litigation, and enter into this Stipulation to avoid further expense, inconvenience, and the distraction of burdensome and protracted litigation and secure releases to the fullest extent permitted by law.  Defendants' decision to settle the Litigation was based on the conclusion that further conduct of the Litigation would be protracted and expensive, and the determination that it is desirable and beneficial to settle the

Litigation in the manner and upon the terms and conditions set forth in this Stipulation and to put the Released Claims to rest finally and forever, without in any way acknowledging any wrongdoing, fault, liability, or damages to Lead Plaintiff and the Settlement Class.

## IV.    TERMS OF STIPULATION AND AGREEMENT OF SETTLEMENT

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and among Lead Plaintiff (for himself and the Settlement Class Members) and Defendants, by and through their respective counsel of record, that, without any admission or concession on the part of Lead Plaintiff regarding any lack of merit of the claims in this Litigation, and without any admission or concession on the part of Defendants of any liability or wrongdoing or lack of merit of their defenses in this Litigation, and subject to the approval of the Court, the Litigation and the Released Claims (defined below) shall be finally, fully, and forever compromised, settled, released, discharged, and dismissed with prejudice, as to all Settling Parties and all former individual defendants, upon and subject to the terms and conditions of this Stipulation, as follows:

### 1.    Definitions

As used in the Stipulation the following terms have the meanings specified below:

1.1    "HIIQ" or the "Company" means Health Insurance Innovations, Inc. (now known as Benefytt Technologies, Inc.).

1.2    "Authorized Claimant" means any Settlement Class Member whose claim for recovery has been allowed pursuant to the terms of the Stipulation and who submits a valid Proof of Claim and Release form to the Claims Administrator.

1.3    "Barred Claims" means claims for contribution or indemnity (whether contractual or otherwise), however denominated, arising out of, based upon or related to the claims and allegations asserted in the Litigation (or any other claims where the alleged injury to the entity/individual is the entity's/individual's actual or threatened liability to any Settlement Class Member), whether arising

under state, federal, or foreign law as claims, cross-claims, counterclaims, or third-party claims, whether asserted in this Court, in any federal or state court, or in any other court, arbitration proceeding, administrative agency, or other forum in the United States or elsewhere, and whether such claims are legal or equitable, known or unknown, foreseen or unforeseen, matured or discharged, satisfied or unsatisfied, and/or enforceable or unenforceable.

1.4    "Claims Administrator" means the firm of Epiq Class Action & Claims Solutions, Inc. located in Portland, Oregon.

1.5    "Class Period" means the period commencing on August 4, 2017 and ending on September 11, 2017, inclusive.

1.6    "Covered Transaction" means any transaction in HIIQ Class A common stock or exchange-traded put or call options on HIIQ Class A common stock during the Class Period.

1.7    "Defendants" means Health Insurance Innovations, Inc. (now known as Benefytt Technologies, Inc.) and Michael D. Hershberger.

1.8    "Effective Date" means the first date by which all of the events and conditions specified in ¶8.1 of the Stipulation have been met and have occurred.

1.9    "Escrow Agent" means Kahn Swick & Foti, LLC or its successor(s).

1.10    "Final" means when the last of the following with respect to the Order and Final Judgment, substantially in the form of Exhibit B attached hereto, has occurred: (i) the expiration of three (3) business days after the time for the filing of any motion to alter or amend the Order and Final Judgment under Federal Rule of Civil Procedure 59(e) without any such motion having been filed or, if such a motion is filed, an order denying such motion; (ii) the expiration of three (3) business days after the time for the filing or noticing of any appeal from the Order and Final Judgment without any appeal or notice of appeal having been filed; and (iii) if such an appeal is filed

or noticed, then three (3) business days after either (a) the Order and Final Judgment has been finally affirmed, the time for a petition for writ of certiorari to review the Order and Final Judgment has expired or, if certiorari is granted, the judgment following review pursuant to that grant has been finally affirmed; or (b) any appeal from the Order and Final Judgment or any proceeding on certiorari to review the Order and Final Judgment has been finally dismissed. For purposes of this paragraph, an "appeal" shall include any petition for a writ of certiorari or other writ that may be filed in connection with approval or disapproval of this Settlement, but shall not include any appeal that concerns only the issue of attorneys' fees and expenses or the Plan of Allocation of the Settlement Fund. Any proceeding or order, or any appeal or petition for a writ of certiorari pertaining solely to any plan of distribution and/or application for attorneys' fees, costs, or expenses, shall not in any way delay or preclude the Order and Final Judgment from becoming Final.

1.11    "Lead Counsel" means Kahn Swick & Foti, LLC or its successor(s).

1.12    "Lead Plaintiff" means the Court-appointed lead plaintiff Robert Rector.

1.13    "Notice Order" means the order described in ¶4.1 hereof.

1.14    "Order and Final Judgment" means the judgment to be rendered by the Court, substantially in the form attached hereto as Exhibit B (or in such other form as may be approved in writing by all of the Settling Parties acting by and through their respective counsel of record in the Litigation).

1.15    "Person" means an individual, corporation, limited liability corporation, professional corporation, limited liability partnership, partnership, limited partnership, limited liability company, association, joint stock company, joint venture, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal

entity and all of their respective spouses, heirs, beneficiaries, executors, administrators, predecessors, successors, representatives, or assignees.

1.16     "Plaintiff's Counsel" means any counsel who have appeared for the Plaintiff in the Litigation, including Liaison Counsel George Gesten McDonald, PLLC.

1.17     "Plan of Allocation" means a plan or formula of allocation of the Settlement Fund whereby the Settlement Fund shall be distributed to Authorized Claimants after payment of expenses of notice and administration of the Settlement, Taxes and Tax Expenses, and such attorneys' fees, costs, expenses, and interest as may be awarded by the Court. Any Plan of Allocation is not part of the Stipulation, and Defendants and the Released Persons shall have no responsibility or liability with respect thereto.

1.18     "Released Persons" means each and every past and current defendant named in this Litigation and, whether or not identified in any complaint filed in the Litigation, each past and current defendant's respective families, associates, affiliates, and each and all of their past or present directors, officers, employees, partners, member firms or affiliates, principals, agents, predecessors, successors, parents, subsidiaries, divisions, departments, joint ventures, attorneys, accountants, insurers, co-insurers and reinsurers, assigns, spouses, heirs, executors, trustees, general or limited partners or partnerships, limited liability companies, members, stockholders, underwriters, personal or legal advisors or representatives, estates, administrators, predecessors, successors and assigns or other individuals or entities in which the respective past or current defendant has a controlling interest or which is related to or affiliated with the respective past or current defendants, their associates, any related or affiliated entities, or any members of their immediate families, or any trusts for which any of them are trustees, settlors, or beneficiaries, and the predecessors, successors, administrators and assigns of each of the foregoing.

1.19   "Released Claims" means any and all claims (including "Unknown Claims" as defined in ¶1.27 below), rights, demands, obligations, damages, actions, suits, matters, issues, causes of action, or liabilities whatsoever, in law or in equity, accrued or unaccrued, fixed or contingent, direct, individual or representative, of every nature and description, whether known or unknown, whether arising under federal, state, local, common or foreign law or any other law, rule, or regulation, that arise out of or relate in any way, in whole or in part, directly or indirectly, to the purchase or sale of HIIQ securities during the Class Period and the acts, facts, transactions, events, occurrences, statements, disclosures, representations, filings, publications, disseminations, press releases, presentations, omissions, or failures to act that were, could have been, or could in the future be alleged or asserted by Lead Plaintiff or any member of the Settlement Class in the Litigation or in any other action in any court or forum. Released Claims do not include claims asserted on HIIQ's purported behalf in shareholder derivative actions, except that Lead Plaintiff agrees not to bring, or in any way to cause any other person to bring, any derivative claims in connection with, arising out of, related to, and/or based upon, in whole or in part, directly or indirectly, in any way, any acts, facts, wrongdoing, or any other matter alleged or asserted, or which could have been alleged or asserted, in the Litigation.

1.20   "Settled Defendants' Claims" means all claims, demands, losses, rights, and causes of action of any nature whatsoever, that have been or could have been asserted in the Litigation or any forum by the Defendants or any of them or the successors and assigns of any of them against the Lead Plaintiff, Settlement Class Members, or Plaintiff's Counsel, which arise out of or relate in any way to the institution, prosecution, assertion, settlement, or resolution of the Litigation (except for claims to enforce the Settlement or orders issued by the Court in connection with the Settlement); for the avoidance of doubt, "Settled Defendants' Claims" does not include any rights or claims of

Defendants against their insurers, or their insurers' subsidiaries, predecessors, successors, assigns, affiliates, or representatives, under or related to any policies of insurance.

     1.21    "Settlement" means the settlement of the Litigation as set forth in this Stipulation.

     1.22    "Settlement Amount" means the principal amount of Two-Million Eight-Hundred-Thousand Dollars ($2,800,000.00) in cash to be paid pursuant to ¶2.1 of this Stipulation.  Defendants shall not have any obligation whatsoever to pay any amount over and above the principal amount of Two-Million Eight-Hundred-Thousand Dollars ($2,800,000.00) in cash.

     1.23    "Settlement Class" means all Persons or entities who purchased or otherwise acquired HIIQ Class A common stock (trading symbol HIIQ) or exchange-traded call options on HIIQ Class A common stock, and all persons who sold (wrote) exchange-traded put options on HIIQ Class A common stock, between August 4, 2017 and September 11, 2017, inclusive. Excluded from the Settlement Class are Defendants, all current and former directors and officers of Health Insurance Innovations, Inc., each of their respective family members, and any affiliates controlled or owned by any of these excluded individuals and/or entities. Also excluded from the Settlement Class are those Persons who timely and validly request exclusion from the Settlement Class pursuant to the Notice (as defined in ¶4.1 herein).

     1.24    "Settlement Class Member" or "Settlement Class Members" mean any Person who falls within the definition of the Settlement Class as set forth in ¶1.23 of the Stipulation.

     1.25    "Settlement Fund" means the interest-bearing escrow account into which the Settlement Amount is to be paid. The Settlement Fund shall include the Settlement Amount plus any interest that may accrue thereon as provided for herein.

     1.26    "Settling Parties" means, collectively, each of the Defendants and the Lead Plaintiff on behalf of himself and each of the Settlement Class Members.

1.27    "Unknown Claims" means any and all Released Claims that Lead Plaintiff or any member of the Settlement Class does not know or suspect to exist in his, her, or its favor at the time of the release of the Released Persons, which if known by him, her or it might have affected his, her or its settlement with and release of the Released Persons or might have affected his, her or its decision not to object to the settlement or not exclude himself, herself, or itself from the Settlement Class. Lead Plaintiff and every member of the Settlement Class expressly waive, and by operation of the Order and Final Judgment shall be deemed to have waived and shall have waived, to the fullest extent permitted by law, any and all provisions, rights and benefits conferred by California Civil Code § 1542 (to the extent applicable), and any law of any state or territory of the United States, or principle of common law, or the law of any foreign jurisdiction, that is similar, comparable or equivalent to California Civil Code § 1542, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

Lead Plaintiff and the Settlement Class Members may hereafter discover facts in addition to or different from those which he, she, or it now knows or believes to be true with respect to the subject matter of the Released Claims, but Lead Plaintiff shall expressly, fully, finally, and forever settle and release, and each Settlement Class Member shall be deemed to have, and by operation of the Order and Final Judgment shall have, fully, finally, and forever settled and released, any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts.   Lead Plaintiff

acknowledges, and every member of the Settlement Class by law and operation of the Order and Final Judgment shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Released Claims was separately bargained for and was a material element of the Settlement.

### 2. The Settlement

#### a. The Settlement Fund

2.1     In consideration of the terms of this Settlement and the full and final settlement, resolution, release, and discharge of all Released Claims, HIIQ shall pay or cause to be paid the Settlement Amount, as follows: HIIQ shall deposit or cause to be deposited the Settlement Amount into the Settlement Fund within twenty (20) business days of the Court's entry of the Notice Order preliminarily approving the Settlement. Lead Counsel shall provide counsel for Defendants with wiring instructions for the Settlement Fund, the payee's W-9, and any other documents reasonably required by HIIQ to process the payments as expeditiously as possible and in any event within five (5) business days of the Court's entry of the Notice Order preliminarily approving the Settlement.

2.2     Other than the obligation of HIIQ to cause the Settlement Amount to be deposited into the Settlement Fund pursuant to ¶2.1 of the Stipulation, Defendants shall have no obligation to make any other payment pursuant to this Stipulation.

#### b. The Escrow Agent

2.3     The Escrow Agent shall invest any funds in excess of the $175,000 (advanced pursuant to ¶2.7 below) in short-term United States Agency or Treasury Securities (or a mutual fund invested solely in such instruments) and shall collect and reinvest all interest accrued thereon in the same instruments. Any funds held in escrow in an amount of less than or equal to $175,000 may be held in an interest-bearing bank account insured by the Federal Deposit Insurance Corporation. The interest from the Settlement Fund will accrue to the benefit of the Settlement Class upon the

Effective Date. All risks related to the investment of the Settlement Fund in accordance with the investment guidelines set forth in this paragraph shall be borne by the Settlement Fund, and the Released Persons shall have no responsibility for, interest in, or liability whatsoever with respect to investment decisions or the actions of the Escrow Agent, or any transactions executed by the Escrow Agent.

2.4     The Escrow Agent shall not disburse the Settlement Fund except as provided in the Stipulation, by an order of the Court, or with the prior written agreement among Plaintiff's Counsel and counsel for Defendants.

2.5     Subject to further order and/or direction as may be made by the Court, the Escrow Agent is authorized to execute such transactions on behalf of the Settlement Class Members as are consistent with the terms of the Stipulation.

2.6     All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis*, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

2.7     HIIQ agrees to advance $175,000 from the Settlement Amount to the Escrow Agent to be used by the Claims Administrator solely for costs in connection with the distribution of the Notice to the Settlement Class Members and the administration of the Settlement Fund pursuant to the Plan of Allocation ("Notice and Administration Component"). The Notice and Administration Component shall be paid to the Escrow Agent within twenty (20) business days of the Court's entry of the Notice Order preliminarily approving the Settlement. Within (5) business days after payment of the Notice and Administration Component, the Escrow Agent shall establish a "Notice and Administration Fund," and deposit the $175,000 from the Notice and Administration Component

13

Fund in it. The Notice and Administration Fund may also be invested and earn interest as provided for in ¶2.3 of this Stipulation.

2.8     The Notice and Administration Component shall be used, without further approval from Defendants or the Court, for the reasonable costs and expenses associated with identifying members of the Settlement Class and effecting mail notice and publication notice to the Settlement Class, and the administration of the Settlement, including, without limitation, the actual costs of publication, printing and mailing the Notice, reimbursements to nominee owners for forwarding notice to their beneficial owners, and the administrative expenses incurred and fees charged by the Claims Administrator in connection with providing notice and processing the submitted claims, provided that the foregoing costs and expenses shall not exceed $175,000. To the extent the foregoing costs and expenses do exceed $175,000, prior to the Effective Date, Lead Counsel shall apply to the Court for an order allowing for reimbursement from the Settlement Fund of the foregoing costs and expenses in excess of $175,000. Any costs and expenses in excess of $175,000 shall not be the responsibility of Defendants.

### c.     Taxes

2.9     (a)     The Settling Parties and their counsel agree that the Settlement Fund is intended to be a "qualified settlement fund" within the meaning of Treas. Reg. §1.468B-1. The Settling Parties and their counsel agree that the Settlement Fund should at all times be treated as being a "qualified settlement fund" within the meaning of Treas. Reg. § 1.468B-1. In addition, the Escrow Agent shall timely make such elections as necessary or advisable to carry out the provisions of this ¶2.9, including the "relation-back election" (as defined in Treas. Reg. §1.468B-1(j)(2)) back to the earliest permitted date. Such elections shall be made in compliance with the procedures and requirements contained in such Treasury regulations promulgated under §468B of the Internal Revenue Code of 1986, as amended (the "Code"). It shall be the responsibility of the Escrow Agent

14

to timely and properly prepare and deliver the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur.

(b)     For the purpose of §468B of the Code and the Treasury regulations promulgated thereunder, the Escrow Agent shall be designated as the "administrator" of the Settlement Fund. The Escrow Agent shall timely and properly file all informational and other tax returns necessary or advisable with respect to the Settlement Fund (including, without limitation, the returns described in Treas. Reg. §1.468B-2(k)). Such returns (as well as the election described in ¶2.9(a) hereof) shall be consistent with this ¶2.9 and in all events shall reflect that all Taxes as defined in ¶2.9(c) hereof (including any estimated Taxes, interest, or penalties) on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided in ¶2.9(c) hereof.

(c)     All: (a) taxes (including any estimated taxes, interest, or penalties) arising with respect to the income earned by the Settlement Fund, including any taxes or tax detriments that may be imposed upon Defendants or the Released Persons with respect to any income earned by the Settlement Fund for any period during which the Settlement Fund does not qualify as a "qualified settlement fund" for federal or state income tax purposes ("Taxes"); and (b) expenses and costs incurred in connection with the operation and implementation of this ¶2.9 (including, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs and expenses relating to filing (or failing to file) the returns described in this ¶2.9) ("Tax Expenses"), shall be paid out of the Settlement Fund. In no event shall Defendants or the Released Persons have any responsibility for or liability with respect to the Taxes or the Tax Expenses. The Escrow Agent shall indemnify and hold each of the Defendants and the Released Persons harmless for Taxes and Tax Expenses (including, without limitation, Taxes payable by reason of any such indemnification). Further, Taxes and Tax Expenses shall be treated as, and considered to be, a cost of administration of

15

the Settlement Fund and shall be timely paid by the Escrow Agent out of the Settlement Fund without prior order from the Court, and the Escrow Agent shall be obligated (notwithstanding anything herein to the contrary) to withhold from distribution to Authorized Claimants any funds necessary to pay such amount, including the establishment of adequate reserves for any Taxes and Tax Expenses (as well as any amounts that may be required to be withheld under Treas. Reg. §1.468B-2(1)(2)); neither Defendants nor the Released Persons are responsible therefor nor shall they have any liability with respect thereto.  The Settling Parties hereto agree to cooperate with the Escrow Agent, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of this ¶2.9.

(d)     For the purpose of this ¶2.9, references to the Settlement Fund shall include both the Settlement Fund and the Notice and Administration Component and shall also include any earnings thereon.

### 3.     Termination of Settlement

3.1     In the event that the Stipulation is not approved, or is terminated, canceled, or fails to become effective for any reason, including, without limitation, in the event the Order and Final Judgment is reversed or vacated following any appeal taken therefrom, or is successfully collaterally attacked, the Settlement Fund (including accrued interest), less reasonable expenses actually incurred or due and owing from the Settlement Fund for the notice and administration of the Settlement pursuant to ¶2.8 above, shall be refunded to HIIQ pursuant to written instructions provided by counsel for Defendants to the Escrow Agent in accordance with ¶8.6 herein.

### 4.     Notice Order and Settlement Hearing

4.1     Promptly after execution of the Stipulation, the Settling Parties shall submit the Stipulation together with its Exhibits to the Court, and Lead Counsel shall apply for entry of an order (the "Notice Order"), substantially in the form and content of Exhibit A attached hereto, requesting,

*inter alia*, the preliminary approval of the Settlement set forth in the Stipulation, approval for the mailing of the Notice of Pendency and Proposed Settlement of Class Action (the "Notice"), substantially in the form of Exhibit A-1 attached hereto, and approval of the publication of a Summary Notice, substantially in the form of Exhibit A-2 attached hereto. The Notice shall include the general terms of the Settlement set forth in the Stipulation, the proposed Plan of Allocation, the general terms of the Fee and Expense Application as defined in ¶7.1 below, and the date of the Settlement Hearing as defined in ¶4.2 below.

4.2      The Settling Parties agree to request that, after notice is given and not earlier than ninety (90) calendar days after the later of the dates on which the appropriate Federal official and the appropriate State officials are served with notice, the Court hold a hearing (the "Settlement Hearing") and finally approve the Settlement of the Litigation as set forth herein. At or after the Settlement Hearing, Lead Counsel also will request that the Court approve the proposed Plan of Allocation and the Fee and Expense Application, and the Settling Parties shall request and obtain from the Court the Order and Final Judgment (or a judgment substantially in the form of Exhibit B attached hereto).  The Order and Final Judgment shall contain a bar order substantially in the form set forth in Exhibit B that permanently bars, enjoins, and restrains any Person from commencing, prosecuting, or asserting any Barred Claims against any of the Released Persons, whether as claims, cross-claims, counterclaims, third-party claims, or otherwise, and whether asserted in the Litigation or any other proceeding, in this Court, in any federal or state court, or in any other court, arbitration proceeding, administrative agency, or other forum in the United States or elsewhere. The bar order shall be the broadest permitted under the PSLRA, but shall not release any claim by Defendants for insurance coverage, nor shall it bar shareholder derivative claims to the extent such derivative claims are permitted under the terms of ¶1.19 of this Stipulation.  Pursuant to the Class Action Fairness Act

("CAFA"), no later than ten (10) calendar days after this Settlement Agreement is filed with the Court, Defendants shall serve proper notice of the proposed Settlement upon those who are entitled to such notice pursuant to CAFA.  Defendants shall bear the cost of serving the CAFA notice.

4.3     Except for HIIQ's obligation to pay or cause payment of the Settlement Amount into the Settlement Fund as set forth herein, and to use best efforts to provide Lead Plaintiff with information from HIIQ's shareholder transfer records, if any, with respect to the identification of Settlement Class Members, Defendants and the Released Persons shall have no involvement, liability, obligation or responsibility for selection of the Claims Administrator, the claims administration process, the Plan of Allocation, or the distribution of the Net Settlement Fund (as defined below in ¶6.2(d) below) after approval.

**5.      Releases and Covenant Not to Sue**

5.1     The obligations incurred pursuant to this Stipulation shall be a full and final disposition of the Litigation, any and all Released Claims as against all Released Persons, and any and all Settled Defendants' Claims.

5.2     Upon the Effective Date, as defined in ¶1.8 hereof, the Lead Plaintiff, each and all of the Settlement Class Members and anyone claiming through or on behalf of any of them, and Plaintiff's Counsel shall be deemed to have, and by operation of the Order and Final Judgment shall have, fully, finally, and forever waived, released, relinquished, discharged, and dismissed all Released Claims against all Released Persons, and shall forever be barred and enjoined from commencing, instituting, intervening in or participating in, prosecuting or continuing to prosecute any action or other proceeding in any court of law or equity, arbitration tribunal, or administrative forum, or other forum of any kind or character (whether brought directly, in a representative capacity, derivatively, or in any other capacity), that asserts any of the Released Claims against any of the Released Persons, regardless of whether such Settlement Class Member executes and delivers

18

a Proof of Claim and Release, and whether or not such Settlement Class Member shares in the Settlement Fund.

5.3      Upon the Effective Date, as defined in ¶1.8 hereof, each of the Defendants shall be deemed to have, and by operation of the Order and Final Judgment shall have, fully, finally, and forever released, relinquished, and discharged Lead Plaintiff, each and all of the Settlement Class Members, and Plaintiff's Counsel from all Settled Defendants' Claims, and shall be forever barred and enjoined from commencing, instituting, intervening in or participating in, prosecuting or continuing to prosecute any action or other proceeding in any court of law or equity, arbitration tribunal, or administrative forum, or other forum of any kind or character (whether brought directly, in a representative capacity, derivatively, or in any other capacity), that asserts any of the Settled Defendants' Claims against Lead Plaintiff, any of the Settlement Class Members, or Plaintiff's Counsel.

5.4      Lead Plaintiff, each and all of the Settlement Class Members, and Plaintiff's Counsel agree and covenant not to file or pursue any of the Released Claims against any Released Persons between the date of this Stipulation and the Effective Date. The Settling Parties agree that, if the Settlement does not become Final, the period of time between the date of this Stipulation and the date that Defendants became aware that the Settlement would not become Final shall not be counted for purposes of any defense based on passage of time.

6.       **Administration and Calculation of Claims, Final Awards, and Supervision and Distribution of Settlement Fund**

6.1      The Claims Administrator, subject to such supervision and direction of the Court and/or Lead Counsel as may be necessary or as circumstances may require, shall administer and calculate the claims submitted by Settlement Class Members and shall oversee distribution of the Net Settlement Fund (defined below) to Authorized Claimants.

6.2     The Settlement Fund shall be applied as follows:

(a)     to pay all the costs and expenses reasonably and actually incurred in connection with providing notice, locating Settlement Class Members, soliciting Settlement Class claims, assisting with the filing of claims, administering and distributing the Net Settlement Fund to Authorized Claimants, processing Proof of Claim and Release forms, and paying escrow fees and costs, if any;

(b)     to pay the Taxes and Tax Expenses described in ¶2.9 above;

(c)     to pay Plaintiff's Counsel's attorneys' fees, expenses, and costs with interest thereon (the "Fee and Expense Award") and Lead Plaintiff's expenses, if and to the extent allowed by the Court; and

(d)     to distribute the balance of the Settlement Fund (the "Net Settlement Fund") to Authorized Claimants as allowed by the Stipulation, the Plan of Allocation, or the Court.

6.3     Upon the Effective Date and thereafter, and in accordance with the terms of the Stipulation, the Plan of Allocation, or such further approval and further order(s) of the Court as may be necessary or as circumstances may require, the Net Settlement Fund shall be distributed to Authorized Claimants, subject to and in accordance with the following:

(a)     Each Settlement Class Member who wishes to participate in the Net Settlement Fund shall be required to submit a Proof of Claim and Release form, substantially in a form approved by the Court, supported by such documents as are designated therein, including proof of the transactions claimed, or such other documents or proof as the Claims Administrator, in its discretion, may deem acceptable.  All Proof of Claim and Release forms must be submitted by the

date specified in the Notice unless such period is extended by order of the Court, in which case all Proof of Claim and Release forms must be submitted by the later date specified in that order;

       (b)      Any Settlement Class Member who fails to submit a Proof of Claim and Release form by the date specified in the Notice (or by the later date, if any, specified by order of the Court), shall be forever barred from receiving any payment pursuant to this Stipulation (unless, by order of the Court, a later-submitted Proof of Claim and Release form by such Settlement Class Member is approved), but shall in all other respects be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Order and Final Judgment to be entered in the Litigation and the releases provided for herein, and will be barred from bringing any action against the Released Persons concerning the Released Claims. A Proof of Claim and Release form shall be deemed to have been submitted when posted, if received with a postmark indicated on the envelope and if mailed by first-class mail and addressed in accordance with the instructions thereon. In all other cases, the Proof of Claim and Release form shall be deemed to have been submitted when actually received by the Claims Administrator. Notwithstanding the foregoing, Lead Counsel may, in its discretion, accept for processing late submitted claims so long as the distribution of the Net Settlement Fund to Authorized Claimants is not materially delayed;

       (c)      Each Proof of Claim and Release form shall be submitted to and reviewed by the Claims Administrator, who shall determine in accordance with this Stipulation and the approved Plan of Allocation the extent, if any, to which each claim shall be allowed, subject to review by the Court pursuant to subparagraph (e) below;

       (d)      Proof of Claim and Release forms that do not meet the submission requirements may be rejected. Prior to rejection of a Proof of Claim and Release form, the Claims Administrator shall communicate with the claimant in order to remedy any curable deficiencies in

the Proof of Claim and Release form submitted. The Claims Administrator shall notify, in a timely fashion and in writing, all claimants whose Proof of Claim and Release forms it proposes to reject in whole or in part, setting forth the reasons therefor, and shall indicate in such notice that the claimant whose claim is to be rejected has the right to a review by the Court if the claimant so desires and complies with the requirements of subparagraph (e) below;

(e)     If any claimant whose claim has been rejected in whole or in part desires to contest such rejection, the claimant must, within twenty (20) calendar days after the date of mailing of the notice required in subparagraph (d) above, serve upon the Claims Administrator a notice and statement of reasons indicating the claimant's grounds for contesting the rejection, along with any supporting documentation, and requesting a review thereof by the Court. If a dispute concerning a claim cannot be otherwise resolved, Lead Counsel shall thereafter present the request for review to the Court; and

(f)     The Net Settlement Fund shall be distributed to the Authorized Claimants substantially in accordance with the Plan of Allocation described in the Notice and approved by the Court.

6.4     Except for HIIQ's obligation to pay or cause payment of the Settlement Amount into the Settlement Fund as set forth herein, and to cooperate in the production of information with respect to the identification of Settlement Class Members from HIIQ's shareholder transfer records, as provided herein, Defendants and the Released Persons shall have no responsibility for, interest in, or liability whatsoever with respect to the investment or distribution of the Settlement Fund (except insofar as HIIQ retains the right to a potential refund of the Settlement Amount and accrued interest thereon pursuant to the terms of ¶8.6 hereof), the Plan of Allocation, the determination, administration, or calculation of claims, the payment or withholding of Taxes or Tax Expenses, or

any losses incurred in connection therewith. Lead Plaintiff and Lead Counsel shall be solely responsible for formulation of the Plan of Allocation of the Settlement Amount to claimants of the Settlement Fund.

6.5     No Person shall have any claim against Lead Plaintiff, the Escrow Agent, Plaintiff's Counsel or any Claims Administrator, or Defendants, the Released Persons, or counsel for Defendants based on distribution determinations or claim rejections made substantially in accordance with the Stipulation and the Settlement contained herein, the Plan of Allocation, or further order(s) of the Court.

6.6     If there is any balance remaining in the Net Settlement Fund after six (6) months from the date of distribution of the Net Settlement Fund (whether by reason of tax refunds, uncashed checks, or otherwise), then, after the Claims Administrator has made reasonable and diligent efforts to have Settlement Class Members who are entitled to participate in the distribution of the Net Settlement Fund cash their distributions, any balance remaining shall be re-distributed among Authorized Claimants in an equitable and economic manner and any remainder donated to an appropriate non-profit 501(c)(3) organization recommended by Lead Counsel and approved by the Court.

6.7     It is understood and agreed by the Settling Parties that any proposed Plan of Allocation of the Net Settlement Fund including, but not limited to, any adjustments to an Authorized Claimant's claim set forth therein, is not a necessary term of the Stipulation and is to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement set forth in the Stipulation, and any order or proceeding relating to the Plan of Allocation shall not operate to terminate or cancel the Stipulation or affect the finality of

the Court's Order and Final Judgment approving the Stipulation and the Settlement set forth therein, or any other orders entered pursuant to the Stipulation.

### 7. Plaintiff's Counsel's Attorneys' Fees and Expenses

7.1     Lead Counsel may submit an application or applications (the "Fee and Expense Application") for distributions to it from the Settlement Fund for: (a) an award of attorneys' fees from the Settlement Fund; (b) payment of expenses and costs incurred in connection with prosecuting the Litigation; (c) any interest on such attorneys' fees, costs, and expenses at the same rate and for the same periods as earned by the Settlement Fund; and (d) reimbursement for the expenses of Lead Plaintiff, pursuant to 15 U.S.C. §78u-4(a)(4). Lead Counsel reserves the right to make additional applications for fees and expenses incurred to be paid out of the Settlement Fund.

7.2     The attorneys' fees, expenses, and costs, including the fees of experts and consultants, as awarded by the Court, shall be paid to Lead Counsel from the Settlement Fund, as ordered, five (5) business days after the Court executes an order awarding such fees and expenses. Lead Counsel shall thereafter allocate, subject to the conditions below, the attorneys' fees amongst Plaintiff's Counsel in a manner in which it in good faith believes reflects the contributions of such counsel to the prosecution and settlement of the Litigation. In the event that the Effective Date does not occur, or the Order and Final Judgment or the order making the Fee and Expense Award is reversed or modified, or the Stipulation is canceled or terminated for any other reason, and in the event that the Fee and Expense Award has been paid to any extent, then Plaintiff's Counsel, including their law firms, partners, and/or shareholders, shall within fifteen (15) business days from receiving notice from a court of appropriate jurisdiction, refund to the Settlement Fund the fees, expenses, and costs previously paid to them from the Settlement Fund plus interest thereon at the same rate as earned on the Settlement Fund in an amount consistent with such reversal or modification, and the refunded amount shall thereafter be distributed by the Escrow Agent to HIIQ pursuant to the terms of ¶8.6

24

hereof.  Each such Plaintiff's Counsel's law firm, as a condition of receiving such fees and expenses, on behalf of itself and each partner and/or shareholder of it, agrees that the law firm and its partners and/or shareholders are subject to the jurisdiction of the Court for the purpose of enforcing the provisions of this paragraph.

7.3     The procedure for and allowance or disallowance by the Court of any application by Lead Counsel for attorneys' fees and expenses, including the fees and expenses of experts and consultants, to be paid out of the Settlement Fund, are not part of the Settlement set forth in this Stipulation and are to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement set forth in this Stipulation.  Any order or proceedings relating to the Fee and Expense Application, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to terminate or cancel the Stipulation, or affect or delay the finality of the Order and Final Judgment approving the Stipulation and the Settlement of the Litigation set forth herein.

7.4     Defendants and the Released Persons shall have no responsibility for, and no liability whatsoever with respect to, any payment to Plaintiff's Counsel, from the Settlement Fund or otherwise.

7.5     Defendants and the Released Persons shall have no responsibility for, and no liability whatsoever with respect to, the allocation among Plaintiff's Counsel, and/or any other Person who may assert some claim thereto, of any Fee and Expense Award that the Court may make in the Litigation.

**8.     Conditions of Settlement, Effect of Disapproval, Cancellation or Termination**

8.1     The Effective Date of the Stipulation shall be conditioned on the occurrence of all of the following events:

25

(a)      the Court has entered the Notice Order, as required by ¶4.1 hereof;

(b)      the Settlement Amount has been paid, as required by ¶2.1 above;

(c)      the Court has approved this Stipulation, following notice to the Settlement Class Members and the Settlement Hearing, as prescribed by Rule 23 of the Federal Rules of Civil Procedure;

(d)      the Court has entered the Order and Final Judgment, or a judgment substantially in the form of Exhibit B attached hereto; and

(e)      the Order and Final Judgment has become Final, as defined in ¶1.10 hereof.

8.2      Upon the occurrence of all of the events referenced in ¶8.1 hereof, any and all remaining interest or right of Defendants in or to the Settlement Fund, if any, shall be absolutely and forever extinguished. If it becomes clear that any of the conditions specified in ¶8.1 hereof cannot or will not be met, then the Stipulation shall be canceled and terminated subject to ¶¶8.6-8.8 hereof unless Lead Counsel and counsel for Defendant mutually agree in writing to otherwise proceed with the Settlement.  None of the Settling Parties, or any of them, shall have any obligation whatsoever to proceed under any terms other than provided for and agreed herein. Without limitation of any Settling Party's other rights or remedies at law or in equity to enforce its rights against any other Settling Party that breaches its obligations under this Stipulation, no breach by any Settling Party of its obligations under this Stipulation shall permit any other Party (i) to terminate this Stipulation, except to the extent that the terms of this Stipulation expressly authorize such termination and termination is undertaken in accordance with such terms, or (ii) after the Effective Date to affect or impair the disposition of the Litigation or release of claims contemplated by ¶¶5.1-5.4 herein.

8.3     Any of the Settling Parties may terminate the Settlement and this Stipulation by providing written notice no later than twenty (20) calendar days following (a) a Court order declining to (i) certify the Settlement Class or altering in any material respect the scope or definition of the Settlement Class; (ii) enter the Notice Order preliminarily approving the Settlement in any material respect; (iii) grant final approval to the Settlement in any material respect; or (iv) enter the Order and Final Judgment in any material respect; (b) the Order and Final Judgment being vacated, modified, or reversed in any material respect; (c) the Effective Date (as defined herein) of the Settlement not otherwise occurring; or (d) any material term of the Settlement as set forth in herein not being satisfied.

8.4     As set forth in a separate document executed concurrently with this Stipulation (the "Supplemental Agreement"), HIIQ shall also have the option, in its sole and absolute discretion, to terminate the Settlement and this Stipulation in the event that Settlement Class Members collectively representing more than a certain specified percentage of the total number of HIIQ Class A common shares outstanding choose to exclude themselves from the Settlement Class.  For avoidance of doubt, the final sentence of the definition of "Settlement Class" provided in ¶1.23 herein shall not apply with respect calculating the percentage of the total number of HIIQ Class A common shares pursuant to this ¶8.4 or the Supplemental Agreement.  The Supplemental Agreement will not be filed with the Court unless requested by the Court or unless a dispute arises among the Settling Parties concerning its interpretation or application. Although the terms of the Supplemental Agreement are not explicitly set forth herein, they are a material and integral part of this Stipulation.

8.5     The Settlement Hearing shall be held at a date and time convenient to the Court, at the Sam M. Gibbons United States Courthouse, United States District Court for the Middle District of Florida, 801 North Florida Avenue, Tampa, Florida 33602 or at such other location as determined by

the Court, to determine whether the proposed Settlement of the Litigation on the terms and conditions provided for in this Stipulation is fair, reasonable, and adequate as to the Settlement Class and should be approved by the Court; whether an Order and Final Judgment as provided in ¶1.14 should be entered herein; whether the proposed Plan of Allocation should be approved; and to determine the amount of fees and expenses that should be awarded to Plaintiff's Counsel.

8.6     Unless otherwise ordered by the Court, in the event the Stipulation is terminated, or is canceled, or shall not become effective for any reason, within fifteen (15) business days after written notification of such event is sent by counsel for Defendants or Lead Counsel to the Escrow Agent, subject to the terms of ¶3.1 hereof, the Settlement Fund (including accrued interest), less any expenses and any costs which have either been properly disbursed pursuant to ¶2.7 or ¶2.8 hereof or are determined to be chargeable to the Settlement Fund for the notice and administration of the Settlement pursuant to ¶2.8 herein, shall be refunded by the Escrow Agent to HIIQ plus accrued interest attributable to that amount by wire transfer pursuant to written instructions from counsel for Defendants. At the request of counsel for Defendants, the Escrow Agent or its designee shall apply for any tax refund owed to the Settlement Fund and pay the proceeds, after deduction of any fees or expenses reasonably incurred in connection with such application(s) for refund, to HIIQ.

8.7     In the event that the Stipulation is not approved by the Court or the Settlement set forth in the Stipulation is terminated or fails to become effective in accordance with its terms, the Settling Parties shall be restored *nunc pro tunc* to their respective positions in the Litigation as of April 30, 2020.  In such event, the terms and provisions of the Stipulation, with the exception of ¶¶1.1-1.27, 3.1, 7.2-7.5, 8.1-8.8, 9.1, 10.1, and 11.6 hereof, shall have no further force and effect and shall not be used in the Litigation or in any other proceeding for any purpose, and any judgment or order entered by the Court in accordance with the terms of the Stipulation shall be treated as vacated,

28

*nunc pro tunc*. No order of the Court or modification or reversal on appeal of any order of the Court concerning the Plan of Allocation or the amount of any attorneys' fees, costs, expenses, and interest awarded by the Court to Lead Plaintiff or Plaintiff's Counsel shall constitute grounds for cancellation or termination of the Stipulation.

8.8     If the Effective Date does not occur, or if the Stipulation is terminated pursuant to its terms, neither Lead Plaintiff nor Plaintiff's Counsel shall have any obligation to repay any amounts actually and properly disbursed from the Settlement Fund for the notice and administration of the Settlement pursuant to ¶¶2.7-2.8 hereof. In addition, any expenses already incurred and properly chargeable to the Settlement Fund for the notice and administration of the Settlement pursuant to ¶¶2.7-2.8 hereof at the time of such termination or cancellation, but which have not been paid, shall be paid by the Escrow Agent in accordance with the terms of the Stipulation prior to the balance being refunded in accordance with ¶8.6 hereof.

**9.     Class Certification**

9.1     For purposes of this Stipulation and Settlement only, and subject to approval of the Court in accordance with Rule 23(e) of the Federal Rules of Civil Procedure, the Settling Parties stipulate to certification of the Settlement Class, as defined herein, and the appointment of Lead Plaintiff as class representative of the Settlement Class. In the event that the Settlement upon the terms and conditions set forth in this Stipulation is not approved by the Court, is terminated, or the Effective Date (*see* ¶1.8 above) does not occur for any reason, the certification of the Settlement Class automatically shall be revoked without requiring any additional action by the Settling Parties or the Court. In such event, Defendants reserve their right to object for any and all reasons to the certification of any class or sub-class or to the appointment of the Lead Plaintiff as a class representative, and this Stipulation shall not be used or considered in any way in connection with class certification or class representation.

29

10.     **No Admission of Wrongdoing**

10.1    This Stipulation, whether or not consummated, and any negotiations, discussions, or proceedings in connection herewith shall not be:

(a)     used, offered or received against any Defendant or Released Person as evidence of or construed as or deemed to be evidence of any presumption, concession, or admission by any Defendant or Released Person of the truth of any allegations by Lead Plaintiff or the validity of any claim that has been or could have been asserted in the Litigation, or the deficiency of any defense that has been or could have been asserted in the Litigation, or of any liability, negligence, fault, or wrongdoing of the Defendants, the Released Persons, or any of them;

(b)     used, offered or received against any Defendant or Released Person as evidence of or construed as or deemed to be evidence of any presumption, concession, or admission by any Defendant or Released Person that any damages were suffered by Lead Plaintiff, the Settlement Class, or anyone else;

(c)     used, offered or received against any Defendant or Released Person as evidence of or construed as or deemed to be evidence of any presumption, concession, admission of any fault, misrepresentation, or omission with respect to any statement or written document approved or made by any Defendant or Released Person, or against Lead Plaintiff or any Settlement Class Member as evidence of any infirmity in the claims of Lead Plaintiff and the Settlement Class;

(d)     used, offered or received against any Defendant or Released Person as evidence of or construed as or deemed to be evidence of any presumption, concession, or admission of any liability, negligence, fault, or wrongdoing, or in any way referred to for any other reason as against any of the parties to this Stipulation, in any other civil, criminal, or administrative action or proceeding in any court, administrative agency, or other forum, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation; provided, however, that if this

30

Stipulation is approved by the Court, Defendants, the Released Persons, and any of them may refer to the Stipulation to effectuate the releases granted them hereunder; or

(e)      used, offered or received against any Defendant, Released Person, Lead Plaintiff, or Settlement Class Member as evidence of or construed as or deemed to be evidence of any presumption, concession, or admission that the consideration to be given hereunder represents an amount equal to, less than, or greater than any amount which could have or would have been recovered after trial.

### 11.    Miscellaneous Provisions

11.1    The Settling Parties (a) acknowledge that it is their intent to consummate this agreement; and (b) agree, subject to their fiduciary and other legal obligations, to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of the Stipulation and to exercise their reasonable best efforts to accomplish the foregoing terms and conditions of the Stipulation. Lead Counsel and counsel for Defendants shall cooperate with one another in seeking Court approval of the Notice Order and the Stipulation and the Settlement, and to promptly agree upon and execute all such other documentation as may be reasonably required to obtain final approval of the Settlement. The Settling Parties understand that there are no admissions of liability by Defendants, and the Settling Parties shall, in good faith, endeavor to communicate the terms of the settlement in a manner that is respectful of the fact that no final adjudication of fault was determined by a court or jury.

11.2    This Stipulation, the Exhibits attached hereto, and the Supplemental Agreement constitute the entire agreement between the Settling Parties as to the subject matter hereof and supersede any prior or contemporaneous written or oral agreements or understandings between the Settling Parties. No representations, warranties, or inducements have been made to any party

concerning the Stipulation, its Exhibits, or the Supplemental Agreement, other than the representations, warranties, and covenants contained and memorialized in such documents.

11.3    Except as otherwise provided for herein, each party shall bear his, her or its own costs.

11.4    The Settling Parties intend this Settlement to be a final and complete resolution of all disputes between them with respect to the Litigation, as well as any disputes which could have been raised in the Litigation by Lead Plaintiff, the Settlement Class Members, and each or any of them, against Defendants, the Released Persons, counsel for Defendants, and each or any of them, on the one hand, and by Defendants, the Released Persons, and each or any of them, against Lead Plaintiff, Lead Counsel, and each or any of them, on the other hand. The Settlement compromises all claims that were contested and shall not be deemed an admission by any Settling Party as to the merits of any claim or defense. The Order and Final Judgment will contain a statement that, during the course of the Litigation, the Settling Parties and their respective counsel at all times complied fully with the requirements of good faith litigation under the Securities Exchange Act, the Federal Rules of Civil Procedure (including Federal Rule of Civil Procedure 11), and any similar provision of state law. The Settling Parties agree that the Settlement Amount and the other terms of the Settlement were negotiated at arm's length and in good faith by the Settling Parties and reflect a settlement that was reached voluntarily after consultation with competent legal counsel. The Settling Parties shall not take the position that the Litigation was brought or defended in bad faith or in violation of Rule 11 or the PSLRA, and each Settling Party reserves its right to rebut, in a manner that such party determines to be appropriate, any contention made in any public forum that the Litigation was brought or defended in bad faith or without a reasonable basis.

11.5    Defendants and/or the Released Persons may file the Stipulation and/or the Order and Final Judgment in any action that may be brought against them in order to support a defense, claim, or counterclaim based on principles of *res judicata*, collateral estoppel, release and discharge, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim. Lead Plaintiff understands, acknowledges, and agrees that Defendants have denied and continue to deny all claims of wrongdoing, liability, and damages alleged in the Litigation.

11.6    Except as otherwise provided for herein, all agreements made and orders entered during the course of the Litigation relating to the confidentiality of information shall survive this Stipulation.

11.7    All of the Exhibits to the Stipulation are material and integral parts hereof and are fully incorporated herein by this reference.

11.8    The Stipulation may be amended or modified only by a written instrument signed by or on behalf of all Settling Parties or their respective successors-in-interest.

11.9    Lead Counsel, on behalf of the Settlement Class, is expressly authorized by Lead Plaintiff to take all appropriate action required or permitted to be taken by the Settlement Class pursuant to the Stipulation to effectuate its terms and also are expressly authorized to enter into any modifications or amendments to the Stipulation on behalf of the Settlement Class which Lead Counsel deems appropriate.

11.10    Each counsel or other person executing the Stipulation or any of its Exhibits on behalf of any party hereto hereby warrants that such person has the full authority to do so and that they have the authority to take appropriate action required or permitted to be taken pursuant to the Stipulation to effectuate its terms.

11.11   The Stipulation may be executed in one or more counterparts, including by signature transmitted via an electronically generated or recorded image of the signature in .pdf or .tif file format transmitted via e-mail. All executed counterparts and each of them shall be deemed to be one and the same instrument. A complete set of original executed counterparts shall be filed with the Court.

11.12   The Stipulation shall be binding upon, and inure to the benefit of, the successors and assigns of the Settling Parties and the Released Persons.

11.13   With the exception of the matters expressly declared subject to mediation in ¶11.14 hereto, the Court shall retain jurisdiction with respect to implementation and enforcement of the terms of the Stipulation, and the Settling Parties submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement embodied in the Stipulation.

11.14   Any claim or dispute among the parties arising out of, relating to, or in connection with the interpretation or implementation of the terms of the Stipulation shall be presented initially for mediation before David Geronemus, Esq. (JAMS), or such other mediator upon whom the parties shall mutually agree, first by way of executed telephonic mediation and if unsuccessful, then by way of final, binding, non-appealable resolution. The parties participating in a mediation shall pay an equal share of the mediator's fees. If the mediator certifies that the parties have participated in mediation in good faith but have been unable to resolve their disputes, the parties then retain all their rights to present any issues to the Court as provided for in the Federal Rules of Civil Procedure.

11.15   The waiver by one party of any breach of this Stipulation by any other party shall not be deemed a waiver by any other party or a waiver of any other prior or subsequent breach of this Stipulation.

11.16   The Stipulation and the Exhibits attached hereto shall be considered to have been negotiated, executed, and delivered, and to be wholly performed, in the State of Florida, and the rights and obligations of the parties to the Stipulation shall be construed and enforced in accordance with, and governed by, the internal, substantive laws of the State of Florida without giving effect to that State's choice-of-law principles.

11.17   The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

11.18   This Stipulation shall not be construed more strictly against one party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Settling Parties, it being recognized that it is the result of arm's-length negotiations between the Settling Parties and the Settling Parties have contributed substantially and materially to the preparation of this Stipulation.

11.19   Whenever this Stipulation requires or contemplates that one party shall or may give notice to another, notice shall be provided by electronic mail or next-day (excluding Saturday and Sunday) express delivery service as follows and shall be deemed effective upon such transmission or delivery, to the email or business address, as the case may be, set forth below:

| If to Defendants, then to: | If to Lead Plaintiff, then to: |
|---|---|
| Robert F. Serio<br>**GIBSON, DUNN & CRUTCHER LLP**<br>200 Park Avenue<br>New York, New York 10166<br>Telephone: (212) 351-4000<br>Email: RSerio@gibsondunn.com | Ramzi Abadou<br>**KAHN SWICK & FOTI, LLP**<br>912 Cole Street, # 251<br>San Francisco, CA 94117<br>Telephone: (504) 455-1400<br>Email: Ramzi.Abadou@ksfcounsel.com |

11.20   In computing any period of time prescribed or allowed by this Stipulation or by order of the Court, the day of the act, event, or default from which the designated period of time begins to

run shall not be included.  The Settling Parties reserve the right, subject to Court approval, to make any reasonable extensions of time that might be necessary to carry out any of the provisions of this Stipulation.

     11.21   This Stipulation supersedes the Settlement Term Sheet dated May 7, 2020.

     FOR FORMATTING PURPOSES, THE REMAINDER OF THIS PAGE IS BLANK.

IN WITNESS WHEREOF, the parties hereto have caused the Stipulation to be executed, by their duly authorized attorneys dated June 22, 2020.

DATED:  June 22, 2020

**KAHN SWICK & FOTI, LLP**

By: _____
Ramzi Abadou (admitted *pro hac vice*)
(California Bar #222567)
ramzi.abadou@ksfcounsel.com
912 Cole Street, # 251
San Francisco, CA 94117
Telephone: (504) 455-1400
Facsimile: (504) 455-1498

**KAHN SWICK & FOTI, LLC**
Alexander L. Burns (*admitted pro hac vice*)
(Louisiana Bar #31076)
alexander.burns@ksfcounsel.com
Alayne K. Gobeille (*admitted pro hac vice*)
(Louisiana Bar #33856)
alayne.gobeille@ksfcounsel.com
1100 Poydras Street, Suite 3200
New Orleans, LA 70163
Telephone: 504-455-1400
Facsimile: 504-455-1498

*Counsel for Robert Rector and
Lead Counsel for the Class*


**GEORGE GESTEN MCDONALD, PLLC**


David J. George
Florida Bar No.: 898570
dgeorge@4-Justice.com
9897 Lake Worth Road, Suite 302
Lake Worth, FL 33467
Telephone: (561) 232-6000

*Liaison Counsel for the Class*

37

**GIBSON, DUNN & CRUTCHER LLP**

DATED:  June 22, 2020

By: _Robert F. Serio_____

Robert F. Serio (PHV)
Aric H. Wu (PHV)
William J. Moccia (PHV)
Luke A. Dougherty (PHV)
200 Park Avenue
New York, NY 10166-0193
Telephone: (212) 351-4000
RSerio@gibsondunn.com
AWu@gibsondunn.com
WMoccia@gibsondunn.com
LDougherty@gibsondunn.com


**HILL WARD HENDERSON**

Dennis P. Waggoner (FBN: 509426)
Carolina Y. Blanco (FBN: 98878)
101 East Kennedy Blvd., Suite 3700
Tampa, Florida 33602
Telephone: (813) 221-3900
Facsimile: (813) 221-2900
dennis.waggoner@hwhlaw.com
carolina.blanco@hwhlaw.com

*Counsel for Defendants*
*Health Insurance Innovations, Inc.*
*and Michael D. Hershberger*

38

# EXHIBIT A

**UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

| | |
|---|---|
| IN RE HEALTH INSURANCE INNOVATIONS SECURITIES LITIGATION | Case No. 8:17-cv-02186-TPB-SPF |

**[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT
AND PROVIDING FOR NOTICE**

WHEREAS, this consolidated putative class action (the "Litigation") comes before the Court on Lead Plaintiff's Unopposed Motion for Preliminary Approval of Settlement ("Motion") and on the Stipulation of Settlement dated June 22, 2020 (the "Stipulation") entered into by Lead Plaintiff Robert Rector ("Lead Plaintiff") and remaining Defendants Health Insurance Innovations, Inc. (now known as Benefytt Technologies, Inc.) (hereinafter "HIIQ" or the "Company") and Michael D. Hershberger (together with HIIQ, the "Defendants") (all together, the "Parties"), by and through their respective counsel. The Stipulation is subject to review under Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"). Together with the exhibits attached thereto, the Stipulation sets forth the terms and conditions for the proposed settlement of the claims alleged in the Consolidated Class Action Complaint for Violation of Federal Securities Laws filed with the Court on March 23, 2018; and

WHEREAS, the Court is familiar with and has reviewed the record in the Litigation and has reviewed the Motion and the Stipulation, together with the exhibits attached thereto and incorporated by reference therein, and found good cause for entering the following Order;

**NOW, THEREFORE, IT IS HEREBY ORDERED**:

1

1.     Pursuant to this Court's Order dated May 11, 2020, Local Rule 3.08(b), this Litigation is re-opened for the purposes of settlement approval in accordance with Fed. R. Civ. P. 23(e).

2.     This order (the "Preliminary Approval Order") hereby incorporates by reference the definitions in the Stipulation and all terms used herein shall have the same meanings as set forth in the Stipulation.

3.     The Court certifies, solely for purposes of effectuating the Settlement, pursuant to Rule 23, a class consisting of all Persons or entities who purchased or otherwise acquired HIIQ Class A Common Stock (trading symbol HIIQ) or exchange-traded Call Options on HIIQ Class A Common Stock, and all persons who sold (wrote) exchange-traded Put Options on HIIQ Class A Common Stock between August 4, 2017 and September 11, 2017, inclusive (the "Settlement Class"). Excluded from the Settlement Class are Defendants, all current and former directors and officers of Health Insurance Innovations, Inc., each of their respective family members, and any affiliates controlled or owned by any of these excluded individuals and/or entities. Also excluded from the Settlement Class are those Persons who timely and validly request exclusion from the Settlement Class pursuant to the Notice sent to potential Settlement Class Members.

4.     Pursuant to Rule 23 and for purposes of settlement only, the Court preliminarily certifies Lead Plaintiff Robert Rector as Settlement Class Representative for the Settlement Class, and appoints Kahn Swick & Foti, LLC as Lead Counsel for the Settlement Class ("Settlement Class Lead Counsel").  Settlement Class Counsel is authorized to act on behalf of the Settlement Class with respect to all acts required by, or which may be undertaken

pursuant to, the Stipulation or such other acts that are reasonably necessary to consummate the proposed Settlement set forth in the Stipulation.

5.      With respect to the Settlement Class, the Court preliminarily finds, solely for purposes of effectuating the Settlement, that the prerequisites for a class action under Rules 23(a) and (b)(3) have been satisfied. The members of the Settlement Class are so numerous that joinder of all Settlement Class Members in the class action is impracticable and there are questions of law and fact common to the Settlement Class which predominate over any individual questions. The claims of Lead Plaintiff are typical of the claims of the Settlement Class and Lead Plaintiff and their counsel have fairly and adequately represented and protected the interests of all of the Settlement Class Members. A class action is also superior to other available methods for the fair and efficient adjudication of the controversy, considering: (a) the interests of the members of the Settlement Class in individually controlling the prosecution of the separate actions; (b) the extent and nature of any litigation concerning the controversy already commenced by members of the Settlement Class; (c) the desirability or undesirability of continuing the litigation of these claims in this particular forum; and (d) the difficulties likely to be encountered in the management of the class action.

6.      The Court preliminarily approves: (i) the Settlement of the Litigation as set forth in the Stipulation, including the releases contained therein, and (ii) the proposed Plan of Allocation described in the Notice, subject to the right of any Settlement Class Member to challenge the fairness, reasonableness, and adequacy of the Settlement, the Stipulation or the proposed Plan of Allocation, and to show cause, if any exists, why a final judgment dismissing

the Litigation based on the Stipulation should not be ordered herein after due and adequate notice to the Settlement Class has been given in conformity with this Order.

7.  Settlement Class Counsel is hereby authorized to retain Epiq Class Action & Claims Solutions, Inc. as the Claims Administrator in connection with the Settlement to supervise and administer the notice and claims procedures as well as the processing of claims at a cost that is estimated to be  no more than $175,000.00 as more fully set forth below:

i.  No later than twenty (20) calendar days after entry of this Preliminary Approval Order (the "Notice Date"), the Claims Administrator shall cause a copy of the Notice and Proof of Claim and Release form ("Claim Form"), substantially in the forms attached hereto as Exhibits A-1 and A-3, respectively, to be mailed by first class mail, postage prepaid, to all members of the Settlement Class who may be identified through reasonable effort, including through the cooperation of HIIQ and/or its transfer agents to provide security holder lists as set forth in the Stipulation;

ii.  Settlement Class Counsel shall cause a summary notice (the "Summary Notice"), substantially in the form attached hereto as Exhibit A-2, to be published twice no later than ten (10) calendar days after the Notice Date:  once in the national edition of *Investor's Business Weekly* and once over the *PR Newswire*;

iii.  Settlement Class Counsel shall serve on Defendants' Counsel and file with the Court proof by affidavit or declaration of mailing and publication not later than seven (7) calendar days before the Settlement Fairness Hearing.

iv.  Settlement Class Counsel shall cause the Notice, the Summary Notice, and the Claim Form to be placed on the Claims Administrator's website, on or before the Notice Date.

4

8.      Not later than ten (10) days after the submission of the Stipulation to the Court, Defendants shall notify the appropriate State and Federal officials under the Class Action Fairness Act of 2005 (28 U.S.C. § 1715). Defendants shall file proof of compliance with the Class Action Fairness Act of 2005 with the Court at least thirty-five (35) days prior to Final Approval Hearing (28 U.S.C. § 1715).

9.      The Court hereby approves the form of Notice and Summary Notice (together, the "Notices") and the Claim Form, and finds that the procedures established for publication, mailing and distribution of such Notices substantially in the manner and form set forth in ¶7 of this Preliminary Approval Order meet the requirements of Rule 23, the Exchange Act and Securities Act, as amended by the Private Securities Litigation Reform Act of 1995, the Constitution of the United States, and constitute the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all Persons entitled to notice.

10.      The Claims Administrator shall use reasonable efforts to give notice to brokers and other nominees who purchased or otherwise acquired certain publicly traded HIIQ Securities for the benefit of another Person during the Class Period. Those brokers and other nominees are directed to either: (i) send the Notice and Claim Form to all such beneficial owners, postmarked within ten (10) calendar days of receipt of the Notice; or (ii) send a list of the names and addresses of such beneficial owners to the Claims Administrator within ten (10) calendar days after receipt of the Notice, in which event the Claims Administrator shall mail the Notice and Claim Form to such beneficial owners within ten (10) calendar days after receipt thereof.

11.     Upon full compliance with this Preliminary Approval Order, including the timely mailing of the Notice and Claim Form to beneficial owners, such nominees may seek reimbursement of their reasonable expenses actually incurred in complying with this Preliminary Approval Order by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought and reflecting compliance with these instructions, including timely mailing of the Notice and Claim Form. Such properly documented expenses incurred by nominees in compliance with the terms of this Preliminary Approval Order shall be paid from the Settlement Fund in accordance with the provisions of the Stipulation, subject to further order of this Court with respect to any dispute concerning such compensation.

12.     Pursuant to Fed. R. Civ. P. 23(e), a hearing (the "Settlement Fairness Hearing") shall be held on _____, 2020, at ____ ___.m., in the Sam M. Gibbons Courthouse, United States District Court for the Middle District of Florida, the Honorable Thomas P. Barber presiding, for the following purposes:

a.     to determine whether the Court should grant final certification of the Settlement Class pursuant to Fed. R. Civ. P. 23(a) and (b)(3);

b.     to determine whether the proposed Settlement of the Litigation on the terms and conditions provided for in the Stipulation is fair, reasonable, adequate, and in the best interests of the Settlement Class and should be finally approved by the Court;

c.     to determine whether the Plan of Allocation for the proceeds of the Settlement should be approved by the Court as fair and reasonable;

     d.     to determine whether the Order and Final Judgment, substantially in the form attached as Exhibit B to the Stipulation, should be entered, *inter alia*, dismissing the Litigation against the Defendants with prejudice and extinguishing and releasing all Released Claims (as defined in the Stipulation);

     e.     to consider Settlement Class Counsel's application for an award of attorneys' fees and reimbursement of litigation expenses;

     f.     to consider any application for reimbursement of costs and expenses (including lost wages) by Lead Plaintiff in connection with his representation of the Settlement Class; and

     g.     to rule on such other matters as the Court may deem appropriate.

13.     The Court reserves the right to adjourn the Settlement Fairness Hearing or any adjournment thereof, including the consideration of the application for attorneys' fees and reimbursement of litigation expenses or with such modification as may be consented to by the Parties to the Stipulation and without further notice to the Settlement Class.

14.     Any member of the Settlement Class who wishes to object to the Settlement must, at least twenty-one (21) calendar days prior to the Settlement Fairness Hearing, file with the Court and serve on counsel (listed below) a written statement of objection to the Settlement, the Plan of Allocation, Settlement Class Counsel's request for attorneys' fees and reimbursement of litigation expenses and/or a request for reimbursement of costs and expenses (including lost wages) by Lead Plaintiff in connection with his representation of the Settlement Class.

15.     Any member of the Settlement Class who timely objects to the Settlement, the Plan of Allocation, Settlement Class Counsel's request for attorneys' fees and reimbursement of litigation expenses and/or a request for reimbursement of costs and expenses (including lost wages) by Lead Plaintiff in connection with his representation of the Settlement Class, or who otherwise wishes to be heard, may appear in person or by his, her, or its attorney, at his, her, or its own expense, at the Settlement Fairness Hearing and present evidence or argument that may be proper or relevant. They may do so provided that no Person other than the Parties and their counsel shall be heard, and no papers, briefs, pleadings, or other documents submitted by any Person shall be considered by the Court, unless within twenty-one (21) calendar days prior to the Settlement Fairness Hearing, such Person files with the Court and serves upon counsel listed below:

(1) a statement of such Person's objections to any matters before the Court concerning the Settlement;

(2) the grounds therefore or the reasons that such Person desires to appear and be heard, as well as all documents or writings such Person desires the Court to consider;

(3) whether that Person intends to present any witnesses; and

(4) proof of the Person's membership in the Settlement Class, which proof shall include the Person's purchases/acquisitions/transactions of certain publicly traded HIIQ Securities during the Class Period and any sales thereof, including the dates, the number of shares and price(s) paid and received for each such purchase, acquisition and sale. Such filings shall be served upon the Court and the following counsel:

CLERK OF THE COURT
MIDDLE DISTRICT OF FLORIDA

Sam M. Gibbons U.S. Courthouse
801 North Florida Avenue
Tampa, Florida 33602

**_Lead Counsel for Lead Plaintiff_**
**_and the Settlement Class:_**

Ramzi Abadou
**Kahn Swick & Foti, LLC**
1100 Poydras Street, Suite 3200
New Orleans, LA 70163
Telephone: (504) 455-1400
Facsimile: (504) 455-1498

**_Counsel for Defendants:_**

Robert F. Serio
**Gibson, Dunn & Crutcher LLP**
200 Park Avenue
New York, NY 10166-0193
Telephone: (212) 351-4000

Any Person who does not make his, her, or its objection in the manner provided in the Notice shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the proposed Settlement as set forth in the Stipulation, unless otherwise ordered by the Court. Any papers, in response to any such objections, in further support of the above-noted motions shall be served and filed no later than seven (7) days prior to the Settlement Hearing.

16.    All Settlement Class Members shall be bound by all determinations and judgments in this Litigation concerning the settlement, including but not limited to the releases provided for in the Stipulation, whether favorable or unfavorable, except those who are found by the Court to have previously timely and validly requested exclusion from the Settlement Class. The persons and entities who request exclusion from the Settlement Class will be excluded from the Settlement Class and shall have no rights under the Stipulation, shall not be

entitled to submit any Proof of Claim forms, shall not share in the distribution of the Net Settlement Fund as described in the Stipulation and in the Notice, and shall not be bound by the Stipulation or the Judgment entered as to Defendants in the Litigation.

17.     Any Person falling within the definition of the Settlement Class may upon request be excluded from the Settlement Class. Any such Person must submit to the Claims Administrator a request for exclusion ("Request for Exclusion") at least twenty-one (21) calendar days prior to the date of the Settlement Fairness Hearing. To be valid, a Request for Exclusion must state: (1) the name, address, and telephone number of the Person requesting exclusion; (2) the Person's purchases/acquisitions/transactions of HIIQ publicly traded securities during the Class Period and any sales thereof, including the dates, the number of shares and price(s) paid and received for each such purchase, acquisition and sale; (3) a clear and unambiguous statement that the Person wishes to be excluded from the Settlement Class; and (4) must include the Person's signature. No further opportunity to request exclusion will be given in this Litigation. Requests for Exclusion may not be submitted by e-mail, unless otherwise ordered by the Court.

18.     Any Settlement Class Member who wishes to be eligible to participate in the Net Settlement Fund must timely submit a valid Claim Form to the Claims Administrator, at the Post Office Box indicated in the Notice, postmarked no later than one hundred and twenty (120) calendar days following the Notice Date. Such deadline may be extended further by Court order.  If the Notice Date is extended by order of the Court, then all Proof of Claim and Release forms must be submitted by the date specified in that order. A Claim Form shall be deemed to have been submitted when postmarked, if mailed by first class, or registered or

10

certified mail, postage prepaid, addressed in accordance with the instructions given in the Claim Form. All other Claim Forms shall be deemed to have been submitted at the time they are actually received by the Claims Administrator. To be valid, a Claim Form must: (i) be completed in a manner that permits the Claims Administrator to determine the eligibility of the claim as set forth in the Claim Form; (ii) include the release by the claimant of all Released Parties as set forth in the Stipulation; and (iii) be signed with an affirmation that the information is true and correct. As part of the Claim Form, each Settlement Class Member shall submit to the jurisdiction of the Court with respect to the claim submitted, and shall (subject to the effectuation of the Settlement reflected in the Stipulation) agree and enter into the release as provided in the Stipulation. All Settlement Class Members who do not submit a valid and timely Claim Form shall be barred forever from receiving any payments from the Net Settlement Fund, but will, in all other respects, be subject to and bound by the provisions of the Stipulation and the Order and Final Judgment, if entered, whether favorable or unfavorable and whether or not they submit a Claim Form, unless such Persons request exclusion from the Settlement Class in a timely and proper manner, as provided herein.

19.     If this Settlement, including any amendment made in accordance with the Stipulation, is not approved by the Court or shall not become effective for any reason whatsoever, the Settlement (including any modification thereof) made with the consent of the Parties as provided for in the Stipulation, and any actions taken or to be taken in connection therewith (including this Order and any judgment entered herein), shall be terminated and shall become void and of no further force and effect except as set forth in the Stipulation, and without prejudice to any party, and may not be introduced as evidence or referred to in any actions or

proceedings by any person or entity. Each party shall be restored *nunc pro tunc* to their respective positions in the Litigation as of April 30, 2020. In such circumstances, each of the Settling Parties shall retain its currently existing rights to seek or to object to the certification of this litigation as a class action under Fed. R. Civ. P. 23, or any state or federal rule, statute, law, or provision, and to contest and appeal any grant or denial of certification in this litigation or in any other litigation on any other grounds.

20.     All proceedings in the Litigation, other than such proceedings as may be necessary to carry out the terms and conditions of the Settlement, are hereby stayed and suspended until further order of this Court. Pending final determination whether the Settlement should be approved, Lead Plaintiff, Settlement Class Counsel, and all members of the Settlement Class are barred and enjoined from commencing, instituting, intervening in or participating in, prosecuting or continuing to prosecute any action or other proceeding in any court of law or equity, arbitration tribunal, or administrative forum, or other forum of any kind or character (whether brought directly, in a representative capacity, derivatively, or in any other capacity), that asserts any of the Released Claims against any of the Released Persons, as defined in the Stipulation.

21.     The contents of the Settlement Fund held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as the contents of those funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

22.     Settlement Class Counsel, or an agent thereof, is authorized and directed to prepare any tax returns and any other tax reporting for or in respect of the Settlement Fund and

to pay from the Settlement Fund any Taxes owed with respect to the Settlement Fund, and to otherwise perform all obligations with respect to Taxes and any reporting or filings in respect thereof as contemplated by the Stipulation, without further order of the Court. The Court authorizes payment out of the Settlement Fund of notice and administration expenses in accordance with the Stipulation.

23.    This Preliminary Approval Order, the Settlement, the Stipulation, and all negotiations, statements, discussions, and proceedings in connection therewith shall not, in any event, be construed or deemed to be evidence of an admission or concession on the part of Lead Plaintiff, any Defendant or the other Released Persons, any member of the Settlement Class, or any other Person, of any liability or wrongdoing whatsoever by them, or any of them, and shall not be deemed to create any inference that there is any liability on the part of Lead Plaintiff, any Defendant or the other Released Persons, any member of the Settlement Class, or any other Person.  This Preliminary Approval Order, the Settlement, the Stipulation, and all negotiations, statements, discussions, and proceedings in connection therewith shall not be used, offered or received in evidence or used for any other purpose in this or any other proceeding in any court, administrative agency, arbitration tribunal, or other forum of any kind or character in the United States or any other country (except an action to enforce the Stipulation and Settlement contemplated thereby), or be used in any way as an admission, concession, or evidence of any liability or wrongdoing of any nature, and shall not be construed as, or deemed to be evidence of, an admission or concession that Lead Plaintiff, any member of the Settlement Class, or any other Person, has or has not suffered any damage.

24.     All motions and papers in support of the Settlement, the Plan of Allocation, Settlement Class Counsel's request for an award of attorneys' fees and reimbursement of litigation expenses and/or a request for reimbursement of costs and expenses (including lost wages) by any Lead Plaintiff in connection with his representation of the Settlement Class, shall be filed and served no later than thirty-five (35) calendar days before the date scheduled for the Settlement Fairness Hearing, and all reply briefs in support of said motions shall be filed and served no later than seven (7) calendar days prior to the Settlement Fairness Hearing.

25.     Without further order of the Court, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of this Order or the Stipulation.

26.     The Court further retains jurisdiction over this Litigation to consider all further matters arising out of or connected with the Settlement reflected in the Stipulation, including enforcement of the releases provided for in the Stipulation. The Court reserves the right to adjourn the date of the Settlement Hearing without further notice to Settlement Class Members, and may approve the Settlement, with such modifications as may be agreed to by Plaintiff and Defendants, if appropriate, without further notice to the Settlement Class.

**IT IS SO ORDERED**.

DATED:

_____                _____
                                     THE HONORABLE THOMAS P. BARBER
                                     UNITED STATES DISTRICT COURT JUDGE

# EXHIBIT A-1

**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

IN RE HEALTH INSURANCE INNOVATIONS
SECURITIES LITIGATION

Case No. 8:17-cv-02186-TPB-SPF

**NOTICE OF (I) PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION
AND PLAN OF ALLOCATION; (II) SETTLEMENT HEARING; AND (III) MOTION
FOR AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION
EXPENSES**

To:   **ALL PERSONS OR ENTITIES WHO PURCHASED OR OTHERWISE
ACQUIRED HIIQ CLASS A COMMON STOCK (TRADING SYMBOL HIIQ) OR
EXCHANGE-TRADED CALL OPTIONS ON HIIQ CLASS A COMMON STOCK,
AND ALL PERSONS WHO SOLD (WROTE) EXCHANGE-TRADED PUT
OPTIONS ON HIIQ CLASS A COMMON STOCK BETWEEN AUGUST 4, 2017
AND SEPTEMBER 11, 2017, BOTH DATES INCLUSIVE (the "SETTLEMENT
CLASS")**

*A FEDERAL COURT HAS AUTHORIZED THIS NOTICE.  THIS IS NOT A
SOLICITATION FROM A LAWYER.*

**NOTICE OF SETTLEMENT:** Please be advised that the Court-appointed Lead Plaintiff Robert
Rector, on behalf of himself and the Court-certified Settlement Class (as defined below), has
reached a proposed settlement of the above-captioned securities class action lawsuit (the
"Litigation") for a total of Two-Million Eight-Hundred-Thousand Dollars ($2,800,000.00) in cash
that, if approved, will resolve all claims in the Litigation.[1]

**PLEASE READ THIS NOTICE CAREFULLY. This Notice explains important rights you
may have, including the possible receipt of cash from the Settlement. If you are a Settlement
Class Member, your legal rights will be affected whether or not you act.**

**If you have any questions about this Notice, the proposed Settlement, or your eligibility to
participate in the Settlement, please do not contact Health Insurance Innovations, Inc.
("HIIQ" or the "Company") (now known as Benefytt Technologies, Inc.) or the Court.  All
questions should be directed to Lead Counsel or the Claims Administrator.**

---

[1]      All capitalized terms used in this Notice that are not otherwise defined herein shall have the
meanings provided in the Stipulation of Settlement dated June 22, 2020 (the "Stipulation"), which is
available on the website for the Litigation at www.HIIQSecuritiesLitigation.com.

1.  **Description of the Litigation and Settlement Class**: This Notice relates to a proposed Settlement of claims in a pending securities class action lawsuit brought by investors alleging, among other things, that Defendants HIIQ and Michael D. Hershberger (collectively, the "Defendants"), violated the federal securities laws by failing to disclose facts regarding the Company's unsuccessful application for its third-party administrator license with the Florida Office of Insurance Regulation, and the risks these facts posed to the Company's business, prospects and operations. The proposed Settlement, if approved by the United States District Court for the Middle District of Florida (the "Court"), will settle claims of the Settlement Class of persons and entities that were certified by the Court pursuant to an Order issued on _____, 2020. The "Settlement Class," as certified by the Court for purposes of this Settlement, means all Persons or entities who purchased or otherwise acquired HIIQ Class A Common Stock (trading symbol "HIIQ") or exchange-traded Call Options on HIIQ Class A Common Stock, and all persons who sold (wrote) exchange-traded Put Options on HIIQ Class A Common Stock, between August 4, 2017 and September 11, 2017, inclusive. Excluded from the Settlement Class are Defendants, all current and former directors and officers of Health Insurance Innovations, Inc., each of their respective family members, and any affiliates controlled or owned by any of these excluded individuals and/or entities. Also excluded from the Settlement Class are those Persons who timely and validly request exclusion from the Settlement Class pursuant to the procedure described in this Notice.[2]

2.  **Statement of Settlement Class' Recovery**: Subject to Court approval, and as described more fully below, Lead Plaintiff, on behalf of himself and the Settlement Class, have agreed to settle all claims based on the purchase or other acquisition of HIIQ publicly traded Securities during the Class Period that were or could have been asserted against Defendants in the Litigation in exchange for a settlement payment of Two-Million Eight-Hundred-Thousand Dollars ($2,800,000.00) in cash (the "Settlement Amount") to be deposited into an interest-bearing escrow account. The Net Settlement Fund (*i.e.*, the Settlement Amount plus any and all interest earned thereon (the "Settlement Fund") less (i) any Taxes, (ii) any Notice and Administration Costs, (iii) any expenses of Plaintiff's Counsel or Lead Plaintiff ("Litigation Expenses") awarded by the Court; and (iv) any attorneys' fees awarded by the Court) will be distributed in accordance with a plan of allocation that is approved by the Court, which will determine how the Net Settlement Fund shall be allocated among members of the Settlement Class. The proposed plan of allocation (the "Plan of Allocation") is set forth in ¶¶ 45 – 71, below.

3.  **Estimate of Average Amount of Recovery Per Share:** Lead Plaintiff's damages expert estimates that, between August 4, 2017 and September 11, 2017, approximately 28.5 million shares of HIIQ Class A Common Stock were purchased during the Class Period and held through an alleged corrective disclosure and therefore allegedly were damaged. Lead Plaintiff's damages expert estimates that, if valid claims for all such Class A Common Stock are submitted, the average recovery per share for the HIIQ Class A Common Stock will be approximately $0.10 per share, before deduction of attorneys' fees, costs and expenses awarded by the Court and the costs of providing notice and administering the

---

[2] Herein, HIIQ publicly traded Class A Common Stock, Call Options, and Put Options are referred to collectively as "HIIQ Securities."

Settlement. A Class Member's actual recovery will depend on several things, including: (1) the total number of claims filed; (2) the date when Class Members purchased, acquired or transacted in their HIIQ Securities during the Class Period; and (3) whether and when Class Members sold their HIIQ Securities. Distributions to Class Members will be made based on the Plan of Allocation set forth herein (see ¶¶ 45 – 71, below) or such other plan of allocation as may be ordered by the Court.

4.    **Statement of Potential Outcome of Case:** The Parties disagree on the potential liability of Defendants, and they do not agree on the average amount of damages per share, if any, that would be recoverable if Plaintiff would have prevailed at trial. Defendants deny that they are liable in any respect or that Lead Plaintiff suffered any injury. The issues on which the Parties disagree include: (1) whether any Defendant engaged in any conduct subject to challenge under the federal securities laws; (2) the amounts by which HIIQ Securities were allegedly artificially inflated (if at all) during the Class Period; (3) the effect of various market forces influencing the trading price of HIIQ Securities at various times during the Class Period; (4) the extent to which the various matters that Lead Plaintiff alleged were materially false or misleading influenced (if at all) the trading price of HIIQ Securities during the Class Period; (5) the extent to which the various allegedly adverse material facts that Lead Plaintiff alleged were omitted influenced (if at all) the trading price of HIIQ Securities during the Class Period; (6) whether the statements made or facts allegedly omitted were material, false, misleading, or otherwise actionable under the securities laws; and (7) whether, even if liability could be proven, total damages would be greater than $0.

5.    **Statement of Attorneys' Fees and Expenses Sought:** Court-appointed Lead Counsel, Kahn Swick & Foti, LLC, and Court-appointed Liaison Counsel, George Gesten McDonald, PLLC (collectively referred to as "Plaintiff's Counsel"), have been prosecuting the Litigation on a wholly contingent basis since its inception in 2017, have not received any payment of attorneys' fees for their representation of the Settlement Class and have advanced hundreds of thousands of dollars in expenses necessarily incurred in order to prosecute the Litigation. As set forth in greater detail below (*see* ¶¶ 14 – 27 below), Plaintiff's Counsel were responsible for: (i) conducting an extensive investigation into the Settlement Class' claims; (ii) drafting a detailed consolidated complaint; (iii) successfully opposing Defendants' dismissal motion; (vi) briefing Lead Plaintiff's motion for class certification (v) engaging in an extensive discovery program, including deposing Defendants' economic consultant and reviewing thousands of pages of documents; (vi) engaging in multiple in-person meetings, telephonic meetings, and a videoconference meeting regarding a possible settlement of the Litigation; and (vii) briefing an independent and experienced mediator on relevant claims and applicable law, before reaching with the mediator's assistance an agreement in principle to settle. Plaintiff's Counsel will ask the Court to award attorneys' fees in an amount not to exceed 33 1/3% of the Settlement Fund. Plaintiff's Counsel also will apply for the reimbursement of Litigation Expenses paid or incurred in connection with the prosecution and resolution of the Litigation, in an amount not to exceed $315,000.00, which may include the reasonable costs and expenses of Settlement Class Representative (as defined in ¶ 9 below) directly related to his representation of the Settlement Class. If the Court approves Plaintiff's Counsel's fee and

expense application, the average cost per affected share of HIIQ Class A Common Stock will be approximately $0.04.

6. **Identification of Attorneys' Representatives:** Lead Plaintiff and the Settlement Class are being represented by: Ramzi Abadou, Esq., Kahn Swick & Foti, LLP, 912 Cole Street, #251, San Francisco, CA 94117; Alexander L. Burns, Esq. and Alayne K. Gobeille, Esq., 1100 Poydras Street, Suite 3200, New Orleans, LA 70163, (504) 455-1400, www.ksfcounsel.com; and the Settlement Class is also being represented by David J. George, Esq., George Gesten McDonald, PLLC, 9897 Lake Worth Road, Suite 302, Lake Worth, FL 33467, (561) 232-6000, www.4-justice.com.

7. **Reasons for the Settlement:** Lead Plaintiff's principal reason for entering into the Settlement is the substantial cash benefit for the Settlement Class, without the risk or the delays inherent in further litigation. Moreover, the substantial cash benefit provided under the Settlement must be considered against the significant risk that a smaller recovery – or, indeed, no recovery at all – might be achieved after a trial of the Litigation and the likely appeals that would follow a trial, a process that could last many months, or even years, into the future. Defendants, who believe that Lead Plaintiff could not prove his claims or refute Defendants' defenses and who deny all allegations of wrongdoing or liability whatsoever, are entering into the Settlement to eliminate the uncertainty inherent in any litigation, to avoid further expense, inconvenience, and the distraction of burdensome and protracted litigation and to secure releases to the fullest extent permitted by law. The amount of damages recoverable by Settlement Class Members was and is challenged by Defendants. Recoverable damages in this case are limited to losses caused by conduct actionable under applicable law and, had the Litigation gone to trial, Defendants would have asserted that all or most of the losses of Settlement Class Members were caused by non-actionable conduct or market, industry, or general economic factors. Defendants would also assert, among other things, that their conduct complied with all applicable legal standards and that they did not act with the required state of mind to be liable for any violations of the federal securities laws.

| YOUR LEGAL RIGHTS AND OPTIONS IN THE SETTLEMENT: | |
|---|---|
| **SUBMIT A CLAIM FORM BY: _____, 2020.** | This is the only way to be eligible to receive a payment from the Settlement. If you are a Settlement Class Member, you will be bound by the Settlement as approved by the Court and you will give up any Released Claims (as defined in ¶ 73 below) that you have against the Released Persons (as defined in ¶ 74 below), so Lead Counsel believes it is in your interest to submit a Claim Form. |

| YOUR LEGAL RIGHTS AND OPTIONS IN THE SETTLEMENT: | |
|---|---|
| **OBJECT TO THE SETTLEMENT BY SUBMITTING A WRITTEN OBJECTION SO THAT IT IS *RECEIVED* NO LATER THAN _____, 2020.** | If you do not like the proposed Settlement, the proposed Plan of Allocation, or the request for attorneys' fees and reimbursement of Litigation Expenses, you may write to the Court and explain why you do not like them. You cannot object to the Settlement, the Plan of Allocation or the fee and expense request unless you are a Settlement Class Member and you did not previously submit a request for exclusion from the Settlement Class. |
| **FILE A NOTICE OF INTENTION TO APPEAR SO THAT IT IS *RECEIVED* NO LATER THAN _____, 2020, AND GO TO THE HEARING ON _____, 2020 AT THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF FLORIDA, 801 NORTH FLORIDA AVENUE, TAMPA, FL 33602.** | Filing a written objection and notice of intention to appear by _____, 2020 allows you to speak in Court, at the discretion of the Court, about the fairness of the proposed Settlement, the Plan of Allocation, or the request for attorneys' fees and reimbursement of Litigation Expenses. If you submit a written objection, you may (but do not have to) attend the hearing and, at the discretion of the Court, speak to the Court about your objection. |
| **EXCLUDE YOURSELF FROM THE SETTLEMENT BY SUBMITTING A WRITTEN REQUEST FOR EXCLUSION SO THAT IT IS *RECEIVED* NO LATER THAN _____, 2020.** | If you do not wish to be included in the Class and you do not wish to participate in the proposed Settlement described in this Notice, you may request to be excluded, as described in more detail below. You cannot exclude yourself by phone or by e-mail. If you ask to be excluded from the Class, you will not get any settlement payment. |
| **DO NOTHING.** | If you are a member of the Settlement Class and you do not submit a Claim Form by _____, 2020 or by later date, if any, specified by the Court, you will not be eligible to receive any payment from the Settlement Fund. You will, however, remain a member of the Settlement Class, which means that you give up your right to sue about the claims that are resolved by the Settlement and you will be bound by any judgments or orders entered by the Court in the Litigation. |

| WHAT THIS NOTICE CONTAINS | PAGE |
|---|---|
| Why Did I Get This Notice? | 6 |
| What Is This Case About? | 8 |

| WHAT THIS NOTICE CONTAINS | PAGE |
|---|---|
| How Do I Know If I Am Affected by the Settlement? | 10 |
| What Are the Parties' Reasons for the Settlement? | 11 |
| What Might Happen If There Were No Settlement? | 12 |
| How Much Will My Payment Be? | 12 |
| How Are Settlement Class Members Affected by the Litigation and the Settlement? | 22 |
| What Payment Are the Attorneys for the Settlement Class Seeking? | 23 |
| How Will the Lawyers Be Paid? | 23 |
| How Do I Participate in the Settlement?  What Do I Need to Do? | 24 |
| When and Where Will the Court Decide Whether to Approve the Settlement? | 24 |
| Do I Have to Come to the Hearing?  May I Speak at the Hearing If I Don't Like the Settlement? | 24 |
| How Do I Exclude Myself from the Settlement? | 26 |
| What If I Bought HIIQ Common On Someone Else's Behalf? | 27 |
| Can I See the Court File? | 28 |
| Whom Should I Contact If I Have Questions? | 28 |

## WHY DID I GET THIS NOTICE?

8. This Notice is being sent to you pursuant to an Order of the Court because of purchases or acquisitions of HIIQ Securities during the Class Period (*i.e.*, August 4, 2017 and September 11, 2017) by you, someone in your family, or an investment account for which you serve as custodian. The Court has directed us to send you this Notice because, as a potential Settlement Class Member, you have a right to know about your options before the Court rules on the proposed Settlement of this Litigation. Additionally, you have the right to understand how a class action lawsuit may generally affect your legal rights. If the Court approves the Settlement, Epiq Class Action & Claims Solutions, Inc., the claims administrator selected by Lead Plaintiff and approved by the Court, will distribute payments pursuant to the Plan of Allocation after any objections and appeals are resolved.

9. In a class action lawsuit, under a federal law governing such lawsuits, the Court appoints one or more investors to oversee litigation brought on behalf of all investors with similar claims, commonly known as the class or the class members. In this Litigation, the Court has appointed Robert Rector to serve as "Lead Plaintiff" and has appointed the law firms of Kahn Swick & Foti, LLC as "Lead Counsel" for Lead Plaintiff and the Settlement Class in the Litigation and George Gesten McDonald, PLLC as "Liaison Counsel" for the Settlement Class in the Litigation. Pursuant to the Court's Order issued on _____, 2020, Lead Plaintiff was certified as "Settlement Class Representative" and Lead Counsel and Liaison Counsel were certified as "Settlement Class Counsel" for settlement purposes. A class action is a type of lawsuit in which the claims of many individuals are resolved together, thus providing the class members with both consistency and efficiency.  Here, the Court has already certified the Settlement Class for purposes of

6

this Settlement. Accordingly, the Settlement, if approved by the Court, will resolve all issues on behalf of the Settlement Class Members, except for any Persons who timely submit a request for exclusion in accordance with this Notice.

10.  The Court in charge of this case is the United States District Court for the Middle District of Florida, and the case is known as *In re Health Insurance Innovations Securities Litigation,* Case No. 8:17-cv-02186-TPB-SPF (M.D. Fla.). The Judge presiding over this case is the Honorable Thomas P. Barber, United States District Judge. The person who is suing is called plaintiff, and those who are being sued are called defendants. In this case, the Lead Plaintiff is suing on behalf of himself and the Settlement Class and has brought claims against the Defendants (defined above). If the Settlement is approved, it will resolve all claims in the Litigation, all claims that could have been included in the Litigation, all Released Claims against each and all Released Persons, and will bring the Litigation to an end.

11.  This Notice explains the lawsuit, the Settlement, your legal rights, the benefits that are available, who is eligible for them, and how to get them. The purpose of this Notice is to inform you that a settlement has been reached in the Litigation and how you might be affected. It also is being sent to inform you of the terms of the proposed Settlement, and of a hearing to be held by the Court (the "Settlement Hearing") to consider the fairness, reasonableness, and adequacy of the proposed Settlement, the proposed Plan of Allocation, and the motion by Lead Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses.

12.  The Settlement Hearing will be held on _____, 2020 at ____, before the Hon. Thomas P. Barber, at the Sam M. Gibbons United States Courthouse, United States District Court for the Middle District of Florida, 801 North Florida Avenue, Tampa, FL 33602, to determine:

   a)  whether the Court should grant final certification to the Settlement Class pursuant to Fed. R. Civ. P. 23(a) and (b)(3);
   b)  whether the proposed Settlement is fair, reasonable, and adequate and should be approved by the Court;
   c)  whether the proposed Plan of Allocation is fair and reasonable and should be approved by the Court;
   d)  whether the Litigation should be dismissed with prejudice against the Defendants as set forth in the Stipulation;
   e)  whether Lead Counsel's request for an award of attorneys' fees and reimbursement of Litigation Expenses should be approved by the Court; and
   f)  any other relief the Court deems necessary to effectuate the terms of the Settlement.

13.  This Notice does not express any opinion by the Court concerning the merits of any claim in the Litigation, and the Court still has to decide whether to approve the Settlement. If the Court approves the Settlement, payments to Authorized Claimants will be made after any appeals are resolved, and after the completion of all claims processing. The claims process could take substantial time to complete fully and fairly. Please be patient.

## WHAT IS THIS CASE ABOUT?

### A.   Summary of Procedural History and Background on Lead Plaintiffs' Claims

14.   This case involves allegations that Defendants violated Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), and SEC Rule 10b-5(b) promulgated thereunder.

15.   On September 11, 2017, an initial complaint was filed by Cioe Investments, Inc., on behalf of itself and a proposed class of shareholders who purchased or otherwise acquired certain publicly traded HIIQ Securities. Two additional complaints were subsequently filed, each by individual investors, Shilpi Kavra and Michael Vigorito, and each on behalf of himself and a proposed class of shareholders who purchased or otherwise acquired certain publicly traded HIIQ Securities. On December 28, 2017, the Court entered an order consolidating the aforementioned cases.

16.   On February 6, 2018, the Court entered an order appointing the Lead Plaintiff in the Litigation and approving his choice of Lead Counsel and Liaison Counsel.

17.   On March 23, 2018, Lead Plaintiff filed the Consolidated Amended Complaint for Violation of Federal Securities Laws (the "Complaint"). The Litigation alleges that several HIIQ statements filed with the SEC between August 4, 2017 and September 11, 2017 (the "Class Period") were materially false and misleading when made, and omitted material facts necessary to make the statements not misleading because, among other reasons, Defendants either knew, or deliberately disregarded, facts regarding the Company's unsuccessful application for its third-party administrator license with the Florida Office of Insurance Regulation. The Complaint further alleges that these materially false and misleading statements caused HIIQ Securities to trade at artificially inflated prices. The Complaint alleges that as the truth about Defendants' Class Period misstatements was revealed, it caused HIIQ's common prices to drop significantly.

18.   Defendants (together with former individual defendants Gavin T. Southwell and Michael W. Kosloske) moved to dismiss the Complaint on May 7, 2018. On June 6, 2018, Lead Plaintiff filed his opposition to Defendants' motion and Defendants subsequently filed a reply.

19.   As the motion to dismiss was pending, the parties engaged in two sessions of court-ordered mediation with the assistance of the Honorable Christopher P. Tuite on April 24, 2019, and May 22, 2019, but were unable to resolve the case at this time.

20.   On June 28, 2019, Judge Elizabeth A. Kovachevich (the judge originally assigned to this case) issued an Order granting in part and denying in part the Defendants' motion to dismiss, including dismissing both former individual defendants from the Litigation. On July 18, 2019, the Litigation was reassigned to Honorable Judge Thomas P. Barber. On August 12, 2019, Defendants filed their Answer. Defendants amended their Answer first on September 3, 2019 and then again on October 11, 2019.

21.     On November 15, 2019, Lead Plaintiff moved for class certification and appointment of class representatives and class counsel.

22.     The Parties commenced class certification discovery, which included expert and plaintiff depositions and document discovery. On January 21, 2020, Defendants opposed Plaintiff's class certification motion. On January 23, 2020, Plaintiff moved for leave to file a class certification reply. The Court subsequently granted in part and denied in part Plaintiff's motion for leave to file a class certification reply. On March 6, 2020, Plaintiff filed his class certification reply.

23.     On March 24, 2020, Plaintiff and Defendants filed a joint motion to stay class certification proceedings pending mediation. On March 26, 2020, the Court struck Plaintiff's class certification reply and exhibits from the record *sua sponte*. On April 6, 2020, the Court stayed the Litigation to enable the parties to explore a possible settlement through mediation.

### B.     The Parties' Settlement Negotiations

24.     On April 30, 2020, a private, live mediation was conducted via videoconference with David Geronemus, Esq. of JAMS, during which the parties reached an agreement-in-principle to settle the Litigation. On May 7, 2020, counsel for the parties executed a term sheet providing for the settlement and release of all claims asserted against the Defendants for Two-Million Eight-Hundred-Thousand Dollars ($2,800,000.00) in cash, subject to certain terms and conditions and the execution of a customary "long form" stipulation of settlement and related papers. On May 11, 2020, the Parties filed a Joint Notice of Settlement with the Court.

25.     Based upon their investigation, prosecution and mediation of the case, Lead Counsel have concluded that the terms and conditions of the Stipulation are fair, reasonable and adequate to the Lead Plaintiff and the other members of the Settlement Class, and in their best interests. Based on Lead Plaintiff's oversight of the prosecution of this matter and with the advice of Lead Counsel, Lead Plaintiff has agreed to settle the claims raised in the Litigation pursuant to the terms and provisions of the Stipulation, after considering (a) the very substantial financial benefit that Lead Plaintiff and the other members of the Settlement Class will receive under the proposed Settlement, (b) the significant risks of continued litigation and trial, and (c) the desirability of permitting the Settlement to be consummated as provided by the terms of the Stipulation. The fact that Lead Plaintiff has agreed to settle the Litigation shall in no event be construed or deemed to be evidence of or an admission or concession on the part of Lead Plaintiff of any infirmity in any of the claims asserted in the Litigation, or an admission or concession that any of Defendants' affirmative defenses to liability have any merit.

26.     Defendants have denied and continue to deny each and all of the claims and contentions alleged by Plaintiff in the Litigation. Defendants expressly denied and continue to deny all charges of wrongdoing or liability whatsoever arising out of any of the conduct,

statements, acts, or omissions alleged, or that could have been alleged, in the Litigation, and maintain that their conduct was at all times proper and in compliance with applicable provisions of law. Defendants further deny, *inter alia*, that they made any material misstatements or omissions in HIIQ's public filings, press releases, or other public statements, that Lead Plaintiff or the Settlement Class have suffered any damages, that the prices of HIIQ Securities were artificially inflated by reasons of alleged misrepresentations, non-disclosures or otherwise, and that Lead Plaintiff or the Settlement Class were harmed by any conduct alleged in the Litigation or that could have been alleged therein. Individual Defendant Michael D. Hershberger further asserts that, at all relevant times, he acted in good faith and in a manner he reasonably believed to be in the best interests of the Company and its shareholders. Defendants believe the Lead Plaintiff could not prove his claims or refute Defendants' defenses, but recognize the burden, inconvenience, expense, uncertainty inherent in any litigation, and the difficulties and substantial burdens, expense, and length of time that may be necessary to defend the Litigation through the conclusion of discovery, summary judgment motions, trial, post-trial motions, and appeals. Defendants have therefore determined to settle this Litigation to avoid further expense, inconvenience, and the distraction of burdensome and protracted litigation and secure releases to the fullest extent permitted by law on the terms and conditions set forth in the Stipulation and to put the Released Claims (as defined at ¶ 73) to rest finally and forever, without in any way acknowledging any wrongdoing, fault, liability, or damages to Plaintiff and the Settlement Class.

27.   On _____, 2020, the Court preliminarily approved the Settlement, authorized this Notice to be disseminated to potential Settlement Class Members, and scheduled the Settlement Hearing to consider whether to grant final approval of the Settlement.

### HOW DO I KNOW IF I AM AFFECTED BY THE SETTLEMENT?

28.   If you are a member of the Settlement Class, you are subject to the Settlement unless you are excluded from the Settlement Class as set forth below. The Settlement Class, as certified by the Court for purposes of this Settlement, consists of all Persons or entities who purchased or otherwise acquired HIIQ Class A Common Stock (trading symbol HIIQ) or exchange-traded Call Options on HIIQ Class A Common Stock, and all persons who sold (wrote) exchange-traded Put Options on HIIQ Class A Common Stock, between August 4, 2017 and September 11, 2017, inclusive. Excluded from the Settlement Class are Defendants, all current and former directors, and officers of Health Insurance Innovations, Inc., each of their respective family members, and any affiliates controlled or owned by any of these excluded individuals and/or entities. Also excluded from the Settlement Class are those Persons who timely and validly request exclusion from the Settlement Class pursuant to procedure described in this Notice.

**PLEASE NOTE: RECEIPT OF THIS NOTICE DOES NOT MEAN THAT YOU ARE A SETTLEMENT CLASS MEMBER OR THAT YOU WILL BE ENTITLED TO RECEIVE PROCEEDS FROM THE SETTLEMENT. IF YOU ARE A SETTLEMENT CLASS MEMBER AND YOU WISH TO BE ELIGIBLE TO PARTICIPATE IN THE DISTRIBUTION OF PROCEEDS FROM THE SETTLEMENT, YOU ARE REQUIRED TO SUBMIT THE CLAIM FORM THAT**

**IS BEING DISTRIBUTED WITH THIS NOTICE AND THE REQUIRED SUPPORTING DOCUMENTATION AS SET FORTH THEREIN POSTMARKED NO LATER THAN _____, 2020, OR BY LATER DATE, IF ANY, SPECIFIED BY THE COURT.**

### WHAT ARE THE PARTIES' REASONS FOR THE SETTLEMENT?

29.     The principal reason for Lead Plaintiff's consent to the Settlement is that it provides an immediate and substantial benefit to the Settlement Class, in the form of a substantial monetary recovery. The benefit of the present Settlement must be compared to the risk that no recovery might be achieved after a contested trial and likely appeals, possibly many months, or even years, into the future.

30.     If the Parties had not agreed to the Settlement, this Litigation would have proceeded to summary judgment motions and, depending on the outcome, trial. The claims advanced by the Settlement Class in the Litigation involve numerous complex legal and factual issues. If the Litigation were to proceed to trial, Lead Plaintiff would have to overcome significant defenses asserted by Defendants. Among other things, the parties disagree about  (1) whether any Defendant engaged in any conduct subject to challenge under the federal securities laws; (2) the amounts by which HIIQ Securities were allegedly artificially inflated (if at all) during the Class Period; (3) the effect of various market forces influencing the trading price of HIIQ Securities at various times during the Class Period; (4) the extent to which the various matters that Plaintiff alleged were materially false or misleading influenced (if at all) the trading price of HIIQ Securities during the Class Period; (5) the extent to which the various allegedly adverse material facts that Plaintiff alleged were omitted influenced (if at all) the trading price of HIIQ Securities during the Class Period; (6) whether the statements made or facts allegedly omitted were material, false, misleading, or otherwise actionable under the securities laws; and (7) whether, even if liability could be proven, total damages would be greater than $0. Even after an extensive investigation and substantial discovery, questions remain regarding Defendants' liability or the extent thereof, and whether a jury would find them liable. This Settlement enables the Settlement Class to recover without incurring any additional risk or costs.

Defendants have expressly denied and continue to deny all charges of wrongdoing or liability whatsoever arising out of any of the conduct, statements, acts, or omissions alleged, or that could have been alleged, in the Litigation, and maintain that their conduct was at all times proper and in compliance with applicable provisions of law. Defendants further deny, *inter alia*, that they made any material misstatements or omissions in HIIQ's public filings, press releases, or other public statements, that Lead Plaintiff or the Settlement Class have suffered any damages, that the prices of HIIQ Securities were artificially inflated by reasons of alleged misrepresentations, non-disclosures or otherwise, and that Lead Plaintiff or the Settlement Class were harmed by any conduct alleged in the Litigation or that could have been alleged therein. Defendants believe that Lead Plaintiff could not prove his claims or refute Defendants' defenses, but recognize the burden, inconvenience, expense, and uncertainty inherent in any litigation, Defendants enter into the Settlement, as embodied in the Stipulation, to avoid further expense, inconvenience,

and the distraction of burdensome and protracted litigation and secure releases to the fullest extent permitted by law. Defendants' decision to settle the Litigation was based on the conclusion that further conduct of the Litigation would be protracted and expensive, and the determination that it is desirable and beneficial to settle the Litigation in the manner and upon the terms and conditions set forth in the Stipulation and to put the Released Claims to rest finally and forever, without in any way acknowledging any wrongdoing, fault, liability, or damages to Lead Plaintiff and the Settlement Class.

31.  In light of the risks associated with a trial of this Litigation, the monetary amount of the Settlement and the immediacy of this recovery to the Settlement Class, Lead Plaintiff, Lead Counsel and Liaison Counsel believe that the proposed Settlement is fair, reasonable and adequate, and in the best interests of the Settlement Class. Lead Plaintiff, Lead Counsel and Liaison Counsel believe that the Settlement provides a substantial benefit to the Settlement Class, namely Two-Million Eight-Hundred Thousand Dollars ($2,800,000.00) in cash (less the various deductions described in this Notice), as compared to the risk that the claims in the Litigation would produce a smaller, or no, recovery after trial and appeals.

## WHAT MIGHT HAPPEN IF THERE WERE NO SETTLEMENT?

32.  If there were no Settlement and Lead Plaintiff failed to establish any essential legal or factual element of their claims, neither Lead Plaintiff nor the other members of the Settlement Class would recover anything from Defendants. Also, if Defendants were successful in proving any of their defenses, either at summary judgment, at trial, or on appeal, the Settlement Class likely would recover substantially less than the amount provided in the Settlement, or nothing at all.

## HOW MUCH WILL MY PAYMENT BE?

33.  At this time, it is not possible to make any determination as to how much any individual Settlement Class Member may receive from the Settlement.

34.  Pursuant to the Settlement, Defendants have agreed to pay Two-Million Eight-Hundred-Thousand Dollars ($2,800,000.00) in cash. The Settlement Amount will be deposited into an interest-bearing escrow account. The Settlement Amount plus all interest earned thereon is referred to as the "Settlement Fund." If the Settlement is approved by the Court and the Effective Date occurs, the "Net Settlement Fund" (that is, the Settlement Fund less (a) all federal, state and local taxes on any income earned by the Settlement Fund and the reasonable costs incurred in connection with determining the amount of and paying taxes owed by the Settlement Fund (including reasonable expenses of tax attorneys and accountants); (b) the costs and expenses incurred in connection with providing notice to Settlement Class Members and administering the Settlement on behalf of Settlement Class Members; and (c) any attorneys' fees and Litigation Expenses awarded by the Court) will be distributed to Settlement Class Members who submit valid Claim Forms, in accordance with the proposed Plan of Allocation or such other plan of allocation as the Court may approve.

12

35.   The Net Settlement Fund will not be distributed until the Court has approved a plan of allocation and the Settlement, and the time for any petition for rehearing, appeal or review, whether by certiorari or otherwise, has expired.

36.   Neither Defendants nor any other person or entity that paid any portion of the Settlement Amount on their behalf are entitled to get back any portion of the Settlement Fund once the Court's order or judgment approving the Settlement becomes Final. Other than the obligation of HIIQ to cause the Settlement Amount to be deposited into the Settlement Fund, Defendants shall have no obligation to make any other payment pursuant to the Settlement Agreement and no liability, obligation or responsibility for the administration of the Settlement, the disbursement of the Net Settlement Fund or the plan of allocation.

37.   Approval of the Settlement is independent from approval of a plan of allocation. Any determination with respect to a plan of allocation will not affect the Settlement, if approved.

38.   Only Settlement Class Members, *i.e.*, Persons or entities who purchased or otherwise acquired certain publicly traded HIIQ Securities between August 4, 2017 and September 11, 2017, inclusive, and who or which are not excluded from the Settlement Class, will be eligible to share in the distribution of the Net Settlement Fund.

39.   Each Settlement Class Member wishing to participate in the distribution of the Net Settlement Fund must timely submit a valid Claim Form establishing membership in the Settlement Class, including all required documentation, postmarked on or before _____, 2020 or by later date, if any, specified by the Court, to the address set forth in the Claim Form that accompanies this Notice.

40.   Unless the Court otherwise orders, any Settlement Class Member who fails to submit a Claim Form postmarked on or before _____, 2020 or by such later date, if any, specified by the Court, shall be fully and forever barred from receiving payments pursuant to the Settlement, but will in all other respects remain a Settlement Class Member and be subject to the provisions of the Stipulation, including the terms of any Judgment entered and the releases given. This means that each Settlement Class Member releases the Released Claims against the Released Persons and will be enjoined and prohibited from filing, prosecuting, or pursuing any of the Released Claims against any of the Released Persons, whether or not such Settlement Class Member submits a Claim Form.

41.   Information Required on the Claim Form: Among other things, each Claim Form must state and provide sufficient documentation for the Claimant's position in HIIQ Securities as of the beginning of the Class Period, all transactions in HIIQ Securities during the Class Period, and the Claimant's closing position in them on the date specified in the Claim Form.

42.   The Court has reserved jurisdiction to allow, disallow, or adjust on equitable grounds the Claim of any Settlement Class Member.

13

43.     Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her or its Claim Form.

44.     Persons and entities who are either excluded from the Settlement Class by definition or who choose to be excluded in accordance with the process described in this Notice will not be eligible to receive a distribution from the Net Settlement Fund and should not submit Claim Forms.

## PROPOSED PLAN OF ALLOCATION

| How will my claim be calculated? |
| --- |

45.     As discussed above, the Settlement provides $2,800,000 in cash for the benefit of the Settlement Class. The Settlement Amount and any interest it earns constitute the "Settlement Fund." The Settlement Fund, after deduction of Court-approved attorneys' fees and expenses, Notice and Administration Expenses, Taxes, and any other fees or expenses approved by the Court, is the "Net Settlement Fund." If the Settlement is approved by the Court, the Net Settlement Fund will be distributed to eligible Authorized Claimants – i.e., members of the Settlement Class who timely submit valid Proof of Claim and Release forms that are accepted for payment by the Court – in accordance with this proposed Plan of Allocation ("Plan of Allocation" or "Plan") or such other plan of allocation as the Court may approve. Settlement Class Members who do not timely submit valid Proof of Claim and Release forms will not share in the Net Settlement Fund but will otherwise be bound by the Settlement. The Court may approve this proposed Plan of Allocation, or modify it, without additional notice to the Settlement Class. Any order modifying the Plan of Allocation will be posted on the settlement website, www.HIIQSecuritiesLitigation.com.

46.     The objective of the Plan of Allocation is to equitably distribute the Net Settlement Fund among Authorized Claimants based on their respective alleged economic losses as a result of the alleged misstatements and omissions, as opposed to losses caused by market- or industry-wide factors, or company-specific factors unrelated to the alleged fraud. The Claims Administrator shall determine each Authorized Claimant's share of the Net Settlement Fund based upon the recognized loss formula ("Recognized Loss") described below.

47.     A Recognized Loss will be calculated for each share of HIIQ Class A Common Stock and each exchange-traded Call Option on HIIQ Class A Common Stock purchased or otherwise acquired during the Class Period, and for each exchange-traded Put Option on HIIQ Class A Common Stock sold (written) during the Class Period. [3] The calculation of

---

[3] Exchange-traded options are traded in units call "contracts." Each call option contract entitles the holder of the call option contract to purchase 100 shares of the underlying stock upon exercise, in this case HIIQ Class A Common Stock. Similarly, each put option contract entitles the holder of the put option contract to sell 100 shares of HIIQ Class A Common Stock.

14

Recognized Loss will depend on several factors, including when HIIQ Securities were purchased or otherwise acquired during the Class Period, and in what amounts, and whether such securities were sold, and if sold, when they were sold, and for what amounts. The Recognized Loss is not intended to estimate the amount a Settlement Class Member might have been able to recover after a trial, nor to estimate the amount that will be paid to Authorized Claimants pursuant to the Settlement. The Recognized Loss is the basis upon which the Net Settlement Fund will be proportionally allocated to the Authorized Claimants. The Claims Administrator will use its best efforts to administer and distribute the Net Settlement Fund to the extent that it is equitably and economically feasible.

48.   The Plan of Allocation was created with the assistance of a consulting damages expert and reflects the assumption that the price of HIIQ Class A Common Stock was artificially inflated throughout the Class Period. The estimated alleged artificial inflation in the price of HIIQ Class A Common Stock during the Class Period is reflected in Table 1 below. The computation of the estimated alleged artificial inflation in the price of HIIQ Class A Common Stock during the Class Period is based on certain misrepresentations alleged by Lead Plaintiff and the price change in the stock, net of market- and industry-wide factors, in reaction to the public announcements that allegedly corrected the misrepresentations alleged by Plaintiff.

49.   The U.S. federal securities laws allow investors to seek to recover losses caused by disclosures which corrected the defendants' previous misleading statements or omissions. Thus, in order to have recoverable damages, the corrective disclosures of the allegedly misrepresented information must be the cause of the decline in the price of value of HIIQ Class A Common Stock. In this Litigation, Lead Plaintiff alleges that Defendants made false statements and/or omitted material facts during the Class Period, which had the purported effect of artificially inflating the price of HIIQ Class A Common Stock. Plaintiff further alleges that corrective disclosures removed artificial inflation from the price of HIIQ Class A Common Stock on September 11, 2017 and September 12, 2017 (the "Corrective Disclosure Dates"). Thus, in order for a Settlement Class Member to have a Recognized Loss under the Plan of Allocation, HIIQ Class A Common Stock must have been purchased or otherwise acquired during the Class Period and held through at least one of these Corrective Closure Dates. With respect to Call Options on HIIQ Class A Common Stock purchased during the Class Period and Put Options on HIIQ Class A Common Stock sold during the Class Period, such options must have been open and outstanding at the opening of trading in the U.S. financial markets on at least one of the Corrective Disclosure Dates in order to have a Recognized Loss greater than $0.00.

| Table 1 Artificial Inflation in HIIQ Common Stock | | |
|---|---|---|
| **From** | **To** | **Per-Share Price Inflation** |
| August 4, 2017 | September 10, 2017 | $10.95 |
| September 11, 2017 | September 11, 2017 | $3.81 |
| September 12, 2017 | Thereafter | $0.00 |

50.     The "90-day look back" provision of the Private Securities Litigation Reform Act of 1995 ("PSLRA") is incorporated into the calculation of the Recognized Loss for HIIQ Class A Common Stock. The limitations on the calculation of the Recognized Loss imposed by the PSLRA are applied such that losses on HIIQ Class A Common Stock purchased during the Class Period and held as of the close of the 90-day period subsequent to the Class Period (the "90-Day Lookback Period") cannot exceed the difference between the purchase price paid for such stock and its average price during the 90-Day Lookback Period. The Recognized Loss on HIIQ Class A Common Stock purchased during the Class Period and sold during the 90-Day Lookback Period cannot exceed the difference between the purchase price paid for such stock and its rolling average price during the portion of the 90-Day Lookback Period elapsed as of the date of sale.

51.     In the calculations below, all purchase and sale prices shall exclude any fees, taxes and commissions. If a Recognized Loss amount is calculated to be a negative number, that Recognized Loss shall be set to zero. Any transactions in HIIQ Securities executed outside of regular trading hours for the U.S. financial markets shall be deemed to have occurred during the next regular trading session for the U.S. financial markets.

52.     A Recognized Loss will be calculated as set forth below for each share of HIIQ Class A Common Stock and Call Option on HIIQ Class A Common Stock purchased or otherwise acquired during the Class Period and for each Put Option on HIIQ Class A Common Stock sold (written) during the Class Period, that is listed in the Proof of Claim and Release form and for which adequate documentation is provided.

## CALCULATION OF RECOGNIZED LOSS

### HIIQ Class A Common Stock

53.     For each share of HIIQ Class A Common Stock purchased or otherwise acquired during the Class Period (*i.e.*, August 4, 2017 through September 11, 2017, inclusive), the Recognized Loss per share shall be calculated as follows:

    a.  For each share of HIIQ Class A Common Stock that was purchased during the period August 4, 2017 through September 10, 2017, inclusive, and sold prior to September 11, 2017, the Recognized Loss per share is $0.00.

    b.  For each share of HIIQ Class A Common Stock that was purchased during the period August 4, 2017 through September 10, 2017, inclusive, and sold on September 11, 2017, the Recognized Loss per share is $7.14.

    c.  For each share of HIIQ Class A Common Stock that was purchased during the period August 4, 2017 through September 10, 2017, inclusive, and sold during the period September 12, 2017 through December 8, 2017, inclusive, (*i.e.*, sold during the 90-day Lookback Period), the Recognized Loss per share is *the lesser of*:

        i   $10.95; or

16

        ii   the purchase price *minus* the "90-Day Lookback Value" on the date of sale as provided in Table 2 below.

d. For each share of HIIQ Class A Common Stock that was purchased during the period August 4, 2017 through September 10, 2017, inclusive, and still held as of the close of trading on December 8, 2017, the Recognized Loss per share is *the lesser of*:

        i   $10.95; or

        ii   the purchase price *minus* the average closing price for HIIQ Class A Common Stock during the 90-Day Lookback Period, which is $21.26.

e. For each share of HIIQ Class A Common Stock that was both purchased and sold on September 11, 2017, the Recognized Loss per share is $0.00.

f. For each share of HIIQ Class A Common Stock that was purchased on September 11, 2017, and sold during the period September 12, 2017 through December 8, 2017, inclusive, (*i.e.*, sold during the 90-Day Lookback Period), the Recognized Loss per share is *the lesser of*:

        i   $3.81; or

        ii   the purchase price *minus* the "90-Day Lookback Value" on the date of sale as provided in Table 2 below.

g. For each share of HIIQ Class A Common Stock that was purchased on September 11, 2017, and still held as of the close of trading on December 8, 2017, the Recognized Loss per share is *the lesser of*:

        i   $3.81; or

        ii   the purchase price *minus* the average closing price for HIIQ Class A Common Stock during the 90-Day Lookback Period, which is $21.26.

| Table 2 90-Day Lookback Value by Sale/Disposition Date | | | | | |
|---|---|---|---|---|---|
| Sale / Disposition Date | 90-Day Lookback Value | Sale / Disposition Date | 90-Day Lookback Value | Sale / Disposition Date | 90-Day Lookback Value |
| 9/12/2017 | $19.75 | 10/11/2017 | $19.15 | 11/9/2017 | $20.28 |
| 9/13/2017 | $20.50 | 10/12/2017 | $19.10 | 11/10/2017 | $20.36 |
| 9/14/2017 | $20.80 | 10/13/2017 | $19.09 | 11/13/2017 | $20.45 |
| 9/15/2017 | $21.23 | 10/16/2017 | $19.17 | 11/14/2017 | $20.53 |

| 9/18/2017 | $21.55 | 10/17/2017 | $19.28 | 11/15/2017 | $20.58 |
|---|---|---|---|---|---|
| 9/19/2017 | $21.79 | 10/18/2017 | $19.41 | 11/16/2017 | $20.65 |
| 9/20/2017 | $21.81 | 10/19/2017 | $19.49 | 11/17/2017 | $20.72 |
| 9/21/2017 | $21.81 | 10/20/2017 | $19.56 | 11/20/2017 | $20.78 |
| 9/22/2017 | $21.80 | 10/23/2017 | $19.61 | 11/21/2017 | $20.85 |
| 9/25/2017 | $21.78 | 10/24/2017 | $19.66 | 11/22/2017 | $20.91 |
| 9/26/2017 | $21.53 | 10/25/2017 | $19.70 | 11/24/2017 | $20.98 |
| 9/27/2017 | $21.29 | 10/26/2017 | $19.73 | 11/27/2017 | $21.03 |
| 9/28/2017 | $20.73 | 10/27/2017 | $19.77 | 11/28/2017 | $21.09 |
| 9/29/2017 | $20.29 | 10/30/2017 | $19.81 | 11/29/2017 | $21.13 |
| 10/2/2017 | $19.97 | 10/31/2017 | $19.85 | 11/30/2017 | $21.17 |
| 10/3/2017 | $19.74 | 11/1/2017 | $19.89 | 12/1/2017 | $21.19 |
| 10/4/2017 | $19.58 | 11/2/2017 | $19.90 | 12/4/2017 | $21.19 |
| 10/5/2017 | $19.42 | 11/3/2017 | $19.97 | 12/5/2017 | $21.21 |
| 10/6/2017 | $19.29 | 11/6/2017 | $20.02 | 12/6/2017 | $21.22 |
| 10/9/2017 | $19.26 | 11/7/2017 | $20.11 | 12/7/2017 | $21.23 |
| 10/10/2017 | $19.23 | 11/8/2017 | $20.19 | 12/8/2017 | $21.26 |

### *Call Options on HIIQ Class A Common Stock*

54.     For each Call Option on HIIQ Class A Common Stock purchased or otherwise acquired during the Class Period (*i.e.*, August 4, 2017 through September 11, 2017, inclusive), the Recognized Loss per Call Option shall be calculated as follows:

  a.   For each Call Option not held at the opening of trading on September 11, 2017 or September 12, 2017, the Recognized Loss per Call Option is $0.00;

  b.   For each Call Option that was sold on September 11, 2017 or sold on September 12, 2017, the Recognized Loss per Call Option is the purchase price minus the sale price.

  c.   For each Call Option that was exercised on September 11, 2017, the Recognized Loss per Call Option is the purchase price minus the intrinsic value of the option as of the close of trading on September 11, 2017, where the intrinsic value shall be *the greater of*: (i) $0.00 or (ii) $23.35 minus the strike price of the option.

  d.   For each Call Option that was exercised on September 12, 2017, or still held as of the close of trading on September 12, 2017, the Recognized Loss per Call Option is the purchase price minus the intrinsic value shall be *the greater of*: (i) $0.00 or (ii) $19.75 minus the strike price of the option.

55.     No loss shall be recognized based on a sale or writing of any Call Option that was

subsequently repurchased, exercised or expired.

### Put Options on HIIQ Class A Common Stock

56.    For each Put Option on HIIQ Class A Common Stock sold during the Class Period (*i.e.*, August 4, 2017 through September 11, 2017, inclusive), the Recognized Loss per Put Option shall be calculated as follows:

   a.    For each Put Option not open (not outstanding) at the opening of trading on September 11, 2017 or September 12, 2017, the Recognized Loss per Put Option is $0.00.

   b.    For each Put Option that was purchased on September 11, 2017, or purchased on September 12, 2017, the Recognized Loss per Put Option is the purchase price minus the sale price.

   c.    For each Put Option that was exercised (assigned) on September 11, 2017, the Recognized Loss per Put Option is the intrinsic value of the option as of the close of trading on September 11, 2017 minus the sale price, where the intrinsic value shall be *the greater of*: (i) $0.00 or (ii) strike price of the option minus $23.35.

   d.    For each Put Option that was exercised (assigned) on September 12, 2017, or that was still open (outstanding) as of the close of trading on September 12, 2017, the Recognized Loss per Put Option is the intrinsic value of the option as of the close of trading on September 12, 2017 minus the sale price, where the intrinsic value shall be *the greater of*: (i) $0.00 or (ii) the strike price of the option minus $19.75.

57.    No loss shall be recognized based on a purchase of any Put Option that was subsequently sold, exercised or expired.

## ADDITIONAL PROVISIONS

58.    The payment you receive will reflect your proportionate share of the Net Settlement Fund. Such payment will depend on the number of eligible shares that participate in the Settlement, and when those shares were purchased and sold. The number of claimant who send in claims varies widely from case to case.

59.    A purchase or sale of HIIQ Securities shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date.

60.    If a Settlement Class Member acquired HIIQ Securities during the Class Period by way of gift, inheritance or operation law, such a claim will be computed by using the date and price of the original purchase and not the date and price of transfer. To the extent that HIIQ Class A Common Stock or a Call Option on HIIQ Class A Common Stock was originally purchased prior to commencement of the Class Period, the Recognized Loss for that acquisition shall be deemed to be zero ($0.00). To the extent that a Put Option on HIIQ

19

Class A Common Stock was originally sold prior to commencement of the Class Period, the Recognized Loss for that sale shall be deemed to be zero ($0.00).

61.  Notwithstanding any of the above, receipt of HIIQ Securities during the Class Period in exchange for securities of any other corporation or entity shall not be deemed a purchase or sale of HIIQ Securities.

62.  If a Settlement Class Member made more than one purchase/acquisition or sale of any HIIQ Security during the Class Period, all purchases/acquisitions and sales of the like security shall be matched on a First In, First Out ("FIFO") basis. With respect to HIIQ Class A Common Stock and Call Options on HIIQ Class A Common Stock, Class Period sales will be matched first against any holdings at the beginning of the Class Period, and then against the purchases/acquisitions in chronological order, beginning with the earliest purchase/acquisition made during the Class Period. For Put Options on HIIQ Class A Common Stock, Class Period purchases will be matched first to close out positions open at the beginning of the Class Period, and then against Put Options on HIIQ Class A Common Stock sold (written) during the Class Period in chronological order.

63.  The date of covering a "short sale" of HIIQ Class A Common Stock is deemed to be the date of purchase of HIIQ shares. The date of a "short sale" of HIIQ Class A Common Stock is deemed to be the date of sale of HIIQ shares. In accordance with the Plan of Allocation, however, the Recognized Loss on "short sales" is zero. In the event that a claimant has an opening short position in HIIQ Class A Common Stock, the earliest Class Period purchases shall be matched against such opening short position and not be entitled to a recovery until that short position is fully covered.

64.  With respect to HIIQ Class A Common Stock purchased through the exercise of a call or put option,[4] the purchase date of the stock shall be exercise date of the option and the purchase price shall be the closing price of HIIQ Class A Common Stock on the exercise date. Any Recognized Loss arising from purchases of HIIQ Class A Common Stock acquired during the Class Period through the exercise of an option on HIIQ Class A Common Stock shall be computed as provided for other purchases of HIIQ Class A Common Stock in the Plan of Allocation.

65.  Payment according to the Plan of Allocation will be deemed conclusive against all Authorized Claimants. A Recognized Loss will be calculated as defined herein and cannot be less than zero. The Claims Administrator shall allocate to each Authorized Claimant a *pro rata* share of the Net Settlement Fund based on his, her, or its total Recognized Losses as compared to the total Recognized Losses of all Authorized Claimants.

66.  No distribution will be made to Authorized Claimants who would otherwise receive a

---

[4] Including (1) purchases of HIIQ Class A Common Stock as the result of the exercise of a call option, and (2) purchases of HIIQ Class A Common Stock by the seller of a put option as a result of the buyer of such put option exercising that put option.

distribution of the less than $10.00.

67.  Cumulative payments of all claims associated with Call Options and Put Options on HIIQ Class A Common Stock will be limited to 1.5% of the Net Settlement Fund.[5] Thus, if the cumulative Recognized Loss amounts for Call and Put Options claims exceeds 1.5% of all Recognized Losses, then the Recognized Loss for Call and Put Options claims will be reduced proportionately until they collectively equal 1.5% of all Recognized Losses. In the unlikely event that the Net Settlement Fund, allocated as such, is sufficient to pay 100% of the HIIQ Class A Common Stock claims, any excess amount will be used to pay the balance on the remaining Call and Put Options claims.

68.  Settlement Class Members who do not submit an acceptable Proof of Claim and Release form will not share in the Settlement proceeds. The Stipulation and the Order and Final Judgment dismissing this Litigation will nevertheless bind Settlement Class Members who do not submit a request for exclusion or submit an acceptable Proof of Claim and Release form.

69.  Please contact the Claims Administrator or Lead Class Counsel if you disagree with any determinations made by the Claims Administrator regarding your Proof of Claim and Release form. If you are unsatisfied with the determinations, you may ask the Court, which retains jurisdiction over all Settlement Class Members and the claims-administration process, to decide the issue by submitting a written request.

70.  Defendants, their respective counsel, and all other Released Persons will have no responsibility or liability whatsoever for the investment of the Settlement Fund, the distribution of the Net Settlement Fund, the Plan of Allocation, or the payment of any claim. Lead Plaintiff and Settlement Class Counsel likewise will have no liability for their reasonable efforts to execute, administer, and distribute the Settlement.

71.  Distribution will be made to Authorized Claimants after all claims have been processed and after the Court has finally approved the Settlement. If any funds remain in the Net Settlement Fund by reason of uncashed distribution checks or otherwise, then, after the Claims Administrator has made reasonable and diligent efforts to have Settlement Class Members who are entitled to participate in the distribution of the Net Settlement Fund cash their distributions, any balance remaining in the Net Settlement Fund after at least six (6) months after the initial distribution of such funds will be used in the following fashion: (i) first, to pay any amounts mistakenly omitted from the initial disbursement; (ii) second, to pay any additional settlement administration fees, costs, and expenses, including those of Settlement Class Counsel as may be approved by the Court; and (iii) finally, to make a second distribution to claimants who cashed their checks from the initial distribution and who would receive at least $10.00, after payment of the estimated costs, expenses, or fees to be incurred in administering the Net Settlement Fund and in making this second

---

[5] Call and Put Options account for approximately 1.5% of the combined dollar trading volume of HIIQ Class A Common Stock and Call and Put Options on HIIQ Class A Common Stock during the Class Period.

distribution, if such second distribution is economically feasible. At such time as it is determined that the re-distribution of funds remaining in the Settlement Fund is not cost-effective, the remaining balance shall be contributed to an appropriate non-profit 501(c)(3) organization, to be recommended by Lead Class Counsel and approved by the Court.

## HOW ARE SETTLEMENT CLASS MEMBERS AFFECTED BY THE LITIGATION AND THE SETTLEMENT?

72.     If you are a Settlement Class Member, you will be bound by any orders issued by the Court. If the Settlement is approved, the Court will enter a judgment (the "Judgment"), which will dismiss with prejudice the claims against Defendants. The Judgment will also provide that, upon the Effective Date of the Settlement, Lead Plaintiff and each and all other Settlement Class Members and anyone claiming through or on behalf of any of them, will fully, finally, and forever waive, release, relinquish, discharge, and dismiss all Released Claims against all Released Persons, to the fullest extent that the law permits.

73.     "Released Claims" means any and all claims (including "Unknown Claims" as defined ¶ 75 below), rights, demands, obligations, damages, actions, suits, matters, issues, causes of action, or liabilities whatsoever, in law or in equity, accrued or unaccrued, fixed or contingent, direct, individual, or representative, of every nature and description, whether known or unknown, whether arising under federal, state, local, common or foreign law or any other law, rule, or regulation, that arise out of or relate in any way, in whole or in part, directly or indirectly, to the purchase or sale of HIIQ Securities during the Class Period and the act, facts, transactions, events, occurrences, statements, disclosures, representatives, filings, publications, disseminations, press releases, presentations, omissions, or failures to act that were, could have been, or could be in the future be alleged or asserted by Lead Plaintiff or any member of the Settlement Class in the Litigation or in any other action in any court or forum. Released Claims do not include claims asserted on HIIQ's purported behalf in shareholder derivative actions, except that Lead Plaintiff agrees not to bring, or in any way to cause any other person to bring, any derivative claims in connection with, arising out of, related to, and/or based upon, in whole or in part, directly or indirectly, in any way, any acts, facts, wrongdoing, or any other matter alleged or asserted, or which could have been alleged or asserted, in the Litigation.

74.     "Released Persons" means each and every past and current defendant named in this Litigation, and, whether or not identified in any complaint filed in the Litigation, each past and current defendant's respective families, associates, affiliates, and each and all of their past or present directors, officers, employees, partners, member firms or affiliates, principals, agents, predecessors, successors, parents, subsidiaries, divisions, departments, joint ventures, attorneys, accountants, insurers, co-insurers and reinsurers, assigns, spouses, heirs, executors, trustees, general or limited partners or partnerships, limited liability companies, members, stockholders, underwriters, personal or legal advisors or representatives, estates, administrators, predecessors, successors and assigns or other individuals or entities in which the respective past or current defendants, their associates, any related or affiliated entities, or any members of their immediate families, or any trusts for which any of them are trustees, settlors, or beneficiaries, and the predecessors,

22

successors, administrators and assigns of each of the foregoing.

75.  "Unknown Claims" means any and all Released Claims that Lead Plaintiff or any member of the Class does not know or suspect to exist in his, her, or its favor at the time of the release of the Released Persons, which if known by him, her or it might have affected his, her or its settlement with and release of the Released Persons or might have affected his, her or its decision not to object to the settlement or not exclude himself, herself, or itself from the Class. Lead Plaintiff and every member of the Class expressly waive, and by operation of the Order and Final Judgment shall be deemed to have waived and shall have waived, to fullest extent permitted by law, any and all provisions, rights and benefits conferred by California Civil Code § 1542 (to the extent applicable), and any laws of any state or territory of the United States, or principle of common law, or the law of any foreign jurisdiction, that is similar, comparable or equivalent to California Code § 1542, which provides:

**A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR**.

Lead Plaintiff and the Settlement Class Members may hereafter discover facts in addition to or different from those which he, she, is now knows or believes to be true with respect to the subject matter of the Released Claims, but Lead Plaintiff shall expressly, fully, finally, and forever settle and release, and each Settlement Class Member shall be deemed to have, and by operation of the Order and Final Judgment shall have, fully, finally, and forever settled and released, any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts. Lead Plaintiff acknowledges, and every Settlement Class Member by law and operation of the Order and Final Judgment shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Released Claims was separately bargained for and was a material element of the Settlement.

**WHAT PAYMENT ARE THE ATTORNEYS FOR THE SETTLEMENT CLASS SEEKING?**
**HOW WILL THE LAWYERS BE PAID?**

76.  Lead Counsel and Liaison Counsel have not received any payment for their services in pursuing claims against the Defendants on behalf of the Settlement Class, nor have Lead Counsel or Liaison Counsel been reimbursed for their out-of-pocket expenses. Before final approval of the Settlement, Lead Counsel will apply to the Court for an award of attorneys' fees from the Settlement Fund in an amount not to exceed 33 1/3% of the

Settlement Fund. At the same time, Lead Counsel also intend to apply for the reimbursement of Litigation Expenses not to exceed $315,000.00, which may include an application for reimbursement of the reasonable costs and expenses incurred by Settlement Class Representative directly related to his representation of the Settlement Class. The Court will determine the amount of any award of attorneys' fees or reimbursement of Litigation Expenses. Such sums as may be approved by the Court will be paid from the Settlement Fund. Settlement Class Members are not personally liable for any such fees or expenses.

## HOW DO I PARTICIPATE IN THE SETTLEMENT?  WHAT DO I NEED TO DO?

77.     To be eligible for a payment from the proceeds of the Settlement, you must be a member of the Settlement Class and you must timely complete and return the Claim Form with adequate supporting documentation **postmarked no later than _____, 2020** or by later date, if any, specified by the Court. A Claim Form is included with this Notice, or you may obtain one from the website for this Litigation, www.HIIQSecuritiesLitigation.com, or you may request that a Claim Form be mailed to you by calling the claims administrator, Epiq Class Action & Claims Solutions, Inc. at 888-396-9602. The claims administrator may also be reached by email at info@HIIQSecuritiesLitigation.com. Please retain all records of your ownership of and transactions in HIIQ Securities, as they may be needed to document your Claim. If you are excluded from the Settlement Class by definition or you submit a request for exclusion in connection with this Notice, or if you do not submit a timely and valid Claim Form, you will not be eligible to share in the Net Settlement Fund.

78.     As a Settlement Class Member, you are represented by the Settlement Class Representative, Lead Counsel, and Liaison Counsel, unless you enter an appearance through counsel of your own choice at your own expense. You are not required to retain your own counsel, but if you choose to do so, such counsel must file a notice of appearance on your behalf and must serve copies of his or her notice of appearance on the attorneys listed in the section entitled, "When and Where Will the Court Decide Whether to Approve the Settlement?," below.

79.     If you are a Settlement Class Member and you wish to object to the Settlement, the proposed Plan of Allocation, or Lead Counsel's application for attorneys' fees and reimbursement of Litigation Expenses, you may present your objections by following the instructions in the section entitled, "When and Where Will the Court Decide Whether to Approve the Settlement?" below.

## WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT?
## DO I HAVE TO COME TO THE HEARING? MAY I SPEAK AT THE HEARING IF I DON'T LIKE THE SETTLEMENT?

80.     Settlement Class Members do not need to attend the Settlement Hearing. The Court will consider any submission made in accordance with the provisions below even if a Settlement Class Member does not attend the hearing. You can participate in the

Settlement without attending the Settlement Hearing.

81. The Settlement Hearing will be held on _____, 2020 at _____ before the Honorable Thomas P. Barber, at the Sam M. Gibbons United States Courthouse, United States District Court for the Middle District of Florida, 801 North Florida Avenue, Tampa, Florida 33602. The Court reserves the right to approve the Settlement, the Plan of Allocation, Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses and/or any other matter related to the Settlement at or after the Settlement Hearing without further notice to the members of the Settlement Class.

82. Any Settlement Class Member who is not requesting exclusion from the Settlement Class may object to the proposed Settlement, the proposed Plan of Allocation, or Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses. Objections must be in writing. You must file any written objection, together with copies of all other papers and briefs supporting the objection, with the Clerk's Office of the Court at the address set forth below on or before _____, 2020. You must also serve the papers on Lead Counsel for the Settlement Class and Defendants' Counsel at the addresses set forth below so that the papers are *received* on or before _____, 2020.

| CLERK'S OFFICE | LEAD COUNSEL | DEFENDANTS' COUNSEL |
|---|---|---|
| United States District Court Middle District of Florida Sam M. Gibbons Courthouse, Clerk's Office 801 North Florida Avenue Tampa, FL 33602 (813) 301-5400 | Ramzi Abadou **KAHN SWICK & FOTI, LLC** 1100 Poydras Street, Suite 3200 New Orleans, LA 70163 (504) 455-1400 | Robert F. Serio **GIBSON, DUNN & CRUTCHER LLP** 200 Park Avenue New York, NY 10166-0193 (212) 351-4000 |

83. Any objection to the Settlement (a) must state the name, address and telephone number of the person or entity objecting and must be signed by the objector; (b) must contain a statement of the Settlement Class Member's objection or objections, and the specific reasons for each objection, including any legal and evidentiary support the Settlement Class Member wishes to bring to the Court's attention; and (c) must include documents sufficient to prove the objector's membership in the Settlement Class such as transaction dates and supporting records of HIIQ Securities that the objecting Settlement Class Member purchased or otherwise acquired during the relevant period.

84. You may file a written objection without having to appear at the Settlement Hearing. You may not, however, appear at the Settlement Hearing to present your objection unless you first filed and served a written objection in accordance with the procedures described above, unless the Court orders otherwise.

85.     If you wish to be heard orally at the Settlement Hearing in opposition to the approval of the Settlement, the Plan of Allocation, or Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses, and if you file and serve a timely written objection as described above, you must also file a notice of appearance with the Clerk's Office and serve it on Lead Counsel and Defendants' Counsel at the addresses set forth above so that it is *received* on or before _____, 2020. Persons who intend to object and desire to present evidence at the Settlement Hearing must include the following in their written objection or notice of appearance: the identity of any witnesses they may call to testify and any exhibits they intend to introduce into evidence at the Settlement Hearing. Such persons may be heard orally at the discretion of the Court.

86.     You are not required to hire an attorney to represent you in making written objections or in appearing at the Settlement Hearing. However, if you decide to hire an attorney, it will be at your own expense, and that attorney must file a notice of appearance with the Court and serve it on Lead Counsel and Defendants' Counsel at the addresses set forth above so that the notice is *received* on or before _____, 2020.

87.     The Settlement Hearing may be adjourned by the Court without further written notice to the Settlement Class. If you intend to attend the Settlement Hearing, you should confirm the date and time with Lead Counsel.

88.     **Unless the Court orders otherwise, any Settlement Class Member who does not object in the manner described above will be deemed to have waived any objection and shall be forever foreclosed from making any objection to the proposed Settlement, the proposed Plan of Allocation, or Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses. Settlement Class Members do not need to appear at the hearing or take any other action to indicate their approval.**

## HOW DO I EXCLUDE MYSELF FROM THE SETTLEMENT?

89.     If you do not want to be bound by the Judgment or recover money from the Settlement Fund, and instead want to keep any claims you may have and any right you may have to sue the defendants on your own about the legal issues in this case, then you must take steps to get out. This is called excluding yourself from – or opting out of – the Settlement Class.

90.     If you do not wish to be included in the Settlement Class and you do not wish to participate in the proposed Settlement described in this Notice, you may request to be excluded. To do so, you must submit a written request for exclusion that must be received on or before _____, 2020 (at least 21 calendar days prior to the date of the Settlement Hearing) and must state: (1) the name, address, and telephone number of the Person requesting exclusion; (2) the Person's purchases/acquisitions/transactions of HIIQ Securities during the Class Period and any sales thereof, including the dates, the number of shares and price(s) paid and received for each such purchase, acquisition and sale; (3) a clear and unambiguous statement that the Person wishes to be excluded from the Settlement Class,

26

and (4) must include the Person's signature. No request will be considered valid unless all of the information described above is included in the request. You cannot exclude yourself by phone or email. The written request must be addressed as follows:

> *In re Health Insurance Innovations Securities Litigation*
> c/o Epiq Class Action & Claims Solutions, Inc.
> Exclusions
> P.O. Box 2838
> Portland, OR 97208-2838

91.   **If you ask to be excluded from the Settlement Class, you will not get any settlement payment.**

92.   If you do not exclude yourself, you give up any right to sue any of the defendants about the claims that this Settlement resolves. If you have a pending lawsuit, speak to your lawyer in that case immediately. You must exclude yourself from this Class to continue or file any lawsuit alleging the same claims as are alleged herein. Remember, the exclusion deadline is _____, 2020 – not later than 21 calendar days before the Settlement Hearing.

### WHAT IF I BOUGHT HIIQ SECURITIES ON SOMEONE ELSE'S BEHALF?

93.   If, for the beneficial interest of any person or entity other than yourself, you purchased or otherwise acquired certain publicly traded HIIQ Securities between August 4, 2017 and September 11, 2017, you must either: (a) within ten (10) calendar days of receipt of this Notice, request from Epiq Class Action & Claims Solutions, Inc. sufficient copies of the Notice to forward to all such beneficial owners and, within ten (10) calendar days of receipt of the copies of the Notice, forward them to all such beneficial owners; or (b) within ten (10) calendar days of receipt of this Notice, provide a list of the names and addresses of all such beneficial owners to *In re Health Insurance Innovations Securities Litigation*, c/o Epiq Class Action & Claims Solutions, Inc., P.O. Box 2838, Portland, OR 97208-2838.

94.   If you choose the first option, *i.e.*, you elect to mail the Notice directly to beneficial owners, you must retain the mailing records for use in connection with any further notices that may be provided in the Litigation. If you elect that option, Epiq Class Action & Claims Solutions, Inc. will forward the Notice and Claim Form (together, the "Notice Packet") to you to send to the beneficial owners. You must mail the Notice Packets to the beneficial owners within ten (10) calendar days of your receipt of the packets. Upon mailing of the Notice Packets, you may seek reimbursement of your reasonable expenses actually incurred, by providing Epiq Class Action & Claims Solutions, Inc. with proper documentation supporting the expenses for which reimbursement is sought.

95.   If you choose the second option, you must within ten (10) calendar days of receipt of this Notice provide a list of the names and addresses of all such beneficial owners to *In re*

*Health Insurance Innovations Securities Litigation*, c/o Epiq Class Action & Claims Solutions, Inc., P.O. Box 2838, Portland, OR 97208-2838. Epiq Class Action & Claims Solutions, Inc. will send a copy of the Notice Packet to the beneficial owners whose names and addresses you supply. Upon full compliance with these directions, you may seek reimbursement of your reasonable expenses actually incurred by providing Epiq Class Action & Claims Solutions, Inc. with proper documentation supporting the expenses for which reimbursement is sought. Copies of the Notice Packet may also be obtained from the website for this Litigation, www.HIIQSecuritiesLitigation.com, or by calling Epiq Class Action & Claims Solutions, Inc. toll-free at 888-396-9602.

### CAN I SEE THE COURT FILE?  WHOM SHOULD I CONTACT IF I HAVE QUESTIONS?

96.     This Notice contains only a summary of the terms of the proposed Settlement. For more detailed information about the matters involved in the Litigation, you are referred to the papers on file in the Litigation, including the Stipulation, which may be inspected during regular office hours at the Office of the Clerk, United States District Court for the Middle District of Florida. Additionally, copies of the Stipulation and any related orders entered by the Court will be posted on the website for this Litigation, www.HIIQSecuritiesLitigation.com. All inquiries concerning this Notice or the Claim Form should be directed to Epiq Class Action & Claims Solutions, Inc. or Lead Counsel.

### DO NOT CALL OR WRITE THE COURT OR THE OFFICE OF THE CLERK OF COURT REGARDING THIS NOTICE.

### DO NOT CALL OR WRITE HIIQ REGARDING THIS NOTICE.

Dated: _____, 2020

By Order of the Clerk of Court
United States District Court

28

# EXHIBIT A-2

**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

|  |  |
|---|---|
| IN RE HEALTH INSURANCE INNOVATIONS SECURITIES LITIGATION | Case No. 8:17-cv-02186-TPB-SPF |

**SUMMARY NOTICE OF (I) PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION AND PLAN OF ALLOCATION; (II) SETTLEMENT HEARING; AND (III) MOTION FOR AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES**

**TO:**   ALL PERSONS OR ENTITIES WHO PURCHASED OR OTHERWISE ACQUIRED HEALTH INSURANCE INNOVATIONS, INC ("HIIQ")[1] CLASS A COMMON STOCK OR EXCHANGE-TRADED CALL OPTIONS ON HIIQ CLASS A COMMON STOCK, AND ALL PERSONS WHO SOLD (WROTE) EXCHANGE-TRADED PUT OPTIONS ON HIIQ CLASS A COMMON STOCK BETWEEN AUGUST 4, 2017 AND SEPTEMBER 11, 2017, BOTH DATES INCLUSIVE (the "SETTLEMENT CLASS").

YOU ARE HEREBY NOTIFIED, pursuant to an Order of the United States District Court for the Middle District of Florida, that a hearing will be held on _____, 2020, at _____.m., before the Honorable Thomas P. Barber, United States District Judge, at the Sam M. Gibbons United States Courthouse, United States District Court for the Middle District of Florida, 801 North Florida Avenue, Tampa, FL 33602, for the purpose of determining: a) whether the Court should grant final certification to the Settlement Class pursuant to Fed. R. Civ. P. 23(a) and (b)(3); b) whether the proposed Settlement of the claims alleged in the above-captioned securities class action for Two-Million Eight-Hundred-Thousand Dollars ($2,800,000.00) in cash is fair, reasonable, and adequate and should be approved by the Court; c) whether the proposed Plan of Allocation is fair and reasonable and should be approved by the Court; d) whether Lead Counsel's request for an award of attorneys' fees and reimbursement of litigation expenses should be approved by the Court; e) such other matters as the Court may deem appropriate.

IF YOU PURCHASED OR OTHERWISE ACQUIRED HIIQ CLASS A COMMON STOCK OR EXCHANGE-TRADED CALL OPTIONS ON HIIQ CLASS A COMMON STOCK, OR IF YOU SOLD (WROTE) EXCHANGE-TRADED PUT OPTIONS ON HIIQ CLASS A COMMON STOCK BETWEEN AUGUST 4, 2017 AND SEPTEMBER 11, 2017, YOUR RIGHTS MAY BE AFFECTED BY THE SETTLEMENT OF THIS LITIGATION. IF YOU ARE A SETTLEMENT

---

[1]     Health Insurance Innovations is now known as Benefytt Technologies, Inc.

Page 1 of 3

CLASS MEMBER AND DO NOT TIMELY REQUEST EXCLUSION IN CONNECTION WITH THE PROPOSED SETTLEMENT, YOU WILL BE BOUND BY THE TERMS OF ANY JUDGMENT ENTERED IN THE LITIGATION, WHETHER OR NOT YOU SUBMIT A PROOF OF CLAIM AND RELEASE FORM.

If you have not received a detailed Notice of (I) Proposed Settlement and Plan of Allocation; (II) Settlement Hearing; and (III) Motion for Award of Attorneys' Fees and Reimbursement of Litigation Expenses ("Notice"), you may obtain copies by writing to *In re Health Insurance Innovations Securities Litigation*, c/o Epiq Class Action & Claims Solutions, Inc., P.O. Box 2838, Portland, OR 97208-2838 or at www.HIIQSecuritiesLitigation.com. If you are a Settlement Class Member, in order to share in the distribution of the Net Settlement Fund, you must submit a Proof of Claim and Release form by mail (***postmarked no later than_____, 2020***) or submitted electronically ***no later than_____, 2020***, establishing that you are entitled to recovery. A Proof of Claim and Release form is being sent with this Notice. If you are a Settlement Class Member and need an additional Proof of Claim and Release form, you may obtain copies by writing to *In re Health Insurance Innovations Securities Litigation*, c/o Epiq Class Action & Claims Solutions, Inc., P.O. Box 2838, Portland, OR 97208-2838 or at www.HIIQSecuritiesLitigation.com.

If you do not wish to be included in the Settlement Class and you do not wish to participate in the proposed Settlement, you may request to be excluded, in the manner set forth in the full Notice, no later than **[OPT OUT DEADLINE]**.

If you are a Settlement Class Member, you have the right to object to the Settlement, the Plan of Allocation, or the fee and expense applications, or otherwise request to be heard. To object, you may submit a written objection in accordance with the procedures described in the more detailed Notice, referred to above, and/or you may appear at the hearing described above. Any written objection must be ***received no later than _____, 2020***, and delivered to: (a) the Clerk of the Court, Sam M. Gibbons United States Courthouse, United States District Court for the Middle District of Florida, 801 North Florida Avenue, Tampa, FL 33602; (b) Ramzi Abadou, Kahn Swick & Foti LLC, 1100 Poydras Street, Suite 3200, New Orleans, LA 70163; and (c) Robert F. Serio, Gibson, Dunn & Crutcher LLP, 200 Park Avenue, New York, NY 10166-0193. Note that the Court can only approve or deny the Settlement, not change the terms of the Settlement.

The procedures that MUST be followed for Settlement Class Members to request exclusion from the Settlement Class or to object to the Settlement, the Plan of Allocation and/or applications for fees and expenses are set forth in full in the Notice, referred to above.

**PLEASE DO NOT CONTACT THE COURT, THE CLERK'S OFFICE OR HIIQ REGARDING THIS NOTICE.** If you have any questions about the Settlement, you may contact Lead Counsel at the addresses listed below:

| Alayne K. Gobeille |
| :---: |
| **KAHN SWICK & FOTI, LLC** |
| 1100 Poydras Street, Suite 3200 |
| New Orleans, LA 70130 |

| |
|---|
| (504) 455-1400 |
| www.ksfcounsel.com |

This is only a summary notice.  Copies of the full notice may be requested as described above.

Dated: _____, 2020          By Order of the Clerk of Court
                                      United States District Court
                                      Middle District of Florida

# EXHIBIT A-3

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA

IN RE HEALTH INSURANCE INNOVATIONS
SECURITIES LITIGATION

Case No.: 8:17-cv-02186-TPB-SPF

**Deadline for Submission:  _____, 2020**

If you purchased or otherwise acquired Health Insurance Innovations, Inc. ("HIIQ") Class A Common Stock (trading symbol HIIQ) or exchange-traded call options on HIIQ Class A Common Stock, or sold (wrote) exchange-traded put options on HIIQ Class A Common Stock between August 4, 2017 and September 11, 2017, inclusive, you could get a payment from a class action settlement.

IF YOU ARE A SETTLEMENT CLASS MEMBER, YOU MUST COMPLETE AND SUBMIT THIS FORM IN ORDER TO BE ELIGIBLE FOR ANY SETTLEMENT BENEFITS.

IF YOU ARE A SETTLEMENT CLASS MEMBER AND DO NOT TIMELY REQUEST EXCLUSION IN CONNECTION WITH THE PROPOSED SETTLEMENT, YOU WILL BE BOUND BY THE TERMS OF ANY JUDGMENT ENTERED IN THE LITIGATION, WHETHER OR NOT YOU SUBMIT A PROOF OF CLAIM AND RELEASE.

YOU MUST COMPLETE AND SIGN THIS PROOF OF CLAIM AND RELEASE AND MAIL IT BY FIRST CLASS MAIL, POSTMARKED NO LATER THAN _____, 2020 TO THE FOLLOWING ADDRESS:

*In re Health Insurance Innovations Securities Litigation*
c/o Epiq Class Action & Claims Solutions, Inc.
P.O. Box 2838
Portland, OR 97208-2838
www.HIIQSecuritiesLitigation.com

YOUR FAILURE TO SUBMIT YOUR CLAIM BY _____, 2020, WILL SUBJECT YOUR CLAIM TO REJECTION AND PRECLUDE YOUR RECEIVING ANY MONEY IN CONNECTION WITH THE SETTLEMENT OF THIS ACTION. DO NOT MAIL OR DELIVER YOUR CLAIM TO THE COURT OR TO ANY OF THE PARTIES OR THEIR COUNSEL AS ANY SUCH CLAIM WILL BE DEEMED NOT TO HAVE BEEN SUBMITTED. SUBMIT YOUR CLAIM ONLY TO THE CLAIMS ADMINISTRATOR.

### CLAIMANT'S STATEMENT

1. I (we) purchased or otherwise acquired HIIQ Class A Common Stock or exchange-traded call options on HIIQ Class A Common Stock, or sold (wrote) exchange-traded put options on HIIQ Class A Common Stock and was (were) damaged thereby. (Do not submit this Proof of Claim and Release if you did not transact in HIIQ Securities during the designated Class Period).

2.  By submitting this Proof of Claim and Release, I (we) state that I (we) believe in good faith that I am (we are) a Settlement Class Member as defined above and in the Notice of Pendency and Proposed Settlement of Class Action (the "Notice"), or am (are) acting for such person(s); that I am (we are) not a Defendant in the Actions or anyone excluded from the Settlement Class; that I (we) have read and understand the Notice; that I (we) believe that I am (we are) entitled to receive a share of the Net Settlement Fund, as defined in the Notice; that I (we) elect to participate in the proposed Settlement described in the Notice; and that I (we) have not filed a request for exclusion. (If you are acting in a representative capacity on behalf of a Settlement Class Member [e.g., as an executor, administrator, trustee, or other representative], you must submit evidence of your current authority to act on behalf of that Settlement Class Member. Such evidence would include, for example, letters testamentary, letters of administration, or a copy of the trust documents.)

3.  I (we) consent to the jurisdiction of the Court with respect to all questions concerning the validity of this Proof of Claim and Release. I (we) understand and agree that my (our) claim may be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided that such investigation and discovery shall be limited to my (our) status as a Settlement Class Member(s) and the validity and amount of my (our) claim. No discovery shall be allowed on the merits of the Litigation or Settlement in connection with processing of the Proof of Claim and Release.

4.  I (we) have set forth where requested below all relevant information with respect to each purchase of HIIQ Securities during the Class Period, and each sale, if any. I (we) agree to furnish additional information to the Claims Administrator to support this claim if requested to do so.

5.  I (we) have enclosed photocopies of the stockbroker's confirmation slips, stockbroker's statements, or other documents evidencing each purchase, sale or retention of HIIQ Securities listed below in support of our claim. (IF ANY SUCH DOCUMENTS ARE NOT IN YOUR POSSESSION, PLEASE OBTAIN A COPY OR EQUIVALENT DOCUMENTS FROM YOUR BROKER BECAUSE THESE DOCUMENTS ARE NECESSARY TO PROVE AND PROCESS YOUR CLAIM.)

6.  I (we) understand that the information contained in this Proof of Claim and Release is subject to such verification as the Claims Administrator may request or as the Court may direct, and I (we) agree to cooperate in any such verification. (The information requested herein is designed to provide the minimum amount of information necessary to process most simple claims. The Claims Administrator may request additional information as required to efficiently and reliably calculate your recognized claim. In some cases, the Claims Administrator may condition acceptance of the claim based upon the production of additional information, including, where applicable, information concerning transactions in any derivatives securities such as options.)

7.  By signing this Proof of Claim and Release, and in consideration of the establishment of the Net Settlement Fund, as of the occurrence of the Effective Date (as defined in the Notice), I (we) agree and acknowledge that my (our) signature(s) hereto shall effect and constitute a full and complete release, remise and discharge by me (us) and my (our) heirs, joint tenants, tenants in common, beneficiaries, executors, administrators, predecessors, successors, attorneys, insurers and assigns (or, if I am (we are) submitting this Proof of Claim and Release on behalf of a corporation, a partnership, estate or one or more other persons, by it, him, her or them, and by its, his, her or their heirs, executors, administrators, predecessors, successors, and assigns) of each of the "Released Claims," as defined in the Notice, including any and all claims, rights, demands, obligations, damages, actions or causes of action, or liabilities whatsoever, of every nature and description, whether known or unknown, (including "Unknown Claims" as defined in the Notice and below), whether arising under federal, state, common or foreign law or regulation, that arise out of or relate in any way to the purchase or sale of HIIQ Securities during the Class Period and the acts, facts, statements, or omissions that were or could have been alleged or asserted by Lead Plaintiff or any member of the Settlement Class in the

action or in any other action in any court or forum against any of the Released Persons (as defined in the Notice).

"Unknown Claims" means any and all Released Claims that Lead Plaintiff or any member of the Settlement Class does not know or suspect to exist in his, her, or its favor at the time of the release of the Released Persons, which if known by him, her or it might have affected his, her or its settlement with and release of the Released Parties or might have affected his, her or its decision not to object to the settlement or not exclude himself, herself, or itself from the Settlement Class. Lead Plaintiff and every member of the Settlement Class expressly waive, and by operation of the final judgment shall be deemed to have waived, to the fullest extent permitted by law, any and all provisions, rights and benefits conferred by California Civil Code §1542 (to the extent applicable), and any laws of any state or territory of the United States, or principle of common law, or the law of any foreign jurisdiction, that is similar, comparable or equivalent to California Civil Code §1542, which provides:

A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

Lead Plaintiff acknowledges, and every member of the Settlement Class by law and operation of the Order and Final Judgment shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Released Claims was separately bargained for and was a material element of the settlement.

8.   NOTICE REGARDING ELECTRONIC FILES: Certain claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files. All Claimants MUST submit a manually signed paper Proof of Claim and Release form listing all their transactions whether or not they also submit electronic copies. If you wish to file your claim electronically, you must contact the Claims Administrator at 888-396-9602 or visit their website at www.HIIQSecuritiesLitigation.com to obtain the required file layout. No electronic files will be considered to have been properly submitted unless the Claims Administrator issues to the Claimant a written acknowledgment of receipt and acceptance of electronically submitted data.

**PART I - CLAIMANT INFORMATION**

| Beneficial Owner's First Name | MI | Beneficial Owner's Last Name |
|---|---|---|

| Co-Beneficial Owner's First Name | MI | Co-Beneficial Owner's Last Name |
|---|---|---|

| Entity Name (if claimant is not an individual) |
|---|

| Representative or Custodian Name (if different from Beneficial Owner(s) listed above) |
|---|

| Address 1: |
|---|

| Address 2: |
|---|

| City | State | ZIP |
|---|---|---|

| Foreign Province | Foreign Country |
|---|---|

| Day Phone | Evening Phone |
|---|---|

| Email Address |
|---|

| Account Number: |
|---|

Specify one of the following:

☐ Individual(s) ☐ Corporation   ☐ UGMA Custodian   ☐ IRA ☐ Partnership   ☐ Estate
☐ Trust
☐ Other

Enter Taxpayer Identification Number below for the Beneficial Owner(s).
Social Security No. (for individuals)        or    Taxpayer Identification No.
                                                   (for estates, trusts, corporations, etc.)

**PART II - TRANSACTIONS IN HIIQ CLASS A COMMON STOCK (HIIQ)**

**Beginning Holdings:**
A.  State the total number of shares of HIIQ Class A Common Stock (HIIQ)
     owned at the close of trading on August 4, 2017, long or short (*must be documented*).

*Continued on next page…*

-4-

**Purchases:**

B.  Separately list each and every purchase of HIIQ Class A Common Stock (HIIQ) during the period from August 4, 2017 and December 8, 2017, inclusive, and provide the following information (*must be documented)*:

| Trade Date (List Chronologically) (Month/Day/Year) | Number of HIIQ Class A Common Stock (HIIQ) Purchased | Price | Total Cost (Excluding Commissions, Taxes, and Fees) | Transaction Type (P/R)* |
|---|---|---|---|---|
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |

*P – Purchase, R – Received (Transfer-In)

**Sales:**

C.  Separately list each and every sale of HIIQ Class A Common Stock (HIIQ) during the period from August 4, 2017 and December 8, 2017, inclusive and provide the following information (*must be documented*):

| Trade Date (List Chronologically) (Month/Day/Year) | Number of HIIQ Class A Common Stock (HIIQ) Purchased | Price | Amount Received (Excluding Commissions, Taxes, and Fees) | Transaction Type (S/D)* |
|---|---|---|---|---|
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |

*S – Sale, D – Delivery (Transfer-Out)

**Ending Holdings:**

D.  State the total number of HIIQ Class A Common Stock (HIIQ) owned at the close of trading on December 8, 2017, long or short (*must be documented).*

**If additional space is needed, attach separate, numbered sheets, giving all required information, substantially in the same format, and print your name and Social Security or Taxpayer Identification number at the top of each sheet.**

*Continued on next page*

-5-

## PART III – SCHEDULE OF TRANSACTIONS IN HIIQ CLASS A COMMON STOCK CALL OPTIONS:

A.  At the beginning of trading on August 4, 2017, the following Call Options on HIIQ Class A Common Stock were owned:

| Date of Transaction (MMDDY) | No. of Contracts | Expiration (MMYY) | Strike Price | Purchase Price Per Contract | Amount Paid, Excluding Taxes, Fees & Commissions | [X]Expired [E]xercised | Exercised Date (MMDDYY) |
|---|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |

B.  **Purchases:**  Purchases, including by way of exchange, conversion, or otherwise from August 4, 2017 to December 8, 2017, inclusive, of Call Options on HIIQ Class A Common Stock (*must be documented*):

| Date of Transaction (MMDDY) | No. of Contracts | Expiration (MMYY) | Strike Price | Purchase Price Per Contract | Amount Paid, Excluding Taxes, Fees & Commissions | [X]Expired [E]xercised | Exercised Date (MMDDYY) |
|---|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |

C.  **Sales:**  Sales of Call Options on HIIQ Class A Common Stock in which Call Options were purchased between August 4, 2017 and December 8, 2017, inclusive (*must be documented*):

| Date of Transaction: (mm/dd/yyyy) | No. of Option Contracts | Expiry Date: (mm/yy) | Strike Price: | Sale Price Per Option Contract | Amount Received, Exclusive of Taxes, Fees & Commissions |
|---|---|---|---|---|---|
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |

D.  At the beginning of trading on December 8, 2017 the following Call Options written on HIIQ Class A Common Stock were open:

| No. of Contracts | Expiration (MMYY) | Strike Price | Price Per Contract | Amount Received, Excluding Taxes, Fees & Commissions | [X]Expired [E]xercised | Exercised Date (MMDDYY) |
|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |

**If additional space is needed, attach separate, numbered sheets, giving all required information, substantially in the same format, and print your name and Social Security or Taxpayer Identification number at the top of each sheet.**                    *Continued on next page*

**PART IV – SCHEDULE OF TRANSACTIONS IN HIIQ CLASS A COMMON STOCK PUT OPTIONS:**

A.   At the beginning of trading on August 4, 2017, the following Put Options on HIIQ Class A Common Stock were owned:

| Date of Transaction (MMDDY) | No. of Contracts | Expiration (MMYY) | Strike Price | Purchase Price Per Contract | Amount Paid, Excluding Taxes, Fees & Commissions | [X]Expired [A]ssigned | Assign Date (MMDDYY) |
|---|---|---|---|---|---|---|---|
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

B.   **Sales:**  Written (sold) Put Options on HIIQ Class A Common Stock from August 4, 2017 to December 8, 2017, inclusive (*must be documented*):

| Date of Writing/Sale (MMDDY) | No. of Contracts | Expiration (MMYY) | Strike Price | Sale Price Per Contract | Amount Received, Excluding Taxes, Fees & Commissions | [X]Expired [A]ssigned | Assign Date (MMDDYY) |
|---|---|---|---|---|---|---|---|
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

C.   **Purchases:**  Purchases of Put Options on HIIQ Class A Common Stock that were written between August 4, 2017 and December 8, 2017, inclusive (*must be documented*):

| Date of Transaction: (mm/dd/yyyy) | No. of Option Contracts | Expiry Date: (mm/yy) | Strike Price: | Price Paid Per Option Contract | Aggregate Cost, Exclusive of Taxes, Fees & Commissions |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

D.   At the beginning of trading on December 8, 2017 the following Put Options written on  HIIQ Class A Common Stock were open:

| No. of Contracts | Expiration (MMYY) | Strike Price | Price Per Contract | Amount Received, Excluding Taxes, Fees & Commissions | [X]Expired [A]ssigned | Exercised Date (MMDDYY) |
|---|---|---|---|---|---|---|
| | | | | | | |
| | | | | | | |
| | | | | | | |

**If additional space is needed, attach separate, numbered sheets, giving all required information, substantially in the same format, and print your name and Social Security or Taxpayer Identification number at the top of each sheet**. *Continued on next page*

**Certification**

UNDER THE PENALTIES OF PERJURY, I (WE) CERTIFY THAT ALL OF THE INFORMATION I (WE) PROVIDED ON THIS PROOF OF CLAIM AND RELEASE FORM IS TRUE, CORRECT AND COMPLETE.  BY EXECUTING THIS CERTIFICATION, I (WE) ACKNOWLEDGE AND AGREE TO BE BOUND BY THE RELEASE SET FORTH IN THE NOTICE AND DESCRIBED IN PARAGRAPH 7 OF CLAIMANT'S STATEMENT ABOVE.

I (We) further certify that I am (we are) NOT subject to backup withholding under the provisions of Section 3406 (a)(1)(c) of the Internal Revenue Code because: (a) I am (We are) exempt from backup withholding, or (b) I (We) have not been notified by the I.R.S. that I am (we are) subject to backup withholding as a result of a failure to report all interest or dividends, or (c) the I.R.S. has notified me (us) that I am (we are) no longer subject to backup withholding.

NOTE: If you have been notified by the I.R.S. that you are subject to backup withholding, please strike out the language that you are not subject to backup withholding in the certification above.

Signature of Claimant (If this claim is being made on behalf of Joint Claimants, then each must sign)

_____
(Signature)

_____
(Signature)

_____
(Capacity of person(s) signing, e.g. beneficial purchaser(s), executor, administrator, trustee, etc.) (See Item 2 on Page 2 for instructions)

Date: _____

**THIS PROOF OF CLAIM AND RELEASE MUST BE SUBMITTED NO LATER THAN _____, 2020, AND MUST BE MAILED TO:**

*In re Health Insurance Innovations Securities Litigation*
c/o Epiq Class Action & Claims Solutions, Inc.
P.O. Box 2838
Portland, OR 97208-2838
www.HIIQSecuritiesLitigation.com

A Proof of Claim and Release received by the Claims Administrator shall be deemed to have been submitted when posted, if mailed by _____, 2020, and if a postmark is indicated on the envelope and it is mailed first class and addressed in accordance with the above instructions. In all other cases, a Proof of Claim and Release shall be deemed to have been submitted when actually received by the Claims Administrator.

## REMINDER CHECKLIST

o   Please be sure to sign this Proof of Claim and Release.  If this Proof of Claim and Release is submitted on behalf of joint claimants, then both claimants must sign.

o   Please remember to attach supporting documents. Do NOT send any stock certificates. Keep copies of everything you submit.

o   Do NOT use highlighter on the Proof of Claim and Release or any supporting documents.

o   If you move after submitting this Proof of Claim and Release, please notify the Claims Administrator of the change in your address.

# EXHIBIT B

**UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

IN RE HEALTH INSURANCE INNOVATIONS
SECURITIES LITIGATION

Case No. 8:17-cv-02186-TPB-SPF

## [PROPOSED] FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE

This matter came before the Court for hearing pursuant to this Court's Order Granting Preliminary Approval of Settlement dated _____, 2020 ("Preliminary Approval Order"), on the application of the Settling Parties for approval of the Settlement set forth in the Stipulation of Settlement dated June 22, 2020 (the "Stipulation"), and following a hearing on _____, 2020 before this Court to consider the applications of the Settling Parties. The Court having considered all papers filed and proceedings held herein, and having received declarations attesting to the mailing of the Notice and the publication of the Summary Notice in accordance with the Preliminary Approval Order, and good cause appearing therefore,

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that:

1.      This Judgment incorporates by reference the definitions in the Stipulation, and all capitalized terms used herein shall have the same meanings set forth in the Stipulation unless set forth differently herein.

2.      This Court has jurisdiction over the subject matter of the Action and over all

1

parties to the Action, including Settlement Class Members.

3.      The Court hereby finds that the distribution of the Notice of Pendency and Proposed Settlement of Class Action and the publication of the Summary Notice as provided for in the Preliminary Approval Order constituted the best notice practicable under the circumstances – including individual notice to all Settlement Class Members who could be identified through reasonable effort – of those proceedings and of the matters set forth therein, including the proposed Settlement, to all Persons entitled to such notice, and said notice fully satisfied the requirements of Federal Rule of Civil Procedure 23, the requirements of due process, and any other applicable law.

4.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court hereby grants final certification of the Settlement Class consisting of all Persons or entities who purchased or otherwise acquired HIIQ Class A Common Stock (trading symbol HIIQ) or exchange-traded Call Options on HIIQ Class A Common Stock, and all Persons who sold (wrote) exchange-traded Put Options on HIIQ Class A Common Stock between August 4, 2017 and September 11, 2017, inclusive. Excluded from the Settlement Class are Defendants, all current or former directors and officers of Health Insurance Innovations, Inc., each of their respective family members, and any affiliates controlled or owned by any of these excluded individual and/or entities. Also excluded from the Settlement Class are those Persons who timely and validly request exclusion from the Settlement Class pursuant to the Notice sent to potential Settlement Class Members as provided in the Court's Preliminary Approval Order. A list of such Persons who filed timely, completed and valid requests for exclusion from the Settlement Class is attached hereto as Exhibit 1.

5.     With respect to the Settlement Class, the Court finds that, solely for purposes of effectuating the Settlement, the prerequisites for a class action under Rules 23(a) and (b)(3) have been satisfied. The members of the Settlement Class are so numerous that joinder of all Settlement Class Members in the class action is impracticable and there are questions of law and fact common to the Settlement Class which predominate over any individual questions. The claims of Lead Plaintiff are typical of the claims of the Settlement Class and Lead Plaintiff and his counsel have fairly and adequately represented and protected the interests of the Settlement Class Members. A class action is also superior to other available methods for the fair and efficient adjudication of the controversy, considering: (a) the interests of the members of the Settlement Class in individually controlling the prosecution of the separate actions; (b) the extent and nature of any litigation concerning the controversy already commenced by members of the Settlement Class; (c) the desirability or undesirability of continuing the litigation of these claims in this particular forum; and (d) the difficulties likely to be encountered in the management of the class action.

6.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for purposes of settlement only, Lead Plaintiff Robert Rector is certified as representative for the Settlement Class and Lead Counsel Kahn Swick & Foti, LLC is appointed as class counsel for the Settlement Class.

7.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby approves the Settlement and finds that said Settlement, and all transactions preparatory and incident thereto, is, in all respects, fair, reasonable, adequate to, and in the best interests of, the Lead Plaintiff, the Settlement Class, and each of the Settlement Class Members, based on,

3

among other things: the Settlement resulted from arm's-length negotiations between the Settling Parties and/or their counsel; the amount of the recovery for Settlement Class Members being within the range of reasonableness given the strengths and weaknesses of the claims and defenses thereto and the risks of non-recovery and/or recovery of a lesser amount than is represented through the Settlement by continued litigation through all pretrial, trial and appellate procedures; the recommendation of the Settling Parties. All objections to the proposed Settlement, if any, are overruled in their entirety. Accordingly, the Settlement is hereby approved in all respects and shall be consummated in accordance with its terms and provisions. The Parties are hereby directed to perform the terms of the Stipulation.

8.     Pursuant to Federal Rule of Civil Procedure 23(c)(3), all Settlement Class Members who have not filed timely, completed and valid requests for exclusion from the Settlement Class are thus Settlement Class Members who are bound by this Order and Final Judgment and by the terms of the Stipulation.

9.     Except as to any individual claim of those Persons who validly and timely requested exclusion from the Settlement Class, the Action and all claims contained therein, as well as all of the Released Claims, are dismissed with prejudice as against each and all of the Released Persons, including all Defendants. Lead Plaintiff and the Settlement Class will not make applications against any Released Person, and Defendants will not make applications against Lead Plaintiff or the Settlement Class, for fees, costs, or sanctions pursuant to Rule 11, Rule 37, Rule 45 or any other court rule or statute, with respect to any claims or defenses in this Action or to any aspect of the institution, prosecution, or defense of this Action.

10.    Upon the Effective Date, each and all of the Settlement Class Members

(including Lead Plaintiff) and anyone claiming through or on behalf of any of them, and Plaintiff's Counsel shall be deemed to have, and by operation of the Order and Final Judgment shall have, fully, finally, and forever waived, released, relinquished, discharged, and dismissed all Released Claims against all Released Persons, and shall forever be barred and enjoined from commencing, instituting, intervening in or participating in, prosecuting or continuing to prosecute any action or other proceeding in any court of law or equity, arbitration tribunal, or administrative forum, or other forum of any kind or character (whether brought directly, in a representative capacity, derivatively, or in any other capacity), that asserts any of the Released Claims against any of the Released Persons, regardless of whether such Settlement Class Member executed and delivered a Proof of Claim and Release, and whether or not such Settlement Class Member shares in the Settlement Fund. All Settlement Class Members (including Lead Plaintiff) are bound by paragraph 5.1 of the Stipulation and are hereby forever barred and enjoined from taking any action in violation of that provision.

11.     Upon the Effective Date, each of the Defendants shall be deemed to have, and by operation of the Order and Final Judgment shall have, fully, finally, and forever released, relinquished, and discharged Lead Plaintiff, each and all of the Settlement Class Members, and Plaintiff's Counsel from all Settled Defendants' Claims, and shall be forever barred and enjoined from commencing, instituting, intervening in or participating in, prosecuting or continuing to prosecute any action or other proceeding in any court of law or equity, arbitration tribunal, or administrative forum, or other forum of any kind or character (whether brought directly, in a representative capacity, derivatively, or in any other capacity), that asserts any of the Settled Defendants' Claims against Lead Plaintiff, each and all of the Settlement Class

Members, and Plaintiff's Counsel.

12.     The terms of 15 U.S.C. § 78u-4(f)(7) shall apply to this Settlement, including that any person is permanently barred, enjoined, and restrained from commencing, prosecuting, or asserting any Barred Claims against any of the Released Persons, whether as claims, cross-claims, counterclaims, third-party claims, or otherwise, and whether asserted in the Litigation or any other proceeding, in this Court, in any federal or state court, or in any other court, arbitration proceeding, administrative agency, or other forum in the United States or elsewhere. This bar order shall be the broadest permitted under 15 U.S.C. § 78u-4(f)(7), but shall not release any claim by Defendants for insurance coverage, nor shall it bar shareholder derivative claims to the extent such derivative claims are permitted under the terms of ¶1.19 of the Stipulation of Settlement.

13.     Neither the Plan of Allocation submitted by Lead Counsel nor any portion of this Order regarding the attorneys' fee and expense application shall in any way disturb or affect the finality of any other portion of this Order and Final Judgment, nor delay the Effective Date of the Stipulation, and each shall be considered separate for the purposes of appellate review of this Order and Final Judgment.

14.     Neither the Stipulation nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (a) is or may be deemed to be or may be used as an admission of, concession or evidence of, the validity of any Released Claim, the truth of any fact alleged in the Action, the deficiency of any defense that has been or could have been asserted in the Action, any damages allegedly suffered by Lead Plaintiff, the Settlement Class, or anyone else, or of any alleged

wrongdoing, liability, negligence, or fault of any Released Person; or (b) is or may be deemed to be or may be used as an admission, concession or evidence of, any fault or misrepresentation or omission of, including with respect to any statement or written document attributed to, approved or made by, any Released Person in any civil, criminal, administrative, or other proceeding before any court, administrative agency, arbitration tribunal, or other body; or (c) is admissible in any proceeding except an action to enforce or interpret the terms of the Stipulation, the Settlement contained therein, and any other documents executed in connection with the performance of the agreements embodied therein. Any Released Person may file the Stipulation and/or the Order and Final Judgment in any other action or other proceeding that may be brought against them in order to support a defense, argument, or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense, argument, or counterclaim.

15. Without affecting the finality of this Order and Final Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of this Settlement; (b) disposition of the Settlement Fund; (c) all Parties hereto for the purpose of construing, enforcing and administering the Stipulation and this Order and Final Judgment; (d) any other matters related to finalizing the Settlement and distribution of the proceeds of the Settlement.

16. After completion of the processing of all claims by the claims administrator, the Escrow Agent shall disburse the Net Settlement Fund in accordance with the Stipulation and Plan of Allocation without further order of this Court.

17. The Court finds that, during the course of the Action, the parties and their

respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

18.     Pursuant to and in full compliance with Rule 23 of the Federal Rules of Civil Procedure, the Court finds and concludes that due and adequate notice was directed to all Settlement Class Members advising them: (a) that Lead Counsel would seek an award of attorneys' fees of up to 33 1/3% of the Settlement Fund and reimbursement of expenses incurred in connection with the prosecution of the Action not to exceed $315,000.00; and (b) that Settlement Class Members had a right to object to such application(s). A full and fair opportunity was given to all Persons who are Settlement Class Members to be heard with respect to the application for the award of attorneys' fees and expenses. The Court finds and concludes that the requested fee award is reasonable and awards attorneys' fees of _____% percent of the Settlement Fund, plus reimbursement of expenses in the amount of $_____, both to be paid from the Settlement Fund pursuant to the terms of the Stipulation within 5 business days after entry of this Order.

19.     Pursuant to and in full compliance with Rule 23 of the Federal Rules of Civil Procedure, the Court finds and concludes that due and adequate notice was directed to all Settlement Class Members advising them of the Plan of Allocation and of their right to object, and a full and fair opportunity was given to all Settlement Class Members to be heard with respect to the Plan of Allocation. The Court finds that the formula for the calculation of the claims of Authorized Claimants, which is set forth in the Notice sent to Settlement Class Members, provides a fair and reasonable basis upon which to allocate among Settlement Class Members the proceeds of the Settlement Fund established by the Stipulation, with due

consideration having been given to administrative convenience and necessity. The Court hereby finds and concludes that the Plan of Allocation set forth in the Notice is in all respects fair and reasonable and the Court hereby approves the Plan of Allocation.

20.     The Court hereby dismisses with prejudice this Action in its entirety and all Released Claims against each and all Released Persons without costs as to any of the Settling Parties as against the others.

21.     In the event that the Settlement does not become Final in accordance with the terms of the Stipulation or the Effective Date does not occur, this Order and Final Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated. In such event, all orders entered, and releases delivered in connection herewith shall also be null and void to the extent provided by and in accordance with the Stipulation.

22.     This Order and Final Judgment is a final judgment in the Action as to all claims asserted. The Court finds, for purposes of Rule 54(b) of the Federal Rules of Civil Procedure, that there is no just reason for delay in the entry of this Order and Final Judgment and expressly directs immediate entry of judgment by the Clerk of the Court as set forth herein.


DATED: _____     _____
                            THE HONORABLE THOMAS P. BARBER
                            UNITED STATES DISTRICT JUDGE

**<u>Exhibit 1</u>** – Exclusions from Settlement Class