**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

IN RE HEALTH INSURANCE
INNOVATIONS SECURITIES                  Case No. 8:17-cv-2186-TPB-SPF
LITIGATION
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

This matter is before the Court on the report and recommendation of Sean P. Flynn, United States Magistrate Judge. (Doc. 183). Lead Plaintiff Robert Rector alleges, among other things, that Defendants Health Insurance Innovations, Inc. ("HIIQ" or the "Company") and its Chief Financial Officer Michael D. Hershberger (collectively, "Defendants") violated federal securities laws by failing to disclose facts regarding the Company's unsuccessful application for its third-party administrator license with the Florida Office of Insurance Regulation and the risks these facts posed to the Company's business, prospects, and operations. Lead Plaintiff further alleges that these material misstatements or omissions in HIIQ's public filings, press releases, or other public statements resulted in the prices of HIIQ securities to be artificially inflated, causing investors to suffer damages.

The parties reached a settlement and now move for final approval of their settlement agreement and dismissal of the litigation on a class-action basis. *See* (Doc. 166). Judge Flynn recommends the motion be granted. Lead counsel has also moved for an award of attorney's fees and reimbursement of reasonable costs and expenses (Doc. 167), which Judge Flynn recommends be granted. The pending motions are unopposed.

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify the magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); 718 F.2d 198, 199 (4th Cir. 1983); *Williams v. Wainwright*, 681 F.2d 732 (11th Cir. 1982). A district court must "make a de novo determination of those portions of the [report and recommendation] to which an objection is made." 28 U.S.C. § 636(b)(1)(C). When no objection is filed, a court reviews the report and recommendation for clear error. *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006); *Nettles v. Wainwright*, 677 F.2d 404, 409 (5th Cir. 1982).

After careful consideration of the record, including Judge Flynn's report and recommendation, the Court adopts the report and recommendation. The Court agrees with Judge Flynn's detailed and well-reasoned factual findings and legal conclusions, including that the purported class meets all of the Rule 23(a) prerequisites and satisfies Rule 23(b)(3); that the notice to the class was reasonable and the best notice practicable; and that the Settlement Agreement Is fair, reasonable, and adequate. The Court also agrees with Judge Flynn that an award of $924,000 (or 33%) of the Settlement Fund is reasonable under the circumstances of this case, and that Class Counsel is entitled to his claimed expenses totaling $245,631.85, plus interest. In addition, the Court agrees that an incentive award of $3,125 to Mr. Rector as the Lead Plaintiff is reasonable, consistent with the incentive awards approved in other class actions in this district, and adequately recognizes his efforts to obtain recovery for the Settlement Class.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

1. The report and recommendation (Doc. 183) is **AFFIRMED** and **ADOPTED** and **INCORPORATED BY REFERENCE** into this Order for all purposes, including appellate review.

2. Lead Plaintiff Robert Rector's Unopposed Motion for (1) Final Approval of Settlement and (2) Plan of Allocation (Doc. 166) is hereby **GRANTED**.

3. Lead Counsel's Unopposed (1) Motion for Award of Attorneys' Fees and Reimbursement of Expenses and (2) Lead Plaintiff's Request for Reimbursement of Reasonable Costs and Expenses (Doc. 167) is hereby **GRANTED**.

4. Consistent with the Court's preliminary class certification, final certification of the Settlement Class is **GRANTED** for the purposes of settlement.

5. The Settlement Agreement is **APPROVED** as a fair, adequate, and reasonable resolution of the class members' claims.

6. Class Counsel is awarded $924,000 in reasonable attorney's fees. Class Counsel is further awarded $245,631.85, plus interest, in reasonable costs. These awards are to be paid from the Settlement Fund.

7. Lead Plaintiff Robert Rector is awarded a service award of $3,125.

8. If the parties wish, they may submit a proposed stipulated form of final judgment or stipulation of dismissal on or before April 30, 2021.

9. The Clerk is **DIRECTED** to terminate any pending motions and deadlines, and thereafter close this case.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this <u>30th</u> day of March, 2021.

 

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**